Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, a Colorado limited liability company,<br><br>Defendants. | Case No. 5:14-CV-00735-LHK-HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER STRIKING DEFENDANT'S OFFER OF JUDGMENT**<br><br>Hearing Date:     August 14, 2014<br>Hearing Time:     1:30 p.m.<br>Hearing Judge:    Lucy H. Koh<br>Hearing Courtroom: 8, 4th Floor<br>Hearing Location: 280 South First Street<br>                  San Jose, California |

COMES NOW Plaintiff, SANDRA LEE JACOBSON (hereinafter "Plaintiff"), by and through her attorneys Fred W. Schwinn and Raeon R. Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz & Associates, Ltd., and hereby submits her <u>Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment</u> filed herein.

/ / /

# I. INTRODUCTION

Plaintiff filed her Class Action Complaint in this case on February 18, 2014, alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA").[1]  On March 28, 2014, Plaintiff filed her First Amended Class Action Complaint, to substitute STRIDE CARD, LLC, for the DOE DEBT BUYER named in the initial Class Action Complaint.[2] Defendant, PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES (hereinafter "Defendant") filed its Answer to Complaint on March 18, 2014.[3]  On or about March 26, 2014, Defendant served Plaintiff's counsel with an Offer of Judgment pursuant to Fed. R. Civ. P. 68 via first-class mail.[4]  Defendant's Offer of Judgment offers a judgment to be taken against Defendant as follows:

> 1. Judgment shall be entered in the amount of three thousand five hundred dollars ($3,500.00) for Plaintiff; and
>
> 2. Reasonable attorneys' fees and costs in connection with Plaintiff's above-referenced action are to be added to the Judgment as against Defendant.  Said fees and costs are to be in an amount as agreed by counsel for the parties or if they are unable to agree, as determined by the Court, upon Motion.
>
> 3. The judgment entered in accordance with this Offer of Judgment is to be in total resolution of any and all claims and allegations by Plaintiff against, implicating or involving Defendant, and said judgment shall have no effect whatsoever except in resolution of those claims.

Defendant's Offer of Judgment contains no relief for the proposed class.  Defendant's Offer of Judgment seeks to "pick off" Plaintiff as the representative plaintiff in this action, possibly mooting Plaintiff's claims and depriving this Court of jurisdiction over this matter and the putative class Plaintiff

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 10.
[4] A true and accurate copy of Defendants' Offer for Judgment is attached hereto and marked as Exhibit "1."

seeks to represent. This tactic has been expressly rejected nationwide by District Courts and Courts of Appeal.[5] For the reasons discussed below, Plaintiff requests that this court strike Defendants' <u>Offer of Judgment</u> and declare it to be of no effect in this case. Should this Court deny Plaintiffs' <u>Motion to Strike</u>, Plaintiff moves, in the alternative, for class certification with briefing to be stayed until the completion of discovery.

## II.  POINTS AND AUTHORITIES

**A. Because a Rule 68 Offer of Judgment Cannot Moot a Class Action Claim, Plaintiff Requests the Court Strike Defendant's Offer of Judgment.**

Federal Rule of Civil Procedure 68 provides in pertinent part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, be it formal or informal. Defendant purports to have served its <u>Offer of Judgment</u> in accordance with Fed. R. Civ. P. 68. However, Plaintiff is not at liberty to accept Defendant's offer because she is the representative plaintiff in this putative class action. A representative plaintiff's limited authority is subject to the review and approval of the Court regarding notice, fairness, adequacy and reasonableness.[6] "[Such a] tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an

---

[5]  *See, e.g.*, *Bretana v. Int'l Collection Corp.*, Case No. C07-5934, 2008 U.S. Dist. LEXIS 79203 (N.D. Cal. June 2, 2008) (Fogel, J.) (granting plaintiff's motion to strike on similar facts), *citing Liles v. Am. Corrective Counseling Servs.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001).

[6]  Fed. R. Civ. P. 23(e)(1)(A); *Weiss v. Regal Collections*, 385 F.3d 337, 349, fn. 21 (3d Cir. 2004) (putative class representative's claim cannot be mooted by Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class relief).

offer to one is not an offer of the entire relief sought by the suit."[7]

"When a putative class action is filed, the putative class representatives are under an obligation to represent the interests of the putative class, even before the action has been certified by the court."[8] Plaintiff has assumed a responsibility to members of the putative class and this Court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed.[9] Hinging the outcome of this motion on whether a motion for class certification has been filed is not sound judicial practice[10] as it would encourage a "race to pay off" named plaintiffs very early in litigation, before they file motions for class certification.[11]   "Permitting defendant to defeat this proposed class action in this manner would invite waste of judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'"[12]

Moreover, Fed. R. Civ. P. 68 is inconsistent with the careful supervision required of the district court under Fed. R. Civ. P. 23(e) because Fed. R. Civ. P. 68 sets a non-discretionary fourteen day limit on the plaintiff's power of acceptance, which is clearly insufficient to consider the merits of the offer, provide notice to the class members and obtain court approval.[13]  "While such an offer might satisfy the individual claim of the class representative, it does not satisfy the claims of the potentially aggrieved

---

[7] *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (citing *Alpern v. UtiliCorp United*, 84 F.3d 1525 (8th Cir. 1996) and *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980)).
[8] *Garo v. Global Credit & Collection Corp.*, 2010 U.S. Dist. LEXIS 134635 at *10-11 (D. Ariz. Dec. 8, 2010).
[9] *Liles*, 201 F.R.D. at 455.
[10] *Id.*
[11] *Id.*
[12] *Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1272 (W.D. Wash. 2010) (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980)).
[13] *Marek v. Chesny*, 473 U.S. 1, 33, fn. 49 (1985) (Brennan, J. dissenting). *See also Clausen*, 827 F. Supp. 2d at 1271 ("Because 'the federal rules do not require certification motions to be filed with the class complaint, nor do they require or encourage premature certification determinations,' the court found it 'appropriate . . . that the class action process should be able to play out according to the directives of Rule 23 and should permit due deliberation by the parties and the court on the class certification issues.'") (quoting *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004)).

members of the putative class that the named plaintiff has voluntarily agreed to represent."[14]

Nor does Fed. R. Civ. P. 68 address the inherent conflict of interest faced by a representative plaintiff to whom an offer of judgment has been made. Although a putative class representative may decide to relinquish his or her representative status and settle the claim, the putative representative "may not be obliged to forfeit her representative status by defendant's offer to her of the maximum individual amount of her claim."[15]   A Fed. R. Civ. P. 68 offer of judgment exposes the representative/offeree to liability for costs and expenses that could not be recouped from unnamed class members.

The Ninth Circuit has held that an unaccepted Rule 68 offer of judgment for the full amount of the named plaintiff's individual claim made before the named plaintiff files a motion for class certification does not moot a class action.[16]  In so ruling, the court invoked the "relation back" doctrine, first set forth by the Supreme Court to preserve the merits of a case for class resolution despite the fact that a named plaintiff's individual claims have become moot prior to certification.[17]  The Ninth Circuit's reasoning is instructive to this issue.

> Invoking the relation back doctrine in this context furthers the purposes of Rule 23. Where the class claims are so economically insignificant that no single plaintiff can afford to maintain the lawsuit on his own, Rule 23 affords the plaintiffs a "realistic day in court" by allowing them to pool their claims. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985); *see also Roper*, 445 U.S. at 339 ("Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device."). A rule allowing a class action to become moot "simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs" before the named plaintiffs have a chance to file a motion for class certification would thus contravene Rule 23's core concern: the aggregation of similar, small, but otherwise doomed claims. *Roper*, 445 U.S. at 339; *see also Weiss*, 385 F.3d at 344 ("[A]llowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months

---

[14]  *Garo*, 2010 U.S. Dist. LEXIS 134635 at *11.
[15]  *Id.*
[16]  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-1092 (9th Cir. 2011).
[17]  *See generally, Sosna v. Iowa*, 419 U.S. 393, 402 (1975).

after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims . . . ."). It would effectively ensure that claims that are too economically insignificant to be brought on their own would never have their day in court. *See Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. 1981) ("[I]n those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage."); *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) ("[T]reating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants 'to essentially opt-out of Rule 23.'" (citation omitted)). And even if it does not discourage potential claimants, it "may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'" *Weiss*, 385 F.3d at 345 (quoting *Roper*, 445 U.S. at 339).[18]

The leading treatise on class actions explains why Fed. R. Civ. P. 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members.[19]

The conflict between the policies behind Rules 23 and 68 has led the vast majority of courts to reject attempts by defendants to subvert a pending class action with a Fed. R. Civ. P. 68 offer. The Third Circuit in *Weiss v. Regal Collections* reasoned,

> As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.
>
> . . .
>
> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action. Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. *See* 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").
>
> . . .
>
> There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. Congress also intended the FDCPA to be self-enforcing by private attorney generals. Representative actions, therefore, appear to be fundamental to

---

[18] *Pitts*, 653 F.3d at 1091.
[19] 5 Newberg on Class Actions § 15.36 at 115 (4th ed. 2002).

the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action. For this reason, defendants' view of the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 would frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity. Alleged violators of federal law would be allowed to tender the statutory amount of damages to a named plaintiff, derailing a putative class action and frustrating the goals and enforcement mechanism of the FDCPA. (some internal citations and quotations omitted).[20]

Another major case in this area is *Greisz v. Household Bank (Illinois), N.A.* In *Greisz*, the Seventh Circuit observed that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the entire relief sought by the suit."[21]

Judgment should be entered against a putative class representative on a defendant's offer of judgment only where class certification has been properly denied and the offer satisfied the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims.[22]

In *Roper v. Consurve, Inc.*,[23] the Fifth Circuit stated the, "notion that a defendant may short-circuit a class action by paying off the class representatives . . . deserves short shrift."

Various District Courts have also reached the same conclusion. "The sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions."[24] In *Jenkins v. General Collection Co.*,[25] the District of Nebraska struck a debt collector's offer of judgment stating: "Since GCC's offer of judgment addressed only Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action." In *Jancik v. Cavalry Portfolio Services,*

---

[20] *Weiss*, 285 F.3d at 344-345.
[21] *Greisz*, 176 F.3d 1012, 1015 (7th Cir. 1999).
[22] *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (citations omitted).
[23] 578 F.2d 1106, 1110 (5th Cir. 1978).
[24] *March v. Medicredit, Inc.*, 2013 U.S. Dist. LEXIS 171126 at *9 (E.D. Mo. Dec. 4, 2013).
[25] 246 F.R.D. 600, 602 (D. Neb. 2007).

*LLC*,[26] the District of Minnesota reasoned that:

> [A]llowing defendants to avoid liability merely by winning the race to the courthouse and by proffering settlement offers that have the effect of denying all putative plaintiffs' claims even before scheduling orders are issued and plaintiffs have the applicable motion deadlines in front of them, would be bad policy and would effectively eviscerate the effectiveness of class actions in cases such as this one.[27]

The *Liles* court, in a case similar to the one here, considered a situation where the defendant made a Fed. R. Civ. P. 68 offer of judgment that was not accepted by the plaintiff/class representative. The defendant then filed a motion to dismiss for lack of subject matter jurisdiction. Denying the defendant's motion the district court held that:

> By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that dismissal does not prejudice putative members.[28]

In *Zeigenfuse v. Apex Asset Mgmt., LLC*,[29] the Eastern District of Pennsylvania analyzed the *Weiss* decision as follows:

> Once a defendant allows a plaintiff to take a judgment against it for all the relief to which he or she may be entitled, there is nothing further to try, and the action becomes moot. At that point, there is no reason for the action to continue.
>
> The *Weiss* court, however, concluded the situation to be quite different when a class action complaint has been filed. If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for class members who individually may have claims too small to sue on their own. *See Phillips Petroleum Co. V. Shultz*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an offer of judgment, could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied. In addition, even if those similarly situated to

---

[26] 2007 U.S. Dist. LEXIS 49500 (D. Minn. July 3, 2007).
[27] *Id.* at *11. *See also, Martin v. Mabus*, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990) ("procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); *Gay v. Waiters' and Dairy Lunchmen's Union*, 86 F.R.D. 500 (N.D. Cal. 1980) (holding Rule 68 inapplicable to class actions).
[28] *Liles*, 201 F.R.D. at 455 (quoting *Roper*, 578 F.2d at 1110).
[29] 239 F.R.D. 400, 401-02 (E.D. Pa. 2006).

the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class action. For all these reasons, [the Third Circuit] in *Weiss* held that Rule 68 cannot be employed to vitiate a putative class representative's claim.

The Eastern District of Pennsylvania stated further:

Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under Weiss, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.[30]

*Weiss* and *Zeigenfuse* are directly on point with the case at bar. Defendant, through the <u>Offer of Judgment</u>, has attempted to "pick off" Plaintiff as the class representative in order to defeat this Court's subject matter jurisdiction over this case. Many courts have previously held, the attempt to "buy off" a putative class representative is in direct contrast to Rule 23. Defendant's <u>Offer of Judgment</u> is an attempt to purchase this representative Plaintiff's cooperation in resolving this case with no recovery for the putative class. Such conduct undermines both Fed. R. Civ. P. 23 and 68. Therefore, Defendant's Offer of Judgment should be stricken and declared to be of no effect in this case.

**B. In the Alternative, Plaintiff Requests the Court Classify this Case as a Class Action and Stay Briefing on Class Certification**

Alternatively, pursuant to Fed. R. Civ. P. 23, Plaintiff moves this Court to enter an Order certifying this case as a class action with briefing stayed until discovery is completed. In the <u>First Amended Class Action Complaint</u> (Doc. 15), Plaintiff seeks to represent a class of similarly situated individuals. The class consists of: (i) all persons with addresses in California; (ii) to whom PERSOLVE

---

[30] *Id.* at 403. *See also Strausser v. ACB Receivables Mgmt.*, No. 06-5109, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. Feb. 12, 2007).

sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of Defendant, STRIDE CARD, LLC; (iii) in an attempt to collect an alleged debt originally owed to Wells Fargo Bank, N.A.; (iv) which was incurred primarily for personal, family, or household purposes (as shown by Defendant's records or the records of the original creditor); (v) which were not returned as undeliverable by the U.S. Post Office; (vi) during the period one year prior to the date of filing this action through the date of class certification.[31]

Although Plaintiff requests this Court to follow the reasoning and holding of the Third Circuit in *Weiss* and to strike Defendant's Offer of Judgment, Plaintiff is cognizant of relevant District Court cases that suggest an alternative course may be prudent in order to prevent the possible mooting of her class claims.[32]  Therefore, Plaintiff makes this request in the alternative to ensure her and the putative class members' interests and claims in this case are preserved.

Fed. R. Civ. P. 23 requires this Court to determine whether to certify this action as a class action "at an early practicable time."  Defendant has forced Plaintiff to request certification at this early stage of the litigation even though it is not yet practicable for this Court to decide the issue.  The first Case Management Conference in this case is scheduled for June 25, 2014.  Neither party has yet served written discovery or initial disclosures.  Therefore, Plaintiff requests that briefing on the issue of class certification be stayed until relevant discovery is completed.

### III. CONCLUSION

Defendant's Offer of Judgment pursuant to Fed. R. Civ. P. 68 seeks to "pick off" the representative plaintiff in this action.  Defendant's Offer of Judgment should be stricken and declared to be of no effect in this case.  Alternatively, Plaintiff requests this Court certify this case as a class action

---

[31] Doc. 15.
[32] *See, e.g., Western Railway Devices Corp. v. Lusida Rubber Products, Inc.*, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 at *6 (N.D. Ill. June 13, 2006) ("a number of judges in this district have . . . uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim.").

1  and to stay the briefing on class certification until discovery reveals information and documents
2  relevant to class certification.

                                                CONSUMER LAW CENTER, INC.

Dated: April 4, 2014                    By: /s/ Fred W. Schwinn
                                                Fred W. Schwinn  (SBN 225575)
                                                Raeon R. Roulston  (SBN 255622)
                                                CONSUMER LAW CENTER, INC.
                                                12 South First Street, Suite 1014
                                                San Jose, California  95113-2418
                                                Telephone Number: (408) 294-6100
                                                Facsimile Number: (408) 294-6190
                                                Email Address: fred.schwinn@sjconsumerlaw.com

                                                O. Randolph Bragg (Pro Hac Vice)
                                                HORWITZ, HORWITZ & ASSOCIATES, LTD.
                                                25 East Washington Street, Suite 900
                                                Chicago, Illinois  60602-1716
                                                Telephone Number: (312) 372-8822
                                                Facsimile Number: (312) 372-1673
                                                Email Address: rand@horwitzlaw.com

                                                Attorneys for Plaintiff
                                                SANDRA LEE JACOBSON