Charles R. Messer (SBN: 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN: 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendant,
PERSOLVE, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, an unknown individual or business entity,<br><br>Defendants | Case No. 5:14-cv-00735-LHK-HRL<br><br>**OPPOSITION TO MOTION FOR ORDER STRIKING DEFENDANT'S OFFER OF JUDGMENT**<br><br>Date:    August 14, 2014<br>Time:   1:30 p.m.<br>Ctrm:   8<br><br>Hon. Lucy H. Koh |

COMES NOW Defendant PERSOLVE, LLC (hereinafter "Defendant"), by and through its counsel of record, and submits its Opposition to Plaintiff SANDRA LEE JACOBSON's ("Plaintiff") Motion to For Order Striking Defendant's Offer of Judgment.

## I. Introduction

On March 26, 2014, Defendant served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer").  Defendant never filed its Rule 68 Offer with this Court.  Regardless, Plaintiff has brought this procedurally improper Motion, seeking to strike a pleading that is not a pleading.  Not once does Plaintiff cite any basis in the Federal Rules of Civil Procedure for her Motion.  Nor does Plaintiff's Motion ever address the fact that Defendant never sought to formally moot Plaintiff's Complaint via the Rule 68 Offer.

These facts distinguish this case from the authorities cited in Plaintiff's Motion, and therefore Plaintiff's cited decisions are irrelevant.  Therefore, as set forth in great detail below, Plaintiff's Motion should be denied.

## II. Plaintiff's Motion to Strike an Unfiled Rule 68 Offer is Procedurally Improper

Motions to strike a generally disfavored.  *Doe v. SuccessfulMatch.com*, 2014 U.S. Dist. LEXIS 53258 at *12 (N.D. Cal. Apr. 16, 2014).  Under the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Doe*, 2014 U.S. Dist. LEXIS 53258 at *12.

However, an offer of judgment is not a "pleading." *See* Fed. R. Civ. P. 7(a); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) ("Rule 7(a) defines 'pleadings' as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer. Anything else is a motion or paper.")  Moreover, Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs[.]"*See* Fed. R. Civ. P. 68(b).

Recognizing that an unfiled Rule 68 offer is not a pleading, the Central District of California has held "[defendant]'s Offer is not a pleading, not '"redundant, immaterial, impertinent, or scandalous,' and has not even been filed with the Court. The Court's analysis of

Torres's Motion to Strike could begin and end there" *See* Order Denying Motion to Strike, *Torres v. Client Services, Inc.*, Case No. 11-01604 VAP-OP at 5. (C.D. Cal. Apr. 3, 2012)(Ex. A to Defendant's Request for Judicial Notice, filed concurrently herewith ("RJN")).

Despite having no basis in the Federal Rules, Plaintiff improperly seeks to strike an unfiled Rule 68 offer. Plaintiff seeks a remedy previously denied by District Courts within the Ninth Circuit. Those courts refused to strike unfiled Rule 68 Offers on the grounds that a motion to strike should be directed at a "filed pleading". *Bogner v. Masari Invs., LLC*, 2009 U.S. Dist. LEXIS 45311 (D. Ariz. May 19, 2009); *Tillman v. Calvary Portfolio Servs., LLC*, 2009 U.S. Dist. LEXIS 18467 (D. Ariz. Feb. 27, 2009).

In *Boger*, just as in this case, Plaintiff sought to strike an unfiled Rule 68 Offer served in a class action. Confirming that such a request is procedurally improper, the District Court stated in pertinent part:

> Because Defendants have not filed the offer of judgment with the Court, there is nothing to strike from the record. Moreover, Plaintiffs have identified no statute or rule authorizing the motion to strike as required by Rule 7.2 of the Court's Local Rules of Civil Procedure. See LRCiv 7.2(m)(2).

*Id.* at *2.

Although the Rule 68 Offer in *Boger* was offered to the entire class, not to plaintiff alone, the import of the Court's decision is clear. There is simply no authority for a motion to strike an unfiled Rule 68 offer. *See also Tilman*, 2009 U.S. Dist. LEXIS 18467 at *8 (denying motion to strike unfiled Rule 68 offer, holding "Defendant correctly notes, a motion to strike is a procedural device that is only appropriate for use against a "pleading.").

### III. Plaintiff's Motion Lacks Authority

As Plaintiff is seeking to apply FRCP 12(f) to Defendant's Rule 68 Offer, Defendant's Rule 68 Offer should be viewed in the light most favorable to Defendant. *See Doe, supra.* As shown below, given this presumption, Plaintiff's motion fails as a matter of law.

A. **The Federal Rules Seek to Promote Settlement**

"Rule 68 offers and acceptances, however, are actively supported by courts. Indeed, the very purpose of Rule 68 is to encourage termination of litigation." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Plaintiff claims that there is a fundamental conflict between Rule 23 and Rule 68, and therefore, this Court should address the conflict by striking Defendant's Rule 68 Offer. As shown below, this argument lacks merit.

B. **The Ninth Circuit Has Suggested That a Plaintiff Can Accept an Offer of Judgment Prior to Certification**

In contrast to the current case, in *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1085 (9th Cir. 2011), the defendant *filed* an unaccepted Rule 68 Offer with the district court in support of a motion to dismiss of lack of subject matter jurisdiction. As acknowledged by Plaintiff (Motion at 5:11-13), the Ninth Circuit in *Pitts* also held "that an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification – does not moot a class action." *Id.* at 1091.

What Plaintiff fails to recognize is that "this language suggests that a plaintiff can accept an offer of judgment made prior to certification, and thus implies that a defendant is permitted to make such an offer." *Torres*, *supra*, at 7. Even though it had the opportunity to do so, the Ninth Circuit did not pronounce that such an offer to a class representative of putative class is *per se* barred—it held only that it did not moot the class action. Citing *Pitts*, the Central District of California in *Torres* denied a motion to strike an unfiled Rule 68 Offer in a putative class action. *Id.* The court in *Torres* sought to avoid conflating the concepts of whether a Rule 68 offer moots a class action with whether the offer was permissible. *Id.* at 6,7. It is this confusion that is attempted by Plaintiff's Motion.

In this regard, Plaintiff's repeated citations to *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. N.J. 2004)(Motion at 6:18-27; 8:18-23; 9:1-12) are distinguishable, as that case also involved a defendant who filed a 12(b)(1) motion to dismiss which put a Rule 68 offer before the Court. Recognizing this distinction, the Court in *Torres* held that the plaintiff's reliance on *Pitts*

for the proposition that class representative of putative class cannot accept an unfiled Rule 68 offer should be limited as "Defendant has not moved to dismiss Plaintiff's claims as moot." *Torres*, at 7.

Plaintiff's citation to *Greisz v. Household Bank*, N.A., 176 F.3d 1012 (7th Cir. Ill. 1999)(Motion at 7:7-14) is similarly misplaced as the Northern District of California has recognized that the Seventh Circuit and Ninth Circuit differ on these issues. *See Mendoza v. UnitedHealth Group, Inc.*, 2013 U.S. Dist. LEXIS 65820, 2-3 (N.D. Cal. May 8, 2013)

Plaintiff cites mostly out-of-district authority for the proposition that striking Defendant's Rule 68 offer is proper. Three of these decisions involved presenting Rule 68 offers in support of dismissal. *Jancik v. Cavalry Portfolio Servs.*, LLC, 2007 U.S. Dist. LEXIS 49500 at * 3 (D. Minn. July 3, 2007) ("At oral argument, Defendant argued for the first time that this Court lacks jurisdiction to certify a class in this case because Defendant made a $ 1000 offer of judgment to Plaintiff under Fed. R. Civ. P. 68") *Liles v. Am. Corrective Counseling Servs.*, 201 F.R.D. 452 (Iowa Dist. Ct. 2001)(motion to dismiss filed); *Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262 (W.D. Wash. 2010)(same).

Although the District Courts in *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007) and *Zeigenfuse v. Apex Asset Mgmt.*, L.L.C., 239 F.R.D. 400 (E.D. Pa. 2006) struck unfiled Rule 68 offers, those decisions relied upon cases such as *Weiss* and *Jancik* whereby the offer was actually filed with the Court. Those decisions are distinguishable from the decisions within the Ninth Circuit denying motions to strike unfiled Rule 68 offers (*See Torres, Bogner, Tillman, supra*.)

Plaintiff notes that the Northern District in *Bretana v. Int'l Collection Corp.*, 2008 U.S. Dist. LEXIS 79203 (N.D. Cal. June 2, 2008) granted a motion to strike an unfiled Rule 68 Offer. However, that decision was three years before the Ninth Circuit's decision in *Pitts*, and relied on the distinguishable *Weiss* opinion. The defendant in *Bretana* did not address any of Defendant's arguments below, and therefore the decision is of little precedential value. In contrast, the Court in *Torres* expressly addressed the Ninth Circuit's decision in *Pitts* in making its ruling denying a

motion to strike an unfiled Rule 68 offer in the class action context. Plaintiff also cites *Gay v. Waiters' & Dairy Lunchmen's Union, Local # 30*, 86 F.R.D. 502 (N.D. Cal. 1980)(Motion at 8:26-27), for the proposition that Rule 68 should not be imposed in class actions. The *Gay* case is easily distinguished. First, the plaintiff in *Gay* had filed a class certification motion at the time the Rule 68 was served. *See Davis v. Gulf State Credit*, 2000 U.S. Dist. LEXIS 22442 (D. Minn. Nov. 22, 2000)(distinguishing *Gay* and upholding denial of motion to strike–"Despite the fact plaintiff styled her complaint as a class action, a class has not been certified nor has a motion for class certification been filed with the Court."). Moreover, Gay was decided twenty-three years before the 2003 amendments to Rule 23(e) which eliminated judicial approval of dismissal of putative class actions and 31 years before *Pitts*. Therefore this decision is irrelevant, just as Plaintiff's citation to *Garo v. Global Credit & Collection Corp.*, 2010 U.S. Dist. LEXIS 134635 (D. Ariz. Dec. 8, 2010)(Motion at 4:21-22), as that case involved a filed Rule 68 Offer.

### C. The Federal Rules Have Already Addressed Plaintiff's Alleged Conflict

Plaintiff claims that there is a potential conflict between Rule 68 and Rule 23 as a result of the Rule 68 offer. However, her solution—to strike the unfiled Rule 68 offer goes too far.

#### 1. FRCP 68 Does Not Limit Persons to Whom Offer May Be Made

The "traditional tools of statutory construction" are used interpret the federal rules. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014). It is a basic tenant of statutory construction that the language of the statute controls, in the absence of a clearly expressed legislative intention to the contrary. *United States v. James*, 478 U.S. 597, 606 (1986). Courts must enforce statutes as they are written. *See United States v. Great Northern Railway Co.*, 343 U.S. 562, 575 (1952). Plaintiff has presented nothing in the legislative history that shows that FRCP 68 was not to be applied to class representatives. This lack of express limitation on FRCP 68 offers within the Federal Rules is telling. As stated by the Central District in *Torres*:

> Perhaps class actions serve so fundamental a purpose that the prior analogy is poor, and as a matter of policy, putative class representatives should always be shielded from the pressure of Rule 68 offers of judgment. ***Such a policy, however, would be best set forth in the Federal Rules of Civil Procedure themselves*.**

*Torres*, *supra*, at 8. (emphasis added).  See also *Diamond-Chase Co. v. Stretch Devices, Inc.*, 1990 U.S. Dist. LEXIS 19432, 9-10 (C.D. Cal. May 29, 1990)(noting that if Congress intended that section 1391(c) to have limited reach it would have done so—"The statute does not contain such language.")

Although Plaintiff claims that she is not at liberty to accept Defendant's offer because she is the representative in this putative class action (Motion at 3:18-21), there is nothing set forth in FRCP 68 or the other Federal Rules to prevent her from accepting.  Her assertion that FRCP 68 does not address the inherent conflict of interest faced by a representative to whom an offer of judgment has been made (Motion at 5:3-5) supports Defendant's argument.  Any silence of the Federal Rules on this issue is a matter for the Supreme Court and Advisory Committee as "[s]uch a policy, however, would be best set forth in the Federal Rules of Civil Procedure themselves." *See Torres*, *supra* at 8.

Plaintiff claims that a FRCP Rule 68 Offer exposes the representative/offeree to liability for costs and expenses that could not be recouped from unnamed class members (Motion at 5:7-9).  However, as set forth in *Torres*,

> Would an offer of judgment put pressure on a plaintiff to curtail its discovery, notwithstanding "that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases?" Wardius v. Oregon, 412 U.S. 470, 473 (1973). Almost certainly it would, but that pressure does not prevent a defendant from making a Rule 68 offer of judgment prior to discovery.

*Torres*, *supra*, at 6-7.

As shown below, as the existing Federal Rules favor acceptance if she chooses, and there is no sound rationale for striking the unfiled offer.

### 2. FRCP 41(a)(1) Supports Dismissal of a Class By a Lead Representative Before Certification

Federal Rule of Civil Procedure 41(a)(1) permits voluntary dismissal of a complaint by a plaintiff. Fed. R. Civ. P. 41(a)(1). Such dismissal may be made of a class representative prior to certification. *See* Order Dismissing Complaint, *Nelson v. AT&T Mobility LLC*, Case No. 10-cv-04802-TEH (N.D. Cal. Nov. 29 2011)(citing *Wynn v. Nat'l Broadcasting Co.*, 2002 U.S. Dist. LEXIS 28774, (C.D. Cal. Mar. 6, 2002) (dismissal under Rule 41(a)(1) did not require approval "by the Court pursuant to Rule 23(e), since there is no certified class action")(Exhibit B to RJN). This lack of limitation on the ability to dismiss a not-yet certified class is intentional.

### 3. FRCP 23(e) only Requires Court Approval of Settlement of a Certified Class

Plaintiff claims that FRCP 68 is inconsistent with the careful supervision of the district court under FRCP 23(e)(Motion at 4:13-15), but this ignores the amendments to FRCP 23(e). Prior to amendment in 2003, Rule 23(e) stated: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 761 (6th Cir. Ky. 2005)

Rule 23(e) was amended in 2003. It now states: The claims, issues, or defenses of a ***certified class*** may be settled, voluntarily dismissed, or compromised only with the court's approval. Fed. R. Civ. P. 23(e)(emphasis added).

There is no requirement of judicial approval for pre-certification disposition where the individual plaintiff's claims are dismissed with prejudice and the class claims are dismissed without prejudice. The reason is that absent class members generally have no notice of uncertified class actions and therefore cannot be bound or deemed to have relied thereon. *See* Adv. Comm. Notes to 2003 Amendments to FRCP 23. Rule 23(e) specifies that a certified class action cannot be settled without the court's approval, and that notice of the proposed compromise must be given to all class members in such manner as the court directs. *See also Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (U.S. 1997).

As Plaintiff is not the representative of a certified class, her arguments that settlement of her putative class require extensive oversight pursuant to FRCP 23(e) lack weight.

### 4. Confining Striking a Rule 68 Offer Only to Filed Offer of Judgments is Consistent with the Federal Rules

It is a sound rule of statutory construction that federal statutes should be construed "so that they are consistent with each other, as by this means congressional intent can be given its fullest expression. *United States v. Lopez-Cavasos*, 915 F.2d 474, 479 (9th Cir. 1990). In this regard, the federal rules should be read in harmony with one another, and seek to avoid conflict. *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976).

FRCP 12(f) permits the striking of a filed pleading. Therefore, if Defendant attempted to file the Rule 68 offer in support of a motion to dismiss for lack of subject jurisdiction pursuant to FRCP 12(b)(1), Plaintiff would be entitled to a remedy already set forth in the Federal Rules. *Torres, supra*, at 8. Involving the Court in an unfiled Rule 68 offer might lead the Court to having to exercise discretion as to whether to intervene in informal settlement negotiations. *See Cowan v. Prudential Ins. Co. of Am.*, 728 F. Supp. 87, 92 (D. Conn. 1990) (holding that in contrast to the clear language of Rule 68, giving trial judges discretion in with respect to whether to bar all attorney's fee awards for a non-Rule settlement offer work on meritorious civil rights 42 U.S.C. 1981 claims might well lead to very uneven results and even misuse in cases in which judges become involved in settlement negotiations")(*cited with approval by Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003).

Despite Plaintiff's attempt to conflate the concepts of mootness and conflict between FRCP 23 and 68, the Ninth Circuit in *Pitts* suggested that a Rule 68 offer could be made to a representative of a putative class. FRCP 41(a)(1) and 23(e) clearly permit a putative class representative to dismiss without judicial review. The Federal Rules do not permit striking of an unfiled pleading. In light of the foregoing, Plaintiff's Motion to Strike lacks any authority and should be denied.

{00016448;1}   8
OPPOSITION TO MOTION FOR ORDER STRIKING DEFENDANT'S OFFER OF JUDGMENT
- 14-cv-00735-LHK-HRL

## IV. Plaintiff's Request for Class Certification Should Be Denied

Plaintiff states if her Motion to Strike is denied, in the alternative, she moves this Court to enter an Order certifying this case as a class action with briefing stayed until discovery is completed. (Motion at 9:23-25) Plaintiff has cited no authority for the Court to certify her class at this early stage other than citing to Rule 23 and stating that it permits certification of a class "at any early practicable time," (Motion at 10:14-15) and is barred from presenting any new arguments in her reply. *See, e.g., State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990). Regardless, this unauthorized request fails as a matter of law.

### A. The Northern District Has Rejected Plaintiff's Premature Certification Theory

Under facts similar to the present case, the Northern District of California denied a request to certify a "placeholder" class certification motion out of concern for a Rule 68 offer. *Mendoza.*, 2013 U.S. Dist. LEXIS 65820, at 2-3. The plaintiff in *Mendoza* argued that this procedure was appropriate under the Seventh Circuit's decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). The Northern District held that the Seventh Circuit in *Damasco* acknowledged that its ruling on this issue was somewhat at odds with rulings on the same issue by the other circuits, including the Ninth Circuit. The Court then denied the motion as premature, stating as follows:

> "the absence of any binding authority from the Ninth Circuit, and in particular, in light of the ruling in Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1084, 1091-92 (9th Cir. 2011), the court finds that the request to 'enter and continue' the motion for class certification must be DENIED."

*Id.* at 2-3. *See also Perez v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127812 (N.D. Cal. Aug. 29, 2012)(denying class certification motion as premature). Plaintiff's motion is similarly premature and should be denied.

### B. Plaintiff Has Not Satisfied Requirements of Certification

Plaintiff must provide "more than bare allegations that [she satisfies] the requirements of Rule 23 for class certification." *Adams v. United States*, 2006 U.S. Dist. LEXIS 10800 at *4

(E.D. Cal. Mar. 10, 2006) (citing *Morrison v. Booth*, 763 F.2d 1366, 1371 (11th Cir. 1985)). Plaintiff has not provided anything other than the First Amended Complaint to certify a class. (Motion at 9:24-28;10:1-7)  This is clearly insufficient. *See., e.g, Rupe v. Beard*, 2013 U.S. Dist. LEXIS 31139 (E.D. Cal. Mar. 5, 2013)("Mere speculation as to … numerosity requirement" is not sufficient.")

To be certified, a class must satisfy the criteria of one of the three subsections of Rule 23(b).  *See Palmer v. Stassinos*, 233 F.R.D. 546, 551-52 (N.D. Cal. 2006).  Plaintiff has not identified whether she is seeking to certify a 23(b)(2) or 23(b)(3) class.  However, neither the FDCPA nor the Rosenthal Act provide for injunctive relief, so this argues against a 23(b)(2) class. *See id.* ("Since the FDCPA does not allow private plaintiffs to obtain equitable relief, Rule 23(b)(2) does not support class certification in this suit.")  Therefore, Plaintiff is seeking certification at best for a Rule 23(b)(3) damages class.   When a court certifies a class under 23(b)(3), the court "must" direct to class members "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).  Plaintiff has not articulated how she means of noticing her alleged putative class.   She has not provided any information as to who her class members are.  This clearly lacks any authority under the law.  *See Mendoza, supra*.

## V.     Conclusion

Plaintiff improperly seeks to strike a pleading that is not a pleading without any basis in the Federal Rules.  The Ninth Circuit's only pronouncement on this issue implies that such an offer is permitted.  Plaintiff's type of premature request for class certification has been previously rejected by the Northern District and she has not provided any support for class certification.  For all of these reasons, Plaintiff's Motion should denied in its entirety.

DATED: April 18, 2014                CARLSON & MESSER
                                     By   /s/ David J. Kaminski
                                         David J. Kaminski
                                         Charles R. Messer
                                         Stephen A. Watkins
                                         Attorneys for Defendant,
                                         PERSOLVE, LLC