Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, a Colorado limited liability company,

Defendants.

Case No. 5:14-CV-00735-LHK-HRL

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER STRIKING DEFENDANT'S OFFER OF JUDGMENT**

Hearing Date: August 14, 2014
Hearing Time: 1:30 p.m.
Hearing Judge: Lucy H Koh
Hearing Courtroom: 8, 4th Floor
Hearing Location: 280 South First Street
San Jose, California

COMES NOW Plaintiff, SANDRA LEE JACOBSON (hereinafter "Plaintiff"), by and through her attorneys Fred W. Schwinn and Raeon R. Roulston of the Consumer Law Center, Inc., and O. Randolph Bragg of the firm Horwitz, Horwitz & Associates, Ltd., and hereby submits her Reply Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment.

**POINTS AND AUTHORITIES**

**A. Offers of Judgment May be Stricken**

Defendant, PERSOLVE, LLC ("Defendant") begins its opposition to Planitiff's Motion to Strike by stating that an offer of judgment is not a pleading and can not therefore be stricken by the Court.[1] However, courts in this circuit and others have consistently granted motions to strike individual Rule 68 Offers of Judgment in class action cases.[2] As one court in the Fifth Circuit has noted, some courts look to the language of Rule 12(f) and determine that "there is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs,"[3] while "others have determined that striking the motion is the most effective procedural mechanism to prevent the offer from potentially undermining the class action device."[4] Plaintiff requests the Court follow the authority (including this Court[5]) that have determined a motion striking a Rule 68 Offer of Judgment is the "most effective procedural mechanism" to deal with a Rule 68 "pick-off" Offer of Judgment in a proposed class action case.

Defendant cites two District of Arizona cases in support of its conclusion that "Plaintiff improperly seeks to strike an unfiled Rule 68 offer" – *Bogner*[6] and *Tillman*.[7] However, both of these cases rely on a District of Arizona local rule which states that "a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike a part of a filing or submission on the ground

---

[1] *See generally,* Opposition to Motion for Order Striking Defendant's Offer of Judgment ("Opposition") at 2:20-25.

[2] *See generally, Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011) (granting Plaintiff's motion to strike Defendant's Rule 68 Offer of Judgment). *See also, Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004) *and Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330, 332 (D. Minn. 2011) (collecting cases).

[3] *Boles v. Moss Codilis, LLP*, 2011 U.S. Dist. LEXIS 104466 at *10 (W.D. Tex. Sept. 15, 2011) (citing cases and noting that these courts instead declare the Rule 68 Offer of Judgment ineffectual).

[4] *Id.*, siding with the courts that choose to strike the Rule 68 Offer of Judgment.

[5] *Bretana v. Int'l Collection Corp.*, 2008 U.S. Dist. LEXIS 79203 (N.D. Cal. June 2, 2008) (Fogel, J.).

[6] *Bogner v. Masari Invs., LLC*, 2009 U.S. Dist. LEXIS 45311 (D. Ariz. May 19, 2009).

[7] *Tillman v. Calvary Portfolio Servs., LLC*, 2009 U.S. Dist. LEXIS 18467 (D. Ariz. Feb. 27, 2009).

that it is prohibited (or not authorized) by a statute, rule, or court order."[8] There is no similar local rule in the Northern District of California restricting motions to strike. Simply stated, Plaintiff's "motion to strike seeks to invalidate the offer of judgment, and there is cause to grant this relief. The most efficient way to acknowledge this outcome is by granting the motion to strike."[9]

**B. Defendant's Rule 68 Offer of Judgment Should be Stricken**

"As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative."[10] Here, Defendant, PERSOLVE, LLC, is attempting to "pick off" Plaintiff as the putative class representative of this case. While an unaccepted Rule 68 Offer of Judgment may not moot a putative class action so long as the class representative can still file a timely motion for class certification,[11] the Court still has the authority to strike a pending offer so as not to "encourage a 'race to pay off' named plaintiffs very early in the litigation, before they file[ a motion] for class certification."[12] Plaintiff requests the Court strike Defendant's Rule 68 Offer of Judgment.

"Until the Ninth Circuit decides otherwise, the attempt to buy off a class plaintiff's claim remains 'a facile procedural gotcha' that tries to make an 'end-run around a class action.'"[13] Because "the class mechanism is 'fundamental to the statutory structure of the FDCPA,'"[14] Defendant's Rule 68 Offer of Judgment is ineffective and must be stricken to prevent it from undermining use of class action device under Fed. R. Civ. P. 23.[15] Although Defendant is correct that the plain purpose of Rule 68 is to

---

[8] D. Ariz. L.R., Rule 7.2(m).

[9] *Lamberson v. Fin. Crimes Servs., LLC*, 2011 U.S. Dist. LEXIS 56614 (D. Minn. Apr. 13, 2011).

[10] *Weiss*, 385 F.3d at 344 (quoted in *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 431 (E.D. Pa. 2009)).

[11] *Compare Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-1092 (9th Cir. 2011) *with Genesis Healthcare Corporation v. Symczyk*, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013).

[12] *Weiss*, 385 F.3d at 348.

[13] *Craftwood II, Inc. v. Tomy Int'l, Inc.*, 2013 U.S. Dist. LEXIS 99350, 14-15 (C.D. Cal. July 15, 2013) (citing *Gomez*, 805 F. Supp. 2d at 930).

[14] *Smith v. NCO Fin. Sys.*, 257 F.R.D. 429, 432 (E.D. Pa. 2009) (citing *Weiss*, 285 F.3d at 345).

[15] *Johnson*, 276 F.R.D. at 335 (quoting *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 403 (E.D. Pa. 2006)).

encourage settlement and avoid litigation, "defendant has failed to identify any language in the Rules, or the Advisory Committee Notes, encouraging parties to use Rule 68 as a means of obtaining involuntary settlement, let alone circumventing the class action mechanism of Rule 23."[16]

District Court opinions from the Third,[17] Seventh,[18] and Ninth[19] Circuits – including decisions this Court[20] – all support Plaintiff's position that the Court may strike an offer of judgment that attempts to moot a putative class representative's claims by "picking off" the putative class representative. District Courts of other circuits have similarly supported Plaintiff's argument. "When a class-action complaint is filed, the named plaintiff, as the putative class representative, takes on a special role with duties not typically borne by the ordinary plaintiff who is merely pursuing his own claim."[21] "Rule 68 offers of judgment prior to class certification pit the self interests of named plaintiffs against the interests of the class as a whole."[22] Therefore, "the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action."[23] "Striking the Rule 68 offer is the most efficient and effective way to acknowledge that the offer is invalid. It also is the result most consistent with this Court's duty to protect the putative class members and 'manage the class action in a manner consistent with the purposes of Rule 23.'"[24] "For all of these reasons, courts have concluded

---

[16] *Clausen Law Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1274 (W.D. Wash. 2010) (citing *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)).

[17] *Weiss*, 385 F.3d at 349 n21.

[18] *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).

[19] *Craftwood II*, 2013 U.S. Dist. LEXIS 99350; *Gomez*, 805 F. Supp. 2d 923.

[20] *Bretana*, 2008 U.S. Dist. LEXIS 79203.

[21] *Johnson*, 276 F.R.D. at 332 (collecting cases) *See also, March v. Medicredit, Inc.*, 2013 U.S. Dist. LEXIS 171126 at *9 (E.D. Mo. Dec. 4, 2013) (collecting cases) ("The sound rationale behind these cases is that Defendant should not be able to use offers of judgment to thwart class actions.").

[22] *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008).

[23] *Sampaio v. People First Recoveries, LLC*, 2008 U.S. Dist. LEXIS 17110 (S.D. Fla. Feb. 18, 2008) (quoting *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007)).

[24] *Boles*, 2011 U.S. Dist. LEXIS 104466 at *11 (Fifth Circuit) (holding "Defendant's offer of judgment is invalid and stricken. However, if the Court denies Plaintiff's motion for class certification, the Defendant may submit another Rule 68 offer of judgment to the Plaintiff at that time.") (citing *Johnson v. U.S. Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 73449 (D. Minn. 2011) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).

that defendants ought not be able to put class actions to an end merely by tendering Rule 68 offers of judgment before the putative class representatives have filed their certification motions."[25]

### C. Defendant PerSolve's Argument That There is No Conflict Between Rule 68 and Rule 23 is Unpersuasive

Defendant, PERSOLVE, LLC, argues that there is no conflict between Rules 68 and 23 because the federal rules do not inherently state a conflict and a putative class representative may voluntarily dismiss a complaint under Fed. R. Civ. P. 41. However, Defendant's argument is unsupported by law.

> When a putative class action is filed, the putative class representatives are under an obligation to represent the interests of the putative class, even before the action has been certified by the court. *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001). Thus, while a putative class representative may decide to relinquish his or her representative status and settle his or her individual claims prior to the certification of the class action, he or she may not be obliged to forfeit her representative status by defendant's offer to her of the maximum individual amount of her claim. While such an offer might satisfy the individual claim of the class representative, it does not satisfy the claims of the potentially aggrieved members of the putative class that the named plaintiff has voluntarily agreed to represent.[26]

Simply stated, if a putative class representative's claims could be mooted by a Rule 68 Offer of Judgment tendered before the certification motion is filed, "Rule 68 would essentially trump Rule 23, enabling defendants to essentially 'opt-out' of Rule 23, a result that is not contemplated by the Rules. . . ."[27] In order to preserve the effectiveness of Rule 23 class actions in the context of FDCPA claims, Plaintiff requests the Court strike Defendant's Rule 68 Offer of Judgment.

### D. In the Alternative, the Court May Properly Certify the Class

District courts have broad authority to exercise control over a class action[28] so long as said discretion is exercised within the framework of Rule 23.[29] "When evaluating whether to certify the

---

[25] *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008).
[26] *Garo v. Global Credit & Collection Corp.*, 2010 U.S. Dist. LEXIS 134635, 10-11 (D. Ariz. Dec. 8, 2010).
[27] *Clausen*, 827 F. Supp. 2d at 1274.
[28] *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).
[29] *See generally Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

class, the district court must take the allegations of plaintiffs as true, with any doubts resolved in favor of certification."[30] Here, Plaintiff alternatively requests the Court certify the class in this action based on her well pled First Amended Class Action Complaint (Doc. 15). Sometimes, as here, "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim. . . ."[31] Moreover, because the Court retains the power to alter or amend an order certifying a class any time "before final judgment,"[32] there is little risk of prejudice to Defendants should the Court certify the class at this time.

Because "[a]ction by the court on maintainability may be triggered by motion of the parties or on the court's own initiative,"[33] Plaintiff requests the Court, if it denies her motion to strike, to certify the class in this action. If in doubt, the Court should err in favor of the maintenance of a class action because it is always subject to modification should later developments so require.[34]

## CONCLUSION

Defendant, PERSOLVE, LLC, is attempting to "pick off" the putative class representative in this case. However, courts in this District and the majority of the circuit Courts of Appeal to examine this issue have held that Rule 68 Offers of Judgment before class certification has been timely filed are invalid and subject to being stricken. In this matter, Plaintiff requests the Court strike Defendant's "pick-off" Rule 68 Offer of Judgment. In the alternative, Plaintiff requests the Court certify the class in this case.

/ / /

---

30 *Yadlosky v. Grant Thornton L.L.P.*, 197 F.R.D. 292, 295 (E.D. Mich. 2000).

31 *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

32 Fed. R. Civ. P. 23(c)(1)(C). *See also Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 633 (9th Cir. 1982) ("before entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative") (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

33 *Huff v. N. D. Cass Co.*, 485 F.2d 710, 712 (5th Cir. 1973).

34 *Esplin v. Hirschi*, 402 F.2d 94, 99 (10th Cir. 1968).

CONSUMER LAW CENTER, INC.

Dated: April 25, 2014

By: /s/ Fred W. Schwinn

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON