**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LCC, a Colorado limited liability company,<br><br>Defendants. | Case No.: 14-CV-00735-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE, LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES |

Plaintiff Sandra Lee Jacobson ("Plaintiff") brings this putative class action against Defendants Persolve, LLC, d/b/a Account Resolution Associates ("Persolve") and Stride Card, LCC ("Stride Card") (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA"). Plaintiff contends that Persolve and Stride Card engaged in a routine practice of sending initial debt collection notices that did not disclose to the reader the name of the creditor to whom the debt was owed. ("FAC") ECF No. 15 ¶ 23.

Currently before the Court are: (1) Plaintiff's Motion to Strike Persolve's Offer of Judgment, ECF No. 21; (2) Plaintiff's Motion to Strike Affirmative Defenses contained in

1
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Persolve's Answer to the First Amended Complaint, ECF No. 29; and (3) Plaintiff's Motion to Strike Affirmative Defenses contained in Stride Card's Answer to the First Amended Complaint, ECF No. 40. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's Motion to Strike Persolve's Offer of Judgment and GRANTS in part and DENIES in part Plaintiff's Motions to Strike Affirmative Defenses.

**I.    BACKGROUND**

**A.    Factual Allegations**

This putative class action arises out of Persolve's attempt to collect consumer debts from Plaintiff and others similarly situated. Plaintiff alleges that she incurred a consumer debt issued by Wells Fargo Bank, N.A. ("the debt") at an unknown time for personal, family, or household purposes. FAC ¶ 12. The debt was later sold, assigned, or otherwise transferred to Stride Card. *Id.* ¶ 13. Stride Card then allegedly consigned, placed, or otherwise assigned the debt to Persolve for collection. *Id.* ¶ 14.

Plaintiff alleges that on March 4, 2013, Persolve sent an initial collection notice to Plaintiff on behalf of Stride Card. *Id*. ¶ 15; ECF No. 1-1. The collection notice listed Wells Fargo as the "Original Creditor." ECF No. 1-1. The notice did not identify Stride Card, which was the current owner and creditor of Plaintiff's debt. FAC ¶ 21. Plaintiff alleges that Persolve sends similar collection notices to consumers that do not contain the name of the current creditor when Persolve collects defaulted debts. *Id.* ¶ 23. Furthermore, Plaintiff alleges that as the current creditor, Stride Card is vicariously liable for the acts of Persolve, and thus brings these causes of action against both Defendants. *Id.* ¶ 10.

**B.    Procedural History**

Plaintiff filed her Original Complaint on February 18, 2014. ECF No. 1. Persolve filed an answer to Plaintiff's Original Complaint on March 18, 2014. ECF No. 10. On March 26, 2014, Persolve served Plaintiff's counsel with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. ECF No. 21-3. Under the Offer of Judgment, Persolve proposed to pay Plaintiff $3,500.00 to resolve her individual claim. *Id.* at 1. The Offer of Judgment further provided that

2

Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff would receive reasonable attorneys' fees and costs incurred in the action, with the amount to be determined by the Court if the parties were unable to agree. *Id.* at 2. Plaintiff filed the Motion to Strike Persolve's Offer of Judgment on April 4, 2014. ECF No. 21. Persolve filed an Opposition to Plaintiff's Motion to Strike on April 18, 2014. ECF No. 25. On the same day, Persolve filed a request for Judicial Notice in support of its opposition. ECF No. 26. Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Offer of Judgment on April 25, 2014. ECF No. 28.

Plaintiff filed the FAC on March 28, 2014, ECF No. 15, which Persolve answered on April 14, 2014, ("Persolve Answer") ECF No. 24. Persolve's Answer asserted twelve affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) bona fide error; (4) no material misrepresentation; (5) equitable defenses; (6) no intentional or reckless conduct; (7) mitigation of damages; (8) offset; (9) no declaratory relief; (10) no class action; (11) not a debt collector as defined in the FDCPA; and (12) reservation of rights. *Id.* at 8-10. In response, Plaintiff filed a Motion to Strike Persolve's Affirmative Defenses on May 5, 2014. ECF No. 29. Persolve opposed the motion on May 19, 2014, ECF No. 33, and also submitted a Request for Judicial Notice in support of its opposition, ECF No. 34. Persolve attached a Proposed Amended Answer to its opposition, in which Persolve waived all but four of its affirmative defenses. ECF No. 33-1. Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Affirmative Defenses on May 27, 2014, ECF No. 36.

Stride Card filed an Answer to the FAC on May 15, 2014. ("Stride Card Answer") ECF No. 32. Stride Card's Answer asserts four affirmative defenses: (1) failure to state a claim; (2) bona fide error; (3) good faith; and (4) offset. *Id.* at 9-10. On June 5, 2014, Plaintiff filed a Motion to Strike Stride Card's Affirmative Defenses. ECF No. 40. Stride Card opposed Plaintiff's Motion to Strike on June 19, 2014. ECF No. 43. Also on June 19, 2014, Stride Card filed a Request for Judicial Notice in support of its opposition. ECF No. 44. Plaintiff filed a Reply in Support of the Motion to Strike Stride Card's Affirmative Defenses on June 25, 2014. ECF No. 47.

3

Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

## II. LEGAL STANDARDS

### A. Request for Judicial Notice

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction," or which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports, *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); court documents already in the public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); and publicly accessible websites, *see Caldwell v. Caldwell*, No. 05-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12-846, 2012 WL 2838957, at *2 (N.D.Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

**III. REQUESTS FOR JUDICIAL NOTICE**

Before addressing the motions to strike, the Court first addresses Defendants' Requests for Judicial Notice. In connection with their oppositions to Plaintiff's Motions to Strike Affirmative Defenses, both Persolve and Stride Card submitted Requests for Judicial Notice. Persolve requests that the Court take judicial notice of: (1) an order denying a motion to strike an affirmative defense in *Kinh Tong v. Capital Management Services Group*, No. 07-1026 (N.D. Cal. June 7, 2007); (2) the answer filed in *Kinh Tong*; (3) an order denying a motion to strike in *Saeedi v. M.R.S. Associates*, No. 07-1584 (N.D. Cal. June 28, 2007); and (4) the answer filed in *Saeedi*. ECF No. 34. Stride Card requests that the Court take judicial notice of these same four exhibits as well as an order denying a motion to strike in *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-5666 (N.D. Cal. May 23, 2014). ECF No. 44. Plaintiff does not oppose either Request for Judicial Notice.

Separately, in connection with its opposition to Plaintiff's Motion to Strike Offer of Judgment, Persolve requests that the Court take judicial notice of: (1) an order denying a motion to strike in *Torres v. Client Services, Inc.*, No. 11-1604 (C.D. Cal. Apr. 3, 2012); and (2) an order dismissing the complaint in *Nelson v. AT&T Mobility LLC*, No. 10-4802 (N.D. Cal. Nov. 29, 2011). ECF No. 26. Plaintiff does not oppose Stride Card's request.

The Court finds that these documents are all proper subjects for judicial notice, as they are publicly available court documents filed in other cases. *See, e.g.*, *Chrisanthis v. United States*, No. 08-2472, 2008 WL 4848764, at * 1 (N. D. Cal. Nov. 7, 2008); *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1233 (E.D. Cal. 2003). Accordingly, the Court GRANTS Defendants' Requests for Judicial Notice.

**IV. MOTION TO STRIKE PERSOLVE'S OFFER OF JUDGMENT**

Federal Rule of Civil Procedure 68 exists "to encourage settlement and avoid litigation" by prompting the parties "to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Rule 68(a) provides that a defendant may "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Rule 68(b) provides that "[a]n unaccepted offer is considered

5

Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Furthermore, Rule 68(d), reads: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." This means that a plaintiff faced with a Rule 68 offer of judgment has a choice between accepting the offer or assuming the risk of subsequent costs should the outcome of litigation be less favorable than the Rule 68 offer.

On March 26, 2014, Persolve served Plaintiff's counsel with a Rule 68 Offer of Judgment. *See* ECF No. 21-3. The offer contained three provisions: (1) Persolve would pay $3,500.00 to Plaintiff; (2) Persolve would pay reasonable attorneys' fees and costs, with costs to be agreed on by counsel or determined by the Court if the parties were unable to agree; and (3) the judgment served as the resolution of "any and all claims and allegations by Plaintiff against, implicating or involving Defendant, and said judgment shall have no effect whatsoever except in resolution of those claims." *Id.* Plaintiff did not accept Persolve's offer and now asks this Court to strike the Offer of Judgment. *See* ECF No. 21-1 at 2.

Plaintiff argues that she is not at liberty to accept the Rule 68 offer, which provides only individual relief rather than relief to the putative class. *See* ECF No. 21-1 at 2-3. Specifically, Plaintiff expresses concern about the conflict of interest that arises when a defendant makes a Rule 68 offer of judgment to a representative plaintiff that settles only the representative's individual claim without also providing for classwide relief. *Id.* at 5. Plaintiff describes Persolve's tactic as an attempt to "pick off" the class representative prior to class certification in order to defeat this Court's subject matter jurisdiction. *Id.* at 9. Plaintiff urges the Court to strike the offer of judgment so as not to encourage a "race to pay off" named plaintiffs early in litigation before a motion for class certification has been filed. *Id.* at 4. In the alternative, Plaintiff requests the Court certify the class and stay briefing pending completion of discovery. *Id.* at 9.

Persolve argues in its opposition that Plaintiff's Motion to Strike is procedurally improper, both because the Offer of Judgment is not a "pleading" under the Federal Rule of Civil Procedure and because the Offer of Judgment has not been filed with the Court. *See* ECF No. 25 at 1-2. In

addition, Persolve contends that Plaintiff's motion must be denied because the Federal Rules of Civil Procedure do not prevent a defendant from making a Rule 68 offer in a putative class action. *Id.* at 6. In support of this argument, Persolve points to Ninth Circuit precedent suggesting a Rule 68 offer can in fact be made to the representative of a putative class. *Id.* at 3. In response to Plaintiff's request for class certification, Persolve contends that class certification is premature and that Plaintiff has not satisfied the requirements of Rule 23. *Id.* at 9.

The Court agrees with Persolve that Plaintiff's Motion to Strike Persolve's Offer of Judgment is procedurally improper. Persolve's Offer of Judgment was not filed with the Court. Indeed, the Court became aware of the existence of the Offer of Judgment only after Plaintiff moved to strike it. In the absence of a filing, there is nothing for the Court to strike. *See, e.g.*, *Bogner v. Masari Invs., LLC*, No. 08-1511, 2009 WL 1395398, at *1 (D. Ariz. May 19, 2009) ("Because Defendants have not filed the offer of judgment with the Court, there is nothing to strike from the record."); *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a deferred party to prove costs."); *Parker v. Risk Mgmt. Alternative, Inc.*, 204 F.R.D. 113, 114 (N.D. Ill. 2001) ("Plaintiff has erred by moving to strike a document that has not been filed with the court.").

The Court also notes that Rule 68(b) states that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." In light of this restriction, it is doubtful that a motion to strike at the pleadings stage is the proper mechanism to address Plaintiff's concerns with the fairness of a Rule 68 offer in a class action. *See Tillman v. Calvary Portfolio Servs., LLC*, No. 08-8142, 2009 WL 510921, at *2 (D. Ariz. Feb. 27, 2009) (finding motion to strike an unfiled offer of judgment to be procedurally improper because the offer's "fairness and validity will only ripen after an entry of judgment less favorable than Defendant's offer" or, alternatively, "the issue may not ripen at all").

Even if the Court could strike an unfiled document, it is unclear why this would be necessary in this case. Persolve has not moved to dismiss the putative class claims as moot or taken

7

Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

any other action based on the unaccepted offer of judgment.[1] Nor could it. In *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011), the Ninth Circuit held that a rejected Rule 68 offer of judgment made before the filing of a motion for class certification does not moot the putative class action claims. Recognizing that a defendant may use a Rule 68 offer of judgment to "pick off" lead plaintiffs and avoid class actions, the Court in *Pitts* determined that class certification would relate back to the filing of the complaint so class claims could not evade review simply because the defendant had offered the representative plaintiff all the individual relief she sought. *Id.* at 1090-91. Therefore, absent undue delay, a plaintiff may still certify a class and avoid mootness of the class claims even after a defendant has offered complete individual relief via a Rule 68 offer of judgment. *Id.* at 1091.[2] Accordingly, there is no risk here that Plaintiff will find herself unable to pursue her class claims regardless of Persolve's Offer of Judgment.

The Court recognizes that a conflict of interest may arise when a defendant makes a Rule 68 offer for individual relief to a named plaintiff in a class action. Even in a putative class action, a representative plaintiff maintains a fiduciary duty to the unnamed class members. Thus, a Rule 68 offer of judgment made only to the class representative rather than the class as a whole can pit the individual's self-interest in accepting the settlement against the interests of the putative class in obtaining relief. *See McDowall*, 216 F.R.D. at 49. Nevertheless, nothing in the Federal Rules of Civil Procedure or in case law interpreting the Federal Rules of Civil Procedure forbids a defendant from making a Rule 68 offer of judgment to a putative class representative.[3] Despite the pressure a

---

[1] The Rule 68 offer of judgment here is unfiled, which distinguishes the instant case from *Gomez v. Campbell-Ewald Co.*, 805 F. Supp. 2d 923, 931 (C.D. Cal. 2011). There, the court granted the plaintiff's motion to strike a Rule 68 offer of judgment when the defendant improperly filed the offer of judgment with the court after the plaintiff rejected the offer. Plaintiff's reference to dicta from *Craftwood II, Inc. v. Tomy Int'l, Inc.*, No. 12-1710, 2013 WL 3756485, at *2 (C.D. Cal. July 15, 2013), is also inapplicable because the defendant in that case had filed a motion for summary judgment in an attempt to moot the plaintiff's class claims.

[2] Circuits are split on the issue of whether an offer of judgment prior to a request for class certification moots a putative class action. *Compare Pitts*, 653 F.3d at 1091, *and Weiss v. Regal Collections*, 385 F.3d 337, 346-47 (3d Cir. 2004), *with Demasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011). This Court, of course, is bound by Ninth Circuit precedent.

[3] Although the Court acknowledges that several district courts in other Circuits have declared unfiled Rule 68 offers of judgment to be unfair in the class action context, the Court declines to follow these decisions. *See, e.g.*, *Johnson v. U.S. Bank Nat'l Ass'n*, 276 F.R.D. 330 (D. Minn.

8
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Rule 68 offer of judgment may place on a class representative, this Court agrees with the reasoning in *Torres v. Client Services, Inc.*, No. 11-1604 (C.D. Cal. Apr. 3, 2012), that a policy categorically barring Rule 68 offers of judgment in class actions "would be best set forth in the Federal Rules of Civil Procedure themselves." Persolve's Request for Judicial Notice, Ex. A, ECF No. 26-1 at 7.[4]

In summary, the Court finds that Plaintiff's Motion to Strike an unfiled document is procedurally improper. Regardless, Persolve's Offer of Judgment poses no danger to the putative class claims in this case in light of the Ninth Circuit's holding in *Pitts*. The Court therefore DENIES Plaintiff's Motion to Strike Persolve's Offer of Judgment. In the alternative, Plaintiff requests the Court certify her class at an early stage with briefing stayed until the completion of discovery. ECF No. 21-1 at 9. This request is premature, and Plaintiff's request to certify a class at this stage is therefore DENIED without prejudice.

## V.   MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A.   Legal Standard

The Court next considers Plaintiff's Motions to Strike Affirmative Defenses contained in the Answers filed by Persolve and Stride Card. As a threshold matter, Persolve and Stride Card dispute that the affirmative defenses contained in their Answers must satisfy the heightened "plausibility" pleading standard for complaints announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and extended to all civil complaints in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* ECF No. 33 at 3; ECF No. 43 at 4.

---

2011); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600 (D. Neb. 2007); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400 (E.D. Pa. 2006).

[4] In support of its proposed rule, Plaintiff cites a treatise that recommends barring Rule 68 in class actions: "[B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members." *See* ECF 21-1 at 6 (citing 5 NEWBERG ON CLASS ACTIONS § 15.36 at 115 (4th ed. 2002)). However, the Court observes that proposed amendments to make Rule 68 inapplicable to class actions were rejected in both 1983 and 1984, which raises doubts as to whether such a categorical ban on Rule 68 offers in the class action context would be consistent with the intent of the drafters of the Federal Rules. *See McDowall*, 216 F.R.D. at 49 ("In light of this history, it is highly questionable whether the court should undertake judicial amendment of [Rule 68].").

Although the Ninth Circuit and other circuit courts have yet to rule on the issue, this Court has joined the majority of other district courts in applying the heightened pleading standard set forth in *Twombly* and *Iqbal* to affirmative defenses. *See Ansari v. Elec. Document Processing, Inc.*, No. 12-1245, 2013 WL 664676, at *2 (N.D. Cal. Feb. 22, 2013); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012). Applying the standards set forth in *Twombly* and *Iqbal* to affirmative defenses requires that "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted)). A defense may be insufficient "as a matter of pleading or a matter of law." *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-2825, 2011 WL 176846, at *4. "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Perez*, 2012 WL 1029425, at *8 (internal quotation marks omitted).

"If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations." *Id.* When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results. *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

Defendants put forth no arguments as to why this Court should overrule its recent decisions in *Ansari* and *Perez* and depart from the standard adopted by the vast majority of district courts holding that *Twombly* and *Iqbal* apply to affirmative defenses. Accordingly, the Court addresses Plaintiff's Motions to Strike Affirmative Defenses contained in Defendants' answers in light of the heightened "plausibility" standard.[5]

---

[5] Persolve asserts that its Proposed Amended Answer cures any potential pleading deficiencies under either the Ninth Circuit's fair notice requirement from *Wyshak*, or the heightened *Twombly/Iqbal* standard previously adopted by this Court. ECF No. 33 at 3. The Court declines to

10
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

### B. Discussion of Affirmative Defenses

#### 1. Defenses Waived

As an initial matter, Persolve waived eight affirmative defenses in its opposition. *See* ECF No. 33 at 2. Therefore, the Court GRANTS Plaintiff's Motion to Strike with respect to Persolve's affirmative defenses for: (2) statute of limitations; (4) no material misrepresentation; (5) equitable defenses; (7) mitigation of damages; (9) no declaratory relief; (10) no class action; (11) not a debt collector; and (12) reservation of rights. The Court next addresses the sufficiency of Persolve's remaining four defenses alongside Stride Card's similar affirmative defenses.

#### 2. Defenses That Are Not Actually Affirmative Defenses

Plaintiff moves to strike Persolve's first affirmative defense and Stride Card's first affirmative defense for "failure to state a cause of action" on the ground that failure to state a claim is not an affirmative defense. *See* ECF No. 29-1 at 10; ECF No. 40-1 at 10. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-168, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) (internal quotation marks omitted). By contrast, denials of a plaintiff's allegations or allegations that the plaintiff cannot prove the elements of her claims are not affirmative defenses. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

The Court agrees with Plaintiff that failure to state a cause of action is not an affirmative defense. Persolve phrases its first affirmative defense as: "Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant." ECF No. 24 at 8.[6] Stride Card's first affirmative defense asserts that: "Plaintiff's

---

[6] Persolve's Proposed Amended Answer, which has not been filed with the Court, states: "Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant, to the extent it seeks declaratory and injunctive relief." ECF No. 33-1 at 8. Although the Court need not consider Persolve's Proposed consider Persolve's Proposed Amended Answer and instead evaluates the defenses contained in the Answer Persolve has filed with the Court.

Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant. Plaintiff's conclusory statement that Defendant directed the alleged unlawful activities of Persolve is insufficient to establish vicarious liability under the FDCPA and Rosenthal Act." ECF No. 32 at 9.

This Court has previously held that failure to state a cause of action is better understood as a denial of Plaintiff's allegations rather than an affirmative defense. *See G & G Closed Circuit Events*, 2010 WL 3749284, at *5. Other courts in this district agree that "failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-5123, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011).

Accordingly, the Court GRANTS Plaintiff's Motions to Strike the affirmative defense for failure to state a cause of action from Persolve's and Stride Card's Answers. The Court grants Plaintiff's Motions with respect to this defense with prejudice because failure to state a cause of action is not an affirmative defense. However, Defendants may still assert this claim as an ordinary defense to liability. *See Hernandez v. Dutch Goose, Inc.*, No. 13-3537, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) ("Although struck with prejudice as affirmative defenses, the court makes clear that Defendants are not precluded from arguing, in a motion or at trial, that [Plaintiff] has failed to state a claim.").

### 3.      Remaining Defenses

Plaintiff further argues that Defendants' three remaining affirmative defenses—bona fide error, no intentional or reckless conduct, and offset—are insufficiently pleaded under the *Twombly/Iqbal* "plausibility" standard. *See* ECF No. 29-1 at 6-10; ECF No. 40-1 at 6-10. In response, Persolve maintains that these defenses plead sufficient facts to survive a motion to strike. *See* ECF No. 33 at 3. Stride Card similarly asserts that these three defenses are adequately pleaded

---

Amended Answer, the Court finds that the additional wording does not cure the deficiency of this defense.

12
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

in its Answer, which contains more factual allegations than Persolve's Answer. *See* ECF No. 32 at 9-10. The Court addresses each of Defendants' remaining affirmative defenses in turn.

### i. Bona Fide Error

Although the FDCPA is a strict liability statute, it provides a bona fide error defense for debt collectors. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). The statute allows debt collectors to escape liability under the FDCPA "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).

Persolve's bona fide error defense reads: "Any violation of the FDCPA, which Defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error." ECF No. 24 at 8.[7] The Court finds that Persolve's bona fide error defense merely recites a legal conclusion and is devoid of the factual specificity required to meet the plausibility standard. Persolve's bona fide error defense directly copies the language of § 1692k(c) without adding facts that provide fair notice to Plaintiff and make the defense plausible. "Without more, the mere citation of some statutory provisions is not enough; there must be some factual allegation showing that those provisions relate to the action." *Hernandez*, 2013 WL 5781476, at *5; *see also Perez*, 2012 WL 1029425, at *10 (striking a nearly identically worded bona fide error defense because the defendants failed to identify "any actual procedures reasonably employed to prevent the alleged FDCPA and RFDCPA violations"). Accordingly, the Court GRANTS Plaintiff's Motion to Strike Persolve's bona fide error defense with leave to amend.

---

[7] Persolve amended the language in its Proposed Answer to add: "Persolve maintained a letter template that identified the Current Creditor and this identification was inadvertently left off the letter that was sent to Plaintiff." *See* ECF No. 33-1 at 8. Although the Court does not consider Persolve's Proposed Amended Answer in the instant Motion to Strike, the amended language is nearly identical to Stride Card's affirmative defense for bona fide error. Therefore, the Court's conclusions with respect to Stride Card's affirmative defenses may inform any stricken affirmative defense Persolve chooses to amend.

In contrast, the Court finds that Stride Card asserts a bona fide error defense with sufficient factual detail to withstand Plaintiff's Motion to Strike. Stride Card's Answer states:

> Any violation of the FDCPA, which Defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. As Plaintiff's allegations against Defendant are based on vicarious liability for Persolve's actions, any bona fide error defense of Persolve should apply to Defendant. Persolve maintained a letter template that identified the Current Creditor and this identification was inadvertently left off the letter that was sent to Plaintiff.

ECF No. 32 at 9. Stride Card's bona fide error defense adds a factual allegation, namely that Persolve maintained a letter template that included the identity of the current creditor but the information was mistakenly left off the letter Persolve sent to Plaintiff. This additional fact could later prove that Persolve and Stride Card are entitled to a bona fide error defense. In other words, Stride Card adequately alleges the procedure (maintenance of the correct letter template) and mistake (leaving off the name of the current creditor) that makes the bona fide error defense plausible. Therefore, the Court DENIES Plaintiff's Motion to Strike Stride Card's bona fide error defense.

### ii. Good Faith

The Court next addresses the "no intentional or reckless conduct" and "good faith" defenses contained in Defendants' Answers. Plaintiff argues that good faith is not relevant to FDCPA claims because the FDCPA is a strict liability statute and thus no mental state is required to violate it. *See* ECF No. 29-1 at 9; ECF No. 40-1 at 9. Defendants do not dispute this point and argue these defenses apply only to their RFDCPA claims. *See* ECF No. 33 at 5; ECF No. 36 at 6.

Specifically, Persolve asserts an affirmative defense for no intentional or reckless conduct that reads: "As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent

14
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

conduct with respect to Plaintiff."[8] ECF No. 24 at 9. The Court finds that the no intentional or reckless conduct defense asserted in Persolve's Answer is conclusory and does not meet the plausibility standard or provide fair notice to Plaintiff. Therefore, the Court GRANTS Plaintiff's Motion to Strike Persolve's affirmative defense for no intentional or reckless conduct with leave to amend.

As with the bona fide error defense, Stride Card's Answer provides additional facts in its affirmative defense for good faith. Stride Card's good faith defense reads:

> As a separate, affirmative defense to Plaintiff's state law claims, which include an allegation of "willfully and knowingly" (Cal. Civ. Code § 1788.30(b)), Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff. Even if the "current creditor" was not identified in Persolve's collection letter to Plaintiff, any funds received by Persolve in response to the collection letter would ultimately be forwarded to Defendant, the owner of Plaintiff's account.

ECF No. 32 at 10. Thus, Stride Card's formulation of the good faith defense includes the factual allegation that any funds received by Persolve were ultimately forwarded to Stride Card, even if the "current creditor" was not identified. *See* ECF No. 43 at 7. Additionally, Stride Card argues that the facts that support its bona fide error defense—that the name of the current creditor had been inadvertently left off the initial notice—also support its good faith defense. *See id.* The additional facts alleged in Stride Card's Answer adequately apprise Plaintiff of the factual grounds on which Stride Card's good faith affirmative defense rests and render this affirmative defense plausible. Accordingly, the Court DENIES Plaintiff's Motion to Strike Stride Card's good faith affirmative defense.

### iii. Offset

Plaintiff finally argues that the offset defenses asserted by Persolve and Stride Card lack sufficient factual detail to meet the plausibility standard and fail to provide adequate notice for

---

[8] Persolve's Proposed Amended Answer changes the "no intentional or reckless conduct" defense to a good faith defense with identical language to Stride Card's good faith defense. *See* ECF No. 33-1 at 9.

15
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff to prepare a defense. *See* ECF No. 40 at 9. Plaintiff also asserts that offset is not a defense to an FDCPA claim. *Id.* The Court finds that the affirmative defense for offset, as asserted by both Persolve and Stride Card, is factually sufficient and must survive Plaintiff's Motion to Strike.

Persolve's offset defense states: "Defendant contends that any recovery by Plaintiff be offset by the amount owed to Defendant." ECF No. 24 at 9.[9] Stride Card's offset defense adds that "[s]uch amount was set forth in the letter that was sent to Plaintiff." ECF No. 32 at 9. The Court finds that the offset defense as worded in both Answers contains sufficient factual specificity to be more than a conclusory allegation. Plaintiff is on notice that the Defendant means to offset Plaintiff's recovery by the amount of the debt listed on the collection letter from which this dispute arose. Even the minimal language in Persolve's Answer satisfies the heightened "plausibility" standard because the words "the amount owed to Defendant" is self-explanatory in the context of the current dispute.

Plaintiff further argues that offset is not a defense in an FDCPA action. *See* ECF No. 40-1 at 10. Plaintiff reasons that allowing offset in an FDCPA action would disincentivize plaintiffs from bringing FDCPA claims. *See* ECF No. 47 at 7. However, the instant Motions to Strike do not require the Court to resolve whether offset is an inappropriate defense to an FDCPA claim. Plaintiff concedes that the Ninth Circuit has not held whether offset is an available defense for FDCPA defendants. *See id.* at 6-7. Given that the availability of an offset defense in an FDCPA action is an unsettled legal question,[10] the Court cannot conclude that offset "clearly could have no

---

[9] In its Proposed Amended Answer, Persolve matches the language in Stride Card's offset defense by adding: "Such amount was set forth in the letter that was sent to Plaintiff." ECF No. 33-1 at 10.

[10] Plaintiff cites to several district court cases in which the court prevented creditors from offsetting FDCPA judgments with counterclaims for the underlying debt. *See Reed v. Global Acceptance Credit Co.*, No. 08-1826, 2008 WL 3330165, at *7 (N.D. Cal. Aug. 12, 2008) ("Considering that setoff is an equitable remedy, setoff appears contrary to the established policies of the FDCPA."); *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1170 (N.D. Cal. 2005) ("[S]trong public policy reasons exist for declining to exercise jurisdiction over defendant Western's counterclaim."); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005) ("[S]trong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of the underlying debt."). Stride Card responds, and the Court agrees, that these cases hold only that counterclaims in an FDCPA action are permissive, not that offset is improper as an affirmative defense under the FDCPA.

16
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." (citations omitted)). Striking Persolve's and Stride Card's offset defenses is therefore unwarranted, and the Court DENIES Plaintiff's Motions Strike the affirmative defense for offset asserted by Persolve and Stride Card.

## VI. CONCLUSION

For the foregoing reasons, the Court hereby concludes:

(1) Plaintiff's Motion to Strike Persolve's Offer of Judgment is DENIED;

(2) Plaintiff's Motion for Class Certification at this stage is DENIED without prejudice as premature;

(3) Plaintiff's Motion to Strike Persolve's affirmative defenses is GRANTED with regards to defenses of statute of limitations, no material misrepresentation, equitable defenses, mitigation of damages, no declaratory relief, no class action, not a debt collector, and reservation of rights;

(4) Plaintiff's Motion to Strike Persolve's affirmative defense for failure to state a cause of action is GRANTED with prejudice;

(5) Plaintiff's Motion to Strike Stride Card's affirmative defense for failure to state a cause of action is GRANTED with prejudice;

(6) Plaintiff's Motion to Strike Persolve's affirmative defense for bona fide error is GRANTED with leave to amend;

(7) Plaintiff's Motion to Strike Stride Card's affirmative defense for bona fide error is DENIED;

(8) Plaintiff's Motion to Strike Persolve's affirmative defense for no intentional or reckless conduct is GRANTED with leave to amend;

(9) Plaintiff's Motion to Strike Stride Card's affirmative defense for good faith is DENIED;

(10) Plaintiff's Motion to Strike Persolve's affirmative defense for offset is DENIED;

(11) Plaintiff's Motion to Strike Stride Card's affirmative defense for offset is DENIED.

17
Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES

The Court grants Persolve leave to amend its affirmative defenses for bona fide error and no intentional or reckless conduct because it does not find bad faith, undue delay, repeated failure to cure deficiencies, undue prejudice, or futility. Should Persolve elect to file an Amended Answer curing the deficiencies identified herein, it shall do so within 21 days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 19, 2014

_____
LUCY H. KOH
United States District Judge

Case No.: 14-CV-00735-LHK
ORDER DENYING PLAINTIFF'S MOTION TO STRIKE PERSOLVE LLC'S OFFER OF JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE AFFIRMATIVE DEFENSES