Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, a Colorado limited liability company,<br><br>Defendants. | Case No. 5:14-CV-00735-LHK-HRL<br><br>**OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR PERMISSION FOR TELEPHONIC APPEARANCE BY STRIDE CARD AND PERSOLVE'S INSURER AT MANDATORY SETTLEMENT CONFERENCE** |

COMES NOW Plaintiff, SANDRA LEE JACOBSON, by and through counsel, Raeon R. Roulston of Consumer Law Center, Inc., and hereby opposes Defendants' *ex parte* application for permission for Defendant, STRIDE CARD, LLC, and PERSOLVE, LLC's insurer to appear by telephone at the September 25, 2014, Mandatory Settlement Conference in this matter.

/ / /

/ / /

**A. The Court's Standing Order does not contemplate appearance by telephone**

Defendants have requested that both STRIDE CARD and Navigators Insurance – PERSOLVE's insurer – be permitted to attend the Mandatory Settlement Conference by telephone (PERSOLVE itself would appear in person). However, the Settlement Conference Standing Order in this matter provides:

> All parties and their counsel are required to attend the settlement conference in person, not by telephone. Non-natural persons must be represented by a person **with unlimited authority** to negotiate a settlement. An insured party must appear with a representative of the carrier with full authority to negotiate up to the limits of coverage. **A person who must call another person not present at the conference before agreeing to a settlement does not have unlimited authority.** (Doc. 48) (emphasis added)

If PERSOLVE must contact its insurer, or STRIDE CARD, by telephone to agree to the settlement, then PERSOLVE is in violation of the Court's Settlement Conference Standing Order. The failure of a defendant to attend a settlement conference is a virtual guarantee of its failure.[1] Thus, the Court should deny Defendants' request.

**B. Defendants' request is improper in that it fails to show good cause to excuse personal appearance at the settlement conference**

Defendants' sole argument is essentially that STRIDE CARD and Navigators would prefer not to incur the costs of personal attendance. Specifically, Defendants cite travel and accomodation costs for STRIDE CARD and Navigators, from Denver and Connecticut, respectively, and STRIDE CARD's "loss of a day's work by [its] representative."

This does not show good cause to excuse Defendants. STRIDE CARD's representative is almost certainly a salaried employee of STRIDE CARD and s/he will presumably be paid his or her salary from STRIDE CARD whether s/he is attending the settlement conference in person, or performing other tasks. Similarly, it is not unreasonable to expect STRIDE CARD to bear the cost of a domestic flight and one night in a hotel for a settlement conference in California, when STRIDE CARD

---

[1] See *Nick v. Morgan's Foods, Inc.*, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000), *aff'd*, 270 F.3d 590 (8th Cir. 2001).

- 2 -
OPPOSITION TO EX PARTE APPLICATION TO APPEAR BY TELEPHONE AT MSC
Case No. 5:14-CV-00735-LHK-HRL

engages in extensive debt collection activity within the State of California. Similarly, Navigators describes itself on its internet website as "an international specialty insurance holding company with insurance company operations, underwriting management companies and operations . . . [with] offices in the United States, the United Kingdom and Continental Europe, as well as representative offices in China and Brazil."[2] This is hardly a situation where the Court is requiring a "mom-and-pop" operation to fly half way around the world.

If the mere existence of travel and accomodation costs constituted good cause to excuse personal appearance at a settlement conference, all out-of-state Defendants and insurers would be summarily excused from attending settlement conferences in person. The ADR Local Rules require the in-person participation of all parties unless good cause can be affirmatively shown.

Defendants have not shown that avoiding travel and accomodation costs of a few hundred dollars is good cause to excuse their personal appearance, as contemplated by the Local Rules. The Court should deny Defendants' application.

**C. Defendants attempt to mislead the Court as to the true value of the case**

Perhaps realizing that travel and accomodation expenses of a few hundred dollars do not appear extraordinary or unreasonable, Defendants' next argument is to try to minimize the amount in controversy in this matter. Defendants pretend that any travel costs paid by STRIDE CARD and Navigators would *per se* significantly reduce any potential settlement offer made by Defendants to resolve this matter. Defendants state that Plaintiff's individual recovery in this case is limited to $2,000, and that "Plaintiff's [attorney's] fees do not significantly exceed her potential statutory damages recovery at this point." This assertion is both misleading and irrelevant.

First, Defendants have failed to inform the Court that Plaintiff brings this case on behalf of a class of persons subjected to Defendants' routine practice of sending initial collection notices, like the

---

[2] *See* http://www.navg.com/Pages/default.aspx (as of September 5, 2014).

- 3 -
OPPOSITION TO EX PARTE APPLICATION TO APPEAR BY TELEPHONE AT MSC
Case No. 5:14-CV-00735-LHK-HRL

one sent to Plaintiff, which do not disclose the name of the creditor to whom the debt is owed.  This case is not the garden variety individual FDCPA "letter" case.  Second, Defendants minimize the amount of work already done in this matter.  Specifically, there have already been fifty-eight (58) docket entries in this matter, including three fully briefed Motions to Strike.  The parties have also already attended one Case Management Conference.  The amount in controversy in this case exceeds (by at least an order of magnitude) the $2,000 that Defendants posit, plus Plaintiff's attorney fees and costs.

The advancement of this "little case" argument also shows that Defendants' counsel does not take this case seriously, believing it to be a small case with only a nuisance settlement value.  This is the reason parties are required to attend settlement conferences in person – so parties get the view of the other side of the case without the filter of their own attorney (or supposed indemnifier co-Defendant).  Early settlement is an essential tool to assist in controlling the overcrowded dockets of our courts, which federal judges have considerable power to encourage and facilitate.[3]  Only in-person participation in the settlement conference process can achieve this desired result.

**D. Defendants' supposed indemnification relationship is immaterial**

Defendants assert throughout their application that because PERSOLVE will (apparently) indemnify STRIDE CARD, STRIDE CARD need not appear in person at the settlement conference.  There is simply no authority for this position.  Defendants' financial relationship, and how they may choose which entity pays what portion of any judgment or settlement, is neither the concern of Plaintiff and the alleged class, nor the Court.  The fact that STRIDE CARD's liability would arise vicariously from PERSOLVE's actions does not alter STRIDE CARD's status as a full-fledged Defendant in this matter.  Thus, STRIDE CARD needs to comply with the ADR Local Rules and appear in person at the settlement conference in a good faith attempt to resolve this matter.

/ / /

---

[3] Fed. R. Civ. P. 16(a)(5).

- 4 -
OPPOSITION TO EX PARTE APPLICATION TO APPEAR BY TELEPHONE AT MSC
Case No. 5:14-CV-00735-LHK-HRL

**CONCLUSION**

A settlement conference is an important obligation to the Court. Absence therefrom should not be condoned or encouraged. The best way to resolve this case is to have all interested parties in one room, face-to-face, making an earnest effort to resolve it. Plaintiff thus requests that the Court deny Defendants' application for STRIDE CARD and Navigators Insurance to appear by telephone.

CONSUMER LAW CENTER, INC.

Dated:  September 5, 2014 

By: /s/ Raeon R. Roulston
Fred W. Schwinn  (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON