Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (Pro Hac Vice)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
SANDRA LEE JACOBSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, a Colorado limited liability company,<br><br>       Defendants. | Case No. 5:14-CV-00735-LHK-HRL<br><br>**DECLARATION OF FRED W. SCHWINN IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>[Fed. R. Civ. P. 16(b)]<br><br>Hearing Date:  June 18, 2015<br>Hearing Time:  1:30 p.m.<br>Hearing Judge:  Lucy H. Koh<br>Hearing Courtroom: 8, 4th Floor<br>Hearing Location: 280 South First Street<br>         San Jose, California |

I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

   1.  I am an attorney at law duly licensed to practice before all the courts of the State of California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of record for

Plaintiff, SANDRA LEE JACOBSON (hereinafter referred to as "Plaintiff").

Relevant Procedural History

2. On February 18, 2014, Plaintiff filed the Class Action Complaint (Doc. 1) in this case against PERSOLVE and a Doe Defendant, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Thereafter, on March 28, 2014, Plaintiff filed her First Amended Class Action Complaint (Doc. 15) herein to substitute Defendant, STRIDE CARD, LLC, in place of the Doe Defendant.

4. On June 24, 2014, the Court entered a Case Management Order (Doc. 45) setting a deadline to file motion to amend or add parties of October 9, 2014.

5. On October 7, 2014, the Court entered a Case Management Order (Doc. 68) which granted Plaintiff's request to extend the deadline within which to amend her pleadings to add new parties. The Court directed Plaintiff to file any amended pleadings by November 10, 2014.

6. On January 28, 2015, the Court entered a Case Management Order (Doc. 83)extending the deadline to file a motion for class certification to April 6, 2015.

Defendants' Delaying and Obfuscating Tactics

7. Defendants in this case have employed an unrelenting strategy of obfuscation and delay since the beginning of this litigation. To put this matter in context, the central claim of Plaintiff's Complaint against Defendants is that PERSOLVE sends collection letters which do not disclose the creditor on whose behalf PERSOLVE is attempting to collect a debt. Because Plaintiff did not know who PERSOLVE's debt buyer client was, Plaintiff was forced to initially bring this action against a doe

- 2 -

DECLARATION OF FRED W. SCHWINN    Case No. 5:14-CV-00735-LHK-HRL

defendant.

8. I requested that PERSOLVE's counsel informally disclose the name of the its debt buyer client no fewer than 6 times: on March 3, March 17, March 18, March 19 (twice), March 21, and March 27, 2014. Only when sent Plaintiff's portion of a Joint Discovery Dispute letter pursuant to Magistrate Judge Howard R. Lloyd's <u>Standing Order re Civil Discovery Disputes</u> on March 27, 2014, did PERSOLVE's counsel disclose the name of STRIDE CARD, LLC. This pattern was to be repeated throughout the case.

9. Thereafter, on June 17, 2014, Plaintiff propounded formal written discovery on PERSOLVE consisting of 20 Interrogatories, 35 Document Production Requests, and 27 Requests for Admission. That same day, JACOBSON propounded formal written discovery on STRIDE CARD consisting of 20 Interrogatories, 35 Document Production Requests, and 27 Requests for Admission.

10. In mid-July 2014, Defense counsel requested, and was granted a 3-week extension of time to respond to Plaintiff's discovery requests. Defense counsel requested, and was granted another extension of time thereafter, resulting in Defendants' discovery responses being served on August 13, 2014. Throughout this case, Defendants have contended that only an *entity* designated by them as "Persolve, LLC-Legal-Series 2" is potentially liable to Plaintiff and the proposed class for any FDCPA violations in this case, and that "Persolve, LLC-Legal-Series 2" has a negative net worth.

11. Although Defendants produced some documents, these initial discovery responses largely consisted of unmeritorious and boilerplate objections. Thereafter, a Mandatory Settlement Conference in this case was set for September 25, 2014. I communicated with Defendants' counsel regarding Defendants' inadequate discovery responses and requested that they stipulate to continue the Mandatory Settlement Conference in this case so that these issues may be resolved. However, Defendants declined to stipulate to continue the conference. On September 16, 2014, Plaintiff filed a

- 3 -

DECLARATION OF FRED W. SCHWINN          Case No. 5:14-CV-00735-LHK-HRL

Motion to Continue the Settlement Conference (Doc. 63), which the Court denied. (Doc. 64) The case failed to settle at the Mandatory Settlement Conference, in part because JACOBSON simply did not have any information regarding Defendants' true net worth.

12. Thereafter, on October 8, 2014, I sent two meet-and-confer letters to Defendants' counsel, one regarding PERSOLVE's improper objections and inadequate discovery responses (17 pages), and the other regarding STRIDE CARD's improper objections and inadequate discovery responses (14 pages). These meet and confer letters requested that Defendants supplement their discovery responses and produce additional documents by October 31, 2014.

13. On October 28, 2014, Defendants' counsel asked for a one-week extension of time to respond to my October 8 meet-and-confer letters and I granted that request.

14. On November 6, 2014, Defendants' counsel asked for an additional extension of time to supplement Defendants' discovery responses and produce additional documents, this time to Saturday, November 15, 2014. I granted Defendants an extension of time to Monday, November 17, 2014, on the condition that Defendants serve a courtesy copy of their supplemental discovery responses and document production via email on that date, and send the hard copies via overnight delivery.

15. Thereafter, on November 18, 2014, Defendants sent courtesy copies of their supplemental responses and document production via email, and stated that the hard copies had been served via U.S. Mail. To date no hard copies of Defendants' supplemental discovery responses have been received by my office.

16. PERSOLVE's November 18, 2014, emailed supplemental document production consisted of 1,326 pages of PDF documents Bates-numbered PER000119-PER001371, a 26-page spreadsheet Bates-numbered PER001372, a one-page spreadsheet Bates-numbered PER001373, and a one page document Bates-numbered PER001374.

17. STRIDE CARD's November 18, 2014, emailed supplemental document production consisted of a 30-page PDF document Bates-numbered STR000347-STR000376, a 33-page spreadsheet Bates-numbered STR000377, a 36-page spreadsheet Bates-numbered STR000378, and a one-page spreadsheet Bates-numbered STR000379.

18. Because of the volume of Defendants' November 18, 2014, supplemental document production, the lack of code-compliant hard copies, and receipt of the emailed documents immediately prior to the Thanksgiving and Christmas holidays, I was unable to complete my inventory and review of Defendants' supplemental document production until the end of December 2014.

19. On December 31, 2014, my associate, Raeon R. Roulston, sent a further meet-and-confer letter (7 pages) to Defendants' counsel regarding the issue of PERSOLVE's net worth. The letter noted that there is additional information and/or documents in Defendants' possession, custody or control regarding the net worth of Persolve, LLC, which Defendants had failed to produce. The letter further set forth several categories of documents still outstanding, and requested that Defendants further supplement their discovery responses and document production by January 9, 2015.

20. Having received no supplemental discovery responses or further document production from Defendants, on January 23, 2015, pursuant to Magistrate Judge Howard R. Lloyd's <u>Standing Order re Civil Discovery Disputes</u>, I requested an in-person meet-and-confer session with Defendants' counsel in my firm's San Jose offices on January 28, 2015.

21. Thereafter, on January 28, 2015, Raeon R. Roulston and I met with Defendants' counsel, Stephen Watkins, in my firm's San Jose office for approximately one and a half hours. During this meeting, Mr. Watkins stated that PERSOLVE refused to produce all the documents requested by JACOBSON in this case, because doing so would "disrupt PERSOLVE's business." I asked Mr. Watkins if his clients would stipulate to grant JACOBSON leave to file a <u>Second Amended Class</u>

Action Complaint. Mr. Watkins stated unequivocally that Defendants in this case would not so stipulate.

22. Mr. Watkins stated that he would speak with Defendants regarding whether or not they would agree to further supplement their discovery responses and produce the requested documents. As of the date of this declaration, Mr. Watkins has not provided me an answer one way or another. Thereafter, on February 11, 2015, the parties filed two Discovery Dispute Joint Reports with Magistrate Judge Howard R. Lloyd, which remain pending at this time.

Evidence in Support of Adding Parties

23. PERSOLVE's November 18, 2014, document production contained a document Bates-numbered PER000125, which purports to be a summary of checks which had been written, but held (presumably not mailed). The document states that as of November 11, 2014, Persolve, LLC-Legal-Series 2 had two "held checks" which were written to Fred A. Marcussen, CPA. These held checks were to be payment for amended tax returns for KLING PORTFOLIO ACQUISITIONS, LLC, and a 2012 tax return for THE RESOLUTION LAW GROUP, APC. A true and correct copy of the said document is attached hereto as Exhibit "B."

24. PERSOLVE also produced a 2011 partnership tax return for Persolve, LLC-Legal-Series 2, also prepared by Fred A. Marcussen, CPA, which discloses on a document Bates-numbered PER00062 that FLORENTINE PARTNERS, LLC, maintains a 56% interest in Persolve, LLC-Legal-Series 2, and on a document Bates-numbered PER00072 that Persolve, LLC-Legal-Series 2 owns a 100% interest in the entity ACCOUNT RESOLUTION FINANCE, LLC. A true and correct copy of the said documents is attached hereto as Exhibit "C."

25. Pursuant to a Subpoena I issued and served on JPMorgan Chase Bank, N.A., I received a document titled "Amended and Restated Authorizing Resolution Establishing Series

Persolve, LLC – Series 3." Schedule A of this document lists the holders of Common and Class A Preferred Interests in Persolve, LLC – Series 3, including Paul Castagna, a manager and/or officer of both PERSOLVE and FLORENTINE PARTNERS, LLC. Schedule A further reveals various other members of the Castagna family, including Jeffery Castagna, Tracy Castagna, Ryan Castagna, Josephine Castagna, Armand J. Castagna and Linda Castagna, are/were substantial investors in Series 3, to the tune of more than 1.5 million dollars. A true and correct copy of the said Schedule A is attached hereto as Exhibit "D."

26. Pursuant to a Subpoena I issued and served on JPMorgan Chase Bank, N.A., I received a number of checking account statements for Persolve, LLC-Legal-Series 2. One such account statement, dated March 31, 2012, through April 30, 2012, shows an online wire transfer in the amount of $9,243.21, to the Lillian Kling Irrevocable Trust, described as a "Monthly Collection Payment." The statement also shows an online wire transfer in the amount of $1,963.49 to Florentine Siena Partners, LLC, described as a "Monthly Collection Remittance." A true and correct copy of the said account statement is attached hereto as Exhibit "E."

27. On or about October 7, 2014, I received a letter from Daniel Bass, an attorney employed by PERSOLVE, which purported to be from THE RESOLUTION LAW GROUP, APC, in the unrelated case of *Absolute Resolutions Corp. v. Alexander A. Welz*, Santa Clara case number 1-14-CV-266284. The October 7, 2014, letter contained a signature block of PERSOLVE, LLC, despite being drafted on the letterhead of THE RESOLUTION LAW GROUP, APC, and despite PERSOLVE ostensibly not being a party to, or otherwise connected to, the *Welz* action. Moreover, Mr. Bass' letter states that it is regarding the case of "Persolve LLC v. Alexander A. Welz," a non-existent action. A true and correct copy of Mr. Bass' letter is attached hereto as Exhibit "F."

28. On or about October 9, 2014, I received another letter from Daniel Bass in

aforementioned *Absolute Resolutions Corp. v. Alexander A. Welz* case. The October 9, 2014, letter was sent in an envelope with PERSOLVE, LLC's printed return address, despite being drafted under the letterhead of THE RESOLUTION LAW GROUP, APC, and despite PERSOLVE ostensibly not being a party to, or otherwise connected to, the *Welz* action. Moreover Mr. Bass' states that it is regarding the case of "Persolve LLC v. Alexander A. Welz," a non-existent case. A true and correct copy of the said letter is attached hereto as Exhibit "G."

29. On or about January 27, 2015, I received in the mail a <u>Declaration of Edit Alexandryan in Response to OSC Re: Plaintiff's Failure to Appear</u> in the aforementioned *Absolute Resolutions Corp. v. Alexander A. Welz* case. The document was sent in a PERSOLVE, LLC, envelope, despite PERSOLVE ostensibly not being a party to, or otherwise connected to, the *Welz* action. Moreover, the attorney block of the said declaration represents that Robert H. Engilman, a manager and/or officer of PERSOLVE, is an attorney at THE RESOLUTION LAW GROUP, APC. A true and correct copy of the said letter is attached hereto as Exhibit "H."

30. During discovery, STRIDE CARD produced a document purporting to be a Balance Sheet of STRIDE CARD as of May 31, 2014. The document, Bates-numbered STR00248, shows significant unexplained "liabilities" to SC1-20 and SC1-80. Based on the information in this document, but for these "liabilities", STRIDE CARD would have substantial equity. A true and correct copy of the said balance sheet is attached hereto as Exhibit "I."

31. During discovery, STRIDE CARD produced a document titled Amendment No. 1 to Operating Agreement of Stride Card, LLC. The document, Bates-numbered STR00306-STR00307, is signed by all the members of STRIDE CARD and appears to show a non-compete agreement between SC1-20 and STRIDE CARD. A true and correct copy of the said document is attached hereto as Exhibit "J."

32. During discovery, STRIDE CARD produced a document titled Amendment No. 1 to Participation Agreement Portfolio Purchase. The document, Bates-numbered STR00308, is signed by managers for STRIDE CARD, SC1-20, and SC1-80, and appears to show a non-compete agreement between the individual members of STRIDE CARD and STRIDE CARD itself. A true and correct copy of the said document is attached hereto as Exhibit "K."

33. During discovery, STRIDE CARD produced various documents titled Reconciliation Detail, apparently for the months January 2012, through June 2014. In virtually every month, significant payments are made by STRIDE CARD to SC1-20, SC1-80, and LLANFARE PARTNERS, LLC. A true and correct copy of the Reconciliation Details for the period ending May 31, 2012, June 30, 2012, and July 31, 2012, and Bates-numbered STR00132, STR00136, and STR00140, is attached hereto as Exhibit "L."

34. On January 7, 2015, I served subpoenas on the following entities, seeking to determine the extent of their relationship with the named Defendants in this matter: SC1-20, LLC; SC1-80, LLC; LLANFARE PARTNERS, LLC; ACCOUNT RESOLUTION FINANCE, LLC; FLORENTINE PARTNERS, LLC; KLING PORTFOLIO ACQUISITIONS, LLC; and THE RESOLUTION LAW GROUP, APC. Over the next two weeks I received objections from most of the parties subpoenaed. The Objections received from FLORENTINE PARTNERS, LLC; LLANFARE PARTNERS, LLC; SC1-20, LLC; SC1-80, LLC; and Fred A. Marcussen, CPA, are all <u>identical</u> in language, formatting and content, with the exception of the name of the objecting party. I do not believe this to be a coincidence, as I believe one person drafted these Objections on behalf of each of these ostensibly separate entities. A true and correct copy of the said Objections is attached hereto as Exhibit "M."

/ / /

## ATTEMPTS TO MEET AND CONFER

35. During the January 28, 2015, in-person meet-and-confer session, I asked counsel for Defendants, Stephen Watkins if his clients would stipulate to grant Plaintiff leave to file a <u>Second Amended Class Action Complaint</u> in this case. Mr. Watkins stated unequivocally that Defendants would not so stipulate.

36. Plaintiff has filed her <u>Motion for Leave to File Second Amended Class Action Complaint</u> at the earliest possible time, and just over 90 days after discovering the facts which support the parties sought to be added by the <u>Second Amended Class Action Complaint</u>.

37. Defendants will not be prejudiced or surprised by the parties Plaintiff seeks to add in her <u>Second Amended Class Action Complaint</u>. Defendants have always been fully aware that there is such a unity of interest and ownership between the PERSOLVE Defendants that the separate personalities of the corporations, limited liability companies, and the members and shareholders do not in reality exist. Defendants have always been aware that the STRIDE CARD Defendants have operated as a joint venture. However, due to Defendants' delay and obfuscation, these facts have only very recently been discovered by Plaintiff in this case. There was no possible way for Plaintiff to discover that the originally named Defendants in this case, were all part of debt collection enterprises and/or joint ventures until Plaintiff conducted discovery. Additional discovery will be required regarding the claims sought to be added by Plaintiff, as the parties sought to be added have, presumably at Defendants' request, objected to the Subpoenas served on them and refused to produce any documents.

38. A copy of Plaintiff's proposed <u>Second Amended Class Action Complaint</u> is attached hereto and identified as Exhibit "A."

/ / /

/ / /

- 10 -

DECLARATION OF FRED W. SCHWINN            Case No. 5:14-CV-00735-LHK-HRL

I declare under penalty of perjury, under the laws of the United States, 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed at San Jose, California on February 23, 2015.

          /s/ Fred W. Schwinn
          Fred W. Schwinn
          Attorney for Plaintiff
          SANDRA LEE JACOBSON