***E-Filed: April 1, 2015***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>    Plaintiff,<br>  v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES; et al.,<br><br>    Defendants.<br>_____/ | No. C14-00735 LHK (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**<br><br>**[Re: Docket No. 85]** |

    Sandra Lee Jacobson sues Persolve, LLC ("Persolve") and Stride Card, LLC ("Stride Card") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Plaintiff alleges that Persolve, a third-party debt collector, sent a collection letter on behalf of Stride Card that does not state or disclose the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2) and Cal. Civ. Code § 1788.17.

    Persolve is a master LLC whose organizing document provides for separate sub-units (series), which operate as independent LLCs. Here, Persolve has issued Persolve Legal-Series 1 ("PL1") and Persolve Legal-Series 2 ("PL2"). PL2 is the entity that sent the collection letter at issue. Persolve Legal-Series 3 ("PL3") also existed at the time of the formation of the master LLC, but PL3 was dissolved in June 2013 as part of a merger with PL1.

In Discovery Dispute Joint Report #1, Plaintiff seeks documents relating to Persolve's net worth, for the purposes of filing a motion for class certification and determining potential damages.[1] Plaintiff contends that to get a true accounting of Persolve's financial standing, Persolve must produce several different categories of documents relating to Persolve or any related series LLC or other entity. Each of these categories of documents will be addressed in turn.

First, Plaintiff requests a complete list of all debt portfolios currently owed, in whole or in part, directly or indirectly, by Persolve, and a detailed valuation for each portfolio. Plaintiff asserts that Persolve has provided only a listing of all debt portfolios owned by PL2. PL1 and Persolve, however, do not own debt portfolios. Plaintiff further asserts that in regards to PL2's debt portfolios, rather than provide the price paid for the portfolios and the amounts collected therefrom, Persolve has stated that the portfolios have no fair market value. However, Persolve is not obligated to create documents to respond to a document request. Plaintiff's first request is denied.

Second, Plaintiff requests a complete listing of all debt portfolios purchased, sold, or brokered, in whole or in part, directly or indirectly, by Persolve in the last two years and the price paid and/or received for each portfolio. Plaintiff argues that Persolve has failed to state the price paid for the portfolios provided. However, neither PL2 nor PL1 has purchased portfolios in the last two years, and therefore there are no responsive documents. Plaintiff's second request is denied.

Third, Plaintiff requests a complete listing of all accounts receivable for Persolve, including any of its series or related entities. PL1, however, has no accounts receivable. In regards to PL2, PL2's balance statement shows that receivables to contingency clients is the only "accounts receivable" for PL2. Persolve asserts that PL2 will produce this information, subject to protective order. The Court orders Persolve to produce this information for PL2, subject to protective order, if it has not already done so.

Fourth, Plaintiff requests all agreements, contracts, loan notes, and similar documents for all associated and affiliated companies to which Persolve, including any of its series or related entities, currently owes a debt for any reason or owed a debt in the last three years. Plaintiff argues that

---

[1] In a class action, a debt collector is liable to the class in "(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

Persolve has failed to produce all responsive agreements for PL2 as well as the requested information for the associated LLCs. Fifth, Plaintiff requests all agreements, contracts, loan notes, accounts and similar documents for all associated and affiliated companies to which Persolve, including any of its series or related entities, is currently owed a debt for any reason or was owed a debt in the last three years. Plaintiff argues that Persolve has failed to provide any of this information. Sixth, Plaintiff requests a detailed listing of all liability and payable accounts for the last three years. Plaintiff argues that Persolve has failed to provide any of this information. Seventh, Plaintiff requests a detailed listing of all LLC members' capital accounts. Plaintiff argues that Persolve has failed to provide any of this information.

In regards to Plaintiff's fourth, fifth, sixth, and seventh requests, Persolve asserts that these documents are irrelevant. Plaintiff makes these requests based on the theory that alter-ego, under-capitalization and other veil-piercing theories may be available to her because Persolve may be part of a debt collection enterprise that conceals its true net value by shifting funds through subsidiary LLCs and managing partners. Although Plaintiff's proposed second amended complaint alleges alter-ego theories, Plaintiff's first amended complaint (the operative complaint) does not. Absent good cause, parties are not entitled to discovery to develop new claims or defenses that are not identified in the pleadings. *In re REMEC, Inc. Sec. Litig.*, No. 04-CV-1948 JLS (AJB), 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008) (citing Fed. R. Civ. P. 26(b)(1)). Here, Plaintiff has not demonstrated good cause to conduct such discovery. Discovery related to alter ego claims is therefore irrelevant at this point in time. *See, e.g.*, *Martinez v. Manheim Central Cal.*, No. 10-CV-1511, 2011 WL 1466684, at *5 (E.D. Cal. Apr. 18, 2011); *Anchondo v. Anderson, Crenshaw, & Assocs., L.L.C.*, 256 F.R.D. 661, 669 (D.N.M. 2009). Accordingly, Plaintiff's fourth, fifth, sixth, and seventh requests are denied. Plaintiff may bring these requests again in the event that Judge Lucy Koh grants Plaintiff's pending motion for leave to file a second amended class action complaint.

Eighth, Plaintiff requests a copy of the corporate record book for Persolve, including any of its series or related entities. Plaintiff argues that the record book must include all formation documents, company bylaws, board of director meeting minutes, resolutions, etc. (including any

amendments, supplements, or restatements), including but not limited to "Original Operating Agreement," "Amended and Restated Certificate of Formation," and "Authorizing Resolutions" for each series.  However, a corporate record book for Persolve does not exist because Persolve is a limited liability company, not a corporation.  Company bylaws and board of director meeting minutes do not exist and are not required for a LLC.  Nevertheless, there are documents that exist for Persolve that are not part of a corporate record book.  Persolve agrees that Persolve, PS1 and PS2 will produce operating agreements, certificates of formation (subject to redaction), and resolutions (subject to redaction) pursuant to protective order, to the extent they exist.  The Court orders Persolve to produce these documents, subject to protective order, if it has not already done so.

As a general matter, Plaintiff asserts that Persolve has refused to provide any information regarding PL3 or Persolve.  However, the only existing Persolve entities with financials are PL1 and PL2.  Persolve does not have independent financials as a master LLC that acts only through PL1 and PL2.  In regards to financial information for PL3, PL3 was dissolved in June 2013 as part of a merger.  Information relating to PL1, PL2, and PL3 prior to the June 2013 merger is not relevant to present net worth.

Finally, Plaintiff asserts that Persolve has redacted its document production to conceal the names of its managing partners and related entities, and Persolve should be ordered to produce unredacted versions of the documents.  This request is denied.  As discussed above, discovery related to alter ego claims is irrelevant at this point in time.  Plaintiff may bring this request again in the event that Judge Koh grants Plaintiff's pending motion for leave to file a second amended class action complaint.

**IT IS SO ORDERED.**

Dated:  April 1, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-00735 LHK (HRL) Notice will be electronically mailed to:**

Charles Robert Messer  messerc@cmtlaw.com, brooksl@cmtlaw.com, brownk@cmtlaw.com, felipeg@cmtlaw.com

David J. Kaminski  kaminskd@cmtlaw.com, brooksl@cmtlaw.com, Brownk@cmtlaw.com, lopezp@cmtlaw.com

Fred W. Schwinn  fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

O. Randolph Bragg  rand@horwitzlaw.com, shannon@horwitzlaw.com

Raeon Rodrigo Roulston  raeon.roulston@sjconsumerlaw.com

Stephen Albert Watkins  watkinss@cmtlaw.com, watkinss@cmtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**