*E-Filed: April 2, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>            Plaintiff,<br>    v.<br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES; et al.,<br><br>            Defendants.<br>_____/ | No. C14-00735 LHK (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2**<br><br>**[Re: Docket No. 86]** |

Sandra Lee Jacobson sues Persolve, LLC ("Persolve") and Stride Card, LLC ("Stride Card") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Stride Card is engaged in the business of collecting defaulted consumer debts in California. Plaintiff alleges that Persolve, a third-party debt collector, sent a collection letter on behalf of Stride Card that does not state or disclose the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2) and Cal. Civ. Code § 1788.17. Plaintiff asserts that because Stride Card both engaged Persolve to collect defaulted consumer debts on its behalf and directed the alleged unlawful activities, Stride Card is liable for the acts of Persolve.

In Discovery Dispute Joint Report #2, Plaintiff seeks documents relating to Stride Card's net worth, for the purposes of filing a motion for class certification and determining potential damages.[1]

---

[1] In a class action, a debt collector is liable to the class in "(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all

United States District Court
For the Northern District of California

Plaintiff contends that the documents and information that Stride Card has produced do not properly disclose its net worth.

According to Plaintiff, information and documents obtained from Stride Card show that over the past several years, Stride Card has made substantial payments to numerous, possibly-related entities: Llanfare Partners, LLC; Collection Licensing, LLC; Nicholas Machol; Chris Hines; Eide Bailly, LLP; EideBailly; Surety Solutions; Fitzgerald Debt Acquisitions, LLC; Kingston Financial; SC1-80, LLC ("SC1-80"); SC1-20, LLC ("SC1-20"); C&E Acquisition; Liberty Acquisitions II, LLC; Harvest Strategy Group; International Credit Services, LLC; Poulton Associates, Inc.; Active Collection Agency; and Machol & Johannes, LLC. Plaintiff asserts that Stride Card is concealing its true net worth by shifting funds through affiliated subsidiaries and/or LLCs as well as managing partners. Plaintiff requests that the Court order Stride Card to produce the agreements, contracts, or other written evidence that show the reason and amount for each of Stride Card's obligations to these entities for the last three years.

In addition, Plaintiff asserts that corporate formation documents obtained from Stride Card show that Stride Card was created for the benefit of two subsidiaries: SC1-20 and SC1-80. Plaintiff requests production of the "SC1 Participation Agreement" that created these affiliates, arguing that it will show the extent to which SC1-20 and SC1-80 invested in Stride Card and the initial contribution of each, as well as the monthly payments each is entitled to receive.

Plaintiff makes these requests based on the theory that alter-ego, under-capitalization and other veil-piercing theories may be available to her. Although Plaintiff's proposed second amended complaint alleges alter-ego theories, Plaintiff's first amended complaint (the operative complaint) does not. Absent good cause, parties are not entitled to discovery to develop new claims or defenses that are not identified in the pleadings. *In re REMEC, Inc. Sec. Litig.*, No. 04-CV-1948 JLS (AJB), 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008) (citing Fed. R. Civ. P. 26(b)(1)). Here, Plaintiff has not demonstrated good cause to conduct such discovery. Discovery related to alter ego claims is therefore irrelevant at this point in time. *See, e.g.*, *Martinez v. Manheim Central Cal.*, No. 10-CV-1511, 2011 WL 1466684, at *5 (E.D. Cal. Apr. 18, 2011); *Anchondo v. Anderson, Crenshaw, &*

---

other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B).

*Assocs., L.L.C.*, 256 F.R.D. 661, 669 (D.N.M. 2009). Accordingly, Plaintiff's requests are denied. Plaintiff may bring these requests again in the event that Judge Lucy Koh grants Plaintiff's pending motion for leave to file a second amended class action complaint.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C14-00735 LHK (HRL) Notice will be electronically mailed to:**

Charles Robert Messer     messerc@cmtlaw.com, brooksl@cmtlaw.com, brownk@cmtlaw.com, felipeg@cmtlaw.com

David J. Kaminski     kaminskd@cmtlaw.com, brooksl@cmtlaw.com, Brownk@cmtlaw.com, lopezp@cmtlaw.com

Fred W. Schwinn     fred.schwinn@sjconsumerlaw.com, cand_cmecf@sjconsumerlaw.com, fschwinn@gmail.com

O. Randolph Bragg     rand@horwitzlaw.com, shannon@horwitzlaw.com

Raeon Rodrigo Roulston     raeon.roulston@sjconsumerlaw.com

Stephen Albert Watkins     watkinss@cmtlaw.com, watkinss@cmtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**