Charles R. Messer (SBN: 101094)
messerc@cmtlaw.com
David J. Kaminski (SBN: 128509)
kaminskid@cmtlaw.com
Stephen A. Watkins (SBN: 205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
Attorneys for Defendants,
PERSOLVE, LLC and STRIDE CARD, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LEE JACOBSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br><br>PERSOLVE, LLC, D/B/A ACCOUNT RESOLUTION ASSOCIATES, a Delaware limited liability company; and STRIDE CARD, LLC, a Colorado limited liability company,<br><br>Defendants | Case No. 5:14-cv-00735-LHK<br><br>**OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Lucy H. Koh<br><br>Date: June 18, 2015<br>Time: 1:30 p.m.<br>Ctrm: 8 |

## TABLE OF CONTENTS

I.    Introduction.................................................................................................................1

II.   Plaintiff's Class cannot be certified .......................................................................1

      A.   Plaintiff's Class ................................................................................................1

      B.   the Court must conduct a "rigorous analysis" before deciding to certify a
           class...................................................................................................................2

      C.   Each requirement of FRCP Rule 23(a) and one part of Rule 23(b) must be
           satisfied ............................................................................................................2

      D.   Plaintiff's Class lacks superiority ...................................................................3

           1.   Persolve's net worth ................................................................................3
           2.   Any class action against Persolve lacks superiority .................................5
           3.   Stride Card's net worth............................................................................7
           4.   Any class action against Stride Card lacks superiority .............................7

III.  Stride Card's net worth data is not relevant ..........................................................9

IV.   Plaintiff's request for declaratory relief class is improper ....................................10

V.    Conclusion ..............................................................................................................13

**TABLE OF AUTHORITIES**

**CASES**

*Algarin v. Maybelline, LLC*,
      12CV3000 AJB DHB, 2014 WL 1883772  (S.D. Cal. May 12, 2014) .............................12

*Amchem Prods. Inc. v. Windsor*,
      521 U.S. 591 (1997) ....................................................................................................2, 3

*American Pipe & Construction Co. v. Utah*,
      414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) .........................................................6

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
      133 S. Ct. 1184, 1194, 185 L. Ed. 2d 308 (2013) ............................................................5

*Arnold v. United Artists Theatre Circuit, Inc.*,
      158 F.R.D. 439 (N.D. Cal. 1994) ..............................................................................10, 12

*Berlowitz v. Nob Hill Masonic Mgmt., Inc.*,
      No. C–96–01241 MHP, 1996 WL 724776,  (N.D.Cal. Dec. 6, 1996)................................4

*Bolin v. Sears, Roebuck & Co.*,
      231 F.3d 970 (5th Cir. 2000) ...........................................................................................13

*Bryant v. Bonded Account Serv./Check Recovery, Inc.*,
      208 F.R.D. 251 (D. Minn. 2000) .......................................................................................6

*Carr v. Tadin, Inc.*,
      No. 12-CV-3040 JLS JMA, 2014 WL 7497152, (S.D. Cal. Apr. 18, 2014) ......................6

*Carr v. Tadin, Inc.*,
      No. 12-CV-3040 JLS JMA, 2014 WL 7499453 (S.D. Cal. May 2, 2014). ........................6

*Crawford v. Equifax Payment Servs., Inc.*,
      201 F.3d 877 (7th Cir. 2000) ...........................................................................................11

*Commander Properties Corp. v. Beech Aircraft Corp.*,
      164 F.R.D. 529 (D. Kan. 1995) .........................................................................................6

*del Campo v. Am. Corrective Counseling Servs., Inc.*,
      254 F.R.D. 585, 597 (N.D. Cal. 2008) ..........................................................................8, 9

*Dominguez v. Schwarzenegger*,
      270 F.R.D. 477 (N.D. Cal. 2010) ......................................................................................2

*Drossin v. National Action Fin. Servs.*,
     255 F.R.D. 608 (S. D. Fla. 2009) ...............................................................................12

*Fainbrun v. Southwest Credit Systems, L.P.*,
     2008 WL 750550 (E.D. N.Y. 2008) .............................................................................8

*Gannon v. Network Tel. Servs., Inc.*,
     CV 12-9777-RGK PJWX, 2013 WL 2450199 (C.D. Cal. June 5, 2013 ...........................2

*Gradisher v. Check Enforcement Unit, Inc.*,
     No. 00 C 401, 2003 WL 187416, (W.D. Mich. Jan.22, 2003) .........................................8

*Jones v. CBE Grp., Inc.*,
     215 F.R.D. 558 (D. Minn. 2003) ..................................................................................8

*Gold v. Midland Credit Mgmt., Inc.*,
     No. 13-CV-02019-BLF, 2014 WL 5026270 (N.D. Cal. Oct. 7, 2014) ...........................11

*Gonzales v. Arrow Fin. Servs., LLC*,
     660 F.3d 1055 (9th Cir. 2011) ....................................................................................3

*Gonzales v. Arrow Fin. Servs., LLC*,
     233 F.R.D. 577 (S.D. Cal. 2006) ...............................................................................12

*In re Gypsum Antitrust Cases,*
     565 F.2d 1123 (9th Cir. 1977) ....................................................................................7

*In re High-Tech Employee Antitrust Litig.*,
     985 F. Supp. 2d 1167 (N.D. Cal. 2013) ...................................................................5, 9

*In re Hotel Tel. Charges*,
     500 F.2d 86 (9th Cir. 1974) ........................................................................................6

*Irwin v. Mascott*,
     96 F. Supp. 2d 968 (N.D. Cal. 1999) ........................................................................12

*Kohlenbrener v. Dickinson*,
     No. 94–C–4696, 1996 WL 131736 (N.D. Ill. Mar. 15, 1996) .........................................7

*Lozano v. AT&T Wireless Servs., Inc.*,
     504 F.3d 718 (9th Cir. 2007) ....................................................................................10

*Macarz v. Transworld Sys., Inc.*,
     201 F.R.D. 54  (D. Conn. Jan. 8 2001), *on reconsideration* (May 11, 2001).....................6

*Mansfield v. Midland Funding, LLC*,
  No. 09CV358 L WVG, 2011 WL 1212939  (S.D. Cal. Mar. 30, 2011) ............................4

*Miranda v. Field Asset Servs.*,
  3:11-CV-1514-GPC-JMA, 2013 WL 124047 (S.D. Cal. Jan. 9, 2013 ............................10

 *Mund v. EMCC, Inc.*,
  259 F.R.D. 180 (D. Minn. 2009) ...................................................................................7

*Molski v. Gleich*,
  318 F.3d 937 (9th Cir. 2003)  ......................................................................................10

*Petrolito v. Arrow Fin. Servs., Inc.*,
  221 F.R.D. 303 (D. Conn. 2004) ..................................................................................12

*Probe v. State Teachers' Retirement System*,
  780 F.2d 776 (9th Cir. 1986)  ......................................................................................12

*Sanders v. Jackson*,
  209 F.3d 998 (7th Cir.2000)  ......................................................................................3, 4

*Schlegel v. Wells Fargo Bank, NA*,
  720 F.3d 1204 (9th Cir. 2013).  ...................................................................................10

*Schwarm v. Craighead*,
  233 F.R.D. 655 (E.D. Cal. 2006) .................................................................................12

*Sibley v. Fulton Dekalb Collection Serv.*,
  677 F.2d 830 (11th Cir. 1982) .....................................................................................11

*Sonmore v. CheckRite Recovery Services, Inc.*,
  206 F.R.D. 257 (D.Minn.2001) .....................................................................................8

*Trevino v. ACB Am., Inc.*,
  232 F.R.D. 612 (N.D. Cal. 2006).  ................................................................................5

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996).  ......................................................................................2

*Varnado v. Midland Funding LLC*,
  No. C-13-05705 DMR, 2014 WL 1994622  (N.D. Cal. May 15, 2014).........................11

*Vinole v. Countrywide Home Loans, Inc.*,
  571 F.3d 935 (9th Cir. 2009).  ......................................................................................2

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ........................................................2, 10, 12

*Weiss v. Regal Collection*s,
    85 F.3d 337 (3d Cir. 2004) ..............................................................................11


**STATUTES AND RULES**

15 U.S.C. § 1692 *et seq.*..........................................................................................1

15 U.S.C. § 1962a(6 .............................................................................................9

15 U.S.C. § 1692g(a)(2) .......................................................................................1

15 U.S.C. § 1692k(a)(2)(B) .................................................................................3

15 U.S.C. § 1692k(b) ...........................................................................................5

15 U.S.C. § 1692k ..............................................................................................10

*Cal. Civ. Code* § 1788.17 ......................................................................................1

Fed. R. Civ. P. 23(a) ............................................................................................2

Fed. R. Civ. P. 23(b) ............................................................................................2

Fed. R. Civ. P. 23(b)(2) ..................................................................................1, 10

Fed. R. Civ. P. 23(b)(3) ........................................................................................1

Fed. R. Civ. P. 23(b)(3)(A) ..................................................................................3

Fed. R. Civ. P. 23(c)(2) ........................................................................................6


**OTHER**

October 2011 Tax News, California Franchise Tax Board ..........................................4

## I.    Introduction

Plaintiff Sandra Jacobson ("Plaintiff") seeks to certify a class under 23(b)(3) that would result in little to no recovery to the putative class and a class under 23(b)(2) although there is no likely recurrence of the alleged harm.

Plaintiff alleges that Persolve, LLC ("Persolve") allegedly sent a defective collection letter to her and to numerous other individuals in California on behalf of Stride Card.  Plaintiff states the collection letter violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), because it allegedly fails to identify the current creditor in violation of Section 15 U.S.C. § 1692g(a)(2) and Section 1788.17 of the Rosenthal Act (*Cal. Civ. Code* §1788 *et seq.*) via its incorporation of Section 1692g.

Plaintiff seeks a class under both 23(b)(3) and 23(b)(2).  (Motion at 13:21)  However she has failed to meet *her burden* to demonstrate she can meet the requirements of Fed. R. Civ. P. 23.  No class under 23(b)(3) should be certified, because Plaintiff has failed to demonstrate how a class action that will result in little or no recovery to class members is a superior means of resolving this dispute.

Plaintiff's request to certify a class under Rule 23(b)(2) must be denied as neither the FDCPA nor the Rosenthal Act provide for injunctive or declaratory relief, nor is there a need for these remedies given this record.

Plaintiff's Motion for Class Certification should be denied.

## II.    Plaintiff's Class Cannot Be Certified

### A.    Plaintiff's Class

Plaintiff's alleged class is as follows:

"[A]ll persons with addresses in California (ii) to whom PERSOLVE sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of Defendant,

STRIDE CARD, LLC, (iii) in an attempt to collect an alleged debt originally owed to Wells Fargo Bank, N.A. (iv) which was incurred primarily for personal, family, or household purposes (as shown by Defendant's records or the records of the original creditor), (v) which were not returned as undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification. . . ."

(First Amended Complaint, ¶ 26).

As shown below, Plaintiff's class is uncertifiable.

**B. The Court must conduct a "rigorous analysis" before deciding to certify a class**

District courts have broad discretion to control the class certification process. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). The trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996). This rigorous analysis may go beyond mere pleadings in establishing these elements. *Dominguez v. Schwarzenegger,* 270 F.R.D. 477, 484 (N.D. Cal. 2010).

**C. Each requirement of FRCP Rule 23(a) and one part of Rule 23(b) must be satisfied**

Plaintiff bears the burden of proving each of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and at least one of the requirements of Rule 23(b). *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Rule 23(a) requires a showing of numerosity, commonality, typicality and adequacy. There is also an implied criteria for certification under Rule 23(a) that the class must be ascertainable or identifiable ("ascertainability"). *See Gannon v. Network Tel. Servs., Inc.,* CV 12-9777-RGK PJWX, 2013 WL 2450199 at *2 (C.D. Cal. June 5, 2013). Plaintiff claims that she is seeking a "hybrid" class, so she must satisfy both (b)(2) and (b)(3). *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558, 180 L. Ed. 2d 374 (2011).

### D.    Plaintiff's Class Lacks Superiority

Rule 23(b)(3)(A) invites a court to evaluate "the interest of members of the class in individually controlling the prosecution or defense of separate actions."  Fed.R.Civ.P. 23(b)(3)(A).  In setting out Rule 23(b)(3)'s factors for a court to consider, it was "anticipated that in each case, courts would 'consider the interests of individual members of the class in controlling their own litigations.'" *Amchem*, 521 U.S. at 616, 117 S.Ct.  2231 (citation omitted). Defendants contend that class treatment would be detrimental to absent class members because it would either result in no recovery for class members, or limit their potential available recovery to approximately 5,000 times less than they would potentially recover if pursuing their individual claims.

### 1.    Persolve's Net Worth

The FDCPA provides that in the case of a class action the total recovery shall "not exceed the lesser of $500,000 or 1 per centum of net worth of the debt collector."  15 U.S.C. § 1692k(a)(2)(B).  The limits imposed by 1692k are intended to ensure that "punishment [is] meted out according to a business's ability to absorb the penalty."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1068 (9th Cir. 2011) (*citing Sanders v. Jackson*, 209 F.3d 998, 1002 (7th Cir.2000)).

A series LLC is a master LLC whose organizing document provides for separate sub-units (series), which operate as independent LLCs.  *See* Declaration of Bill Finley, ¶4.  Persolve, LLC, as a master LLC, has issued Persolve, LLC-Legal-Series 2 ("PL2") and Persolve Legal-Series 1 ("PL1").  *Id.*  PL2 is the entity that sent the collection letter at issue.  *Id.*  Therefore, PL2's net worth is the only relevant net worth.

PL2's net worth is negative $659,695 as of December 31, 2013 and negative $473,579 as

of December 31, 2014. Finley Decl, ¶¶8-10. Therefore, the most a class member could recover against PL2 would be zero. Plaintiff's argument that goodwill should be included in the net worth calculation has already been rejected in *Sanders*. 209 F.3d at 1004. Although Plaintiff claims this Court should not take "Defendants' assertions of poverty at face value," (Motion at 11:9-11) she ignores that it is her burden to move beyond mere speculation to establish grounds for certification.

Plaintiff's class certification motion is limited to the claims in her operative Complaint. *See Berlowitz v. Nob Hill Masonic Mgmt., Inc.,* No. C–96–01241 MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) (rejecting plaintiff's attempt to certify a class different from that alleged in the complaint, because the "court is bound by the class definition provided in the complaint ... and will not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to amend it"); *Mansfield v. Midland Funding, LLC*, No. 09CV358 L WVG, 2011 WL 1212939, at *1 (S.D. Cal. Mar. 30, 2011) *("*The Court notes that defendants' motion concerning class certification must be limited to the operative complaint and not to the proposed FAC.")

Plaintiff's claims regarding alter ego and joint venture in her proposed Second Amended Complaint have not yet been ruled upon. This Court has already held that discovery relating to those entities is not relevant until a ruling on said Motion. (See ECF 94). Based on the record before this Court, PL2's net worth is negative. Plaintiff asserts that the Series LLC "organizational structure is not recognized in California," (Motion at 10:28), but she does not cite any authority whereby a court expressly held that the structure did not establish sufficient corporate separation between Series LLCs. PL2 is the only relevant entity for net worth. *Compare* Tax News October 2011, Ex. A to Request for Judicial Notice, available at

www.ftb.ca.gov/archive/professionals/taxnews/2011/october/october_2011.pdf ("We take the position that if each unit has the features listed above under the laws of the state where the series LLC was formed, then each unit will be treated as a separate entity for filing and tax purposes.")

Plaintiff has not made any showing as to how PL1's net worth is relevant to this litigation.  Plaintiff may argue that whether PL1 is liable under the FDCPA is a merits issue, but this issue clearly overlaps with the superiority inquiry.  *See In re High-Tech Employee Antitrust Litig.*, 985 F. Supp. 2d 1167, 1178 (N.D. Cal. 2013) ("court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'") (citing *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194, 185 L. Ed. 2d 308 (2013))

Regardless, as shown below, even if PL1 and PL2's net worth was combined it would be negative (Finley Decl., ¶¶ 10-12).

### 2.      Any class action against Persolve lacks superiority

Plaintiff asserts that net worth information cannot be a criteria for assessing the appropriateness of a class action.  However, "[net worth] information is relevant, and potentially useful in determining whether this case is appropriate for class certification." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006).  In contrast, if a class member sued individually, and liability was proven, the individual plaintiff would be entitled to up to $1,000 in statutory damages.  15 U.S.C. § 1692k.  Moreover, there is no disincentive to litigating one's own case with a $1,000 recovery in that the FDCPA provides for attorneys fees.  15 U.S.C. § 1692k(b).

The Ninth Circuit has not yet decided if a negative recovery makes class certification improper in FDCPA cases.  Plaintiff has not cited any case certifying a FDCPA class where the

defendant demonstrated negative net worth. Other courts have held that a negative net worth in a FDCPA class action argues against superiority. *See, e.g., Bryant v. Bonded Account Serv./Check Recovery, Inc.*, 208 F.R.D. 251 (D. Minn. 2000) (superiority requirement of class action rule was not satisfied where FDCPA plaintiff failed to establish that debt collector had positive net worth); *Kohlenbrener v. Dickinson*, No. 94–C–4696, 1996 WL 131736, at *2–3 (N.D. Ill. Mar. 15, 1996) (denying class certification where a FDCPA defendant had a negative net worth). *Cf. Mund v. EMCC, Inc.*, 259 F.R.D. 180 (D. Minn. 2009) (certifying class despite disputed net worth, but implying that if net worth were proven to be negative, result might be different).

A 23(b)(3) class requires mandatory notice. *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977) (citing Fed. R. Civ. P. 23(c)(2)); *Carr v. Tadin, Inc.*, No. 12-CV-3040 JLS JMA, 2014 WL 7497152, at *8 (S.D. Cal. Apr. 18, 2014) *amended in part*, No. 12-CV-3040 JLS JMA, 2014 WL 7499453 (S.D. Cal. May 2, 2014). Plaintiff asserts that class members with substantial claims can opt out, and therefore a class action that presents no recovery to the class is still a superior means of resolving this dispute.

With respect to a 23(b)(3) class against Persolve, the choice for each putative class member is either to opt-out and seek up to $1,000 in statutory damages, or receive nothing. "The very realistic possibility that substantial numbers of the class might opt out weighs against certification because maintenance of the class action would not achieve 'the efficiency and economy of litigation which is a principal purpose of the [class action] procedure.'" *Commander Properties Corp. v. Beech Aircraft Corp.*, 164 F.R.D. 529, 537 (D. Kan. 1995) (citing *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974)). The policy interests behind Rule 23(b)(3) of providing "fair and efficient adjudication" are not served by encouraging putative class members to opt out of the class. *Macarz v. Transworld*

*Sys., Inc.*, 201 F.R.D. 54, 57 (D. Conn. Jan. 8, 2001), *on reconsideration* (May 11, 2001)

Furthermore, class certification of any (b)(3) class against Persolve should be denied because the only persons that will benefit from this lawsuit are Plaintiff's attorneys. *See In re Hotel Tel. Charges*, 500 F.2d 86, 92 (9th Cir. 1974). "Whenever the principal, if not the only, beneficiaries to the class action are to be the attorneys for the plaintiffs and not the individual class members, a costly and time- consuming class action is hardly the superior method for resolving the dispute." *Id.* at 91.

The mere fact that the FDCPA allows for enforcement through class actions does not lead to the conclusion that Congress supports the outcome in which a class could be certified whereby the putative class receives nothing. The fact that the statute allows for attorney's fees for a successful plaintiff indicates that Congress recognized the problem of individual enforcement and remedied the situation by allowing the recovery of fees and costs by a successful plaintiff. As Plaintiff's asserted class against Persolve provides no benefit to anyone but her attorneys, and would lead to a significant amount of opt-outs, her 23(b)(3) class lacks superiority as to Persolve and Plaintiff's Motion should be denied.

### 3. Stride Card's Net Worth

Stride Card's net worth as of May 31, 2014 was $34,732 and of March 31, 2015 was $13,664.92. Declaration of Nicholas Machol, ¶¶ 4-5 & Ex. A thereto. Plaintiff's claims regarding alter ego and joint venture in her proposed Second Amended Complaint have not yet been ruled upon. This Court has already held that discovery relating to related Stride Card entities is not relevant until a ruling on said Motion. (See ECF 95).

### 4. Any class action against Stride Card Lacks Superiority

One percent of Stride Card's net worth figure was $ 347.32 on May 31, 2014 and $136.65 on March 31, 2015. Plaintiff alleges there are at least 469 class members. Therefore, the most a class member could recover against Stride Card would be would be $.29 (using May 31, 2014 net worth) or $.74 (using March 31, 2015) net worth). Therefore for the same reasons a class against Persolve lacks superiority, so does a class against Stride Card. Plaintiff may argue there is a difference between negative net worth (Persolve) and *de minimis* net worth (Stride Card). However, *de minimis* net worth is also grounds for holding that an FDCPA class lacks superiority. *See Gradisher v. Check Enforcement Unit, Inc.*, No. 00 C 401, 2003 WL 187416, at *1, *7 (W.D. Mich. Jan.22, 2003) (where the court decertified the class at plaintiff's request due to defendant's "de minimis net worth"); *Fainbrun v. Southwest Credit Systems, L.P.*, 2008 WL 750550 (E.D. N.Y. 2008) (granting joint motion of parties for decertification where the distribution would amount to far less than $1 per class member, while the cost of mailing notice could exceed $100,000 if mailed to all 140,000 class members nationwide); *Jones v. CBE Grp., Inc.,* 215 F.R.D. 558, 570 (D. Minn. 2003) (declining to certify class action under FDCPA where potential recovery was de minimis); *Sonmore v. CheckRite Recovery Services, Inc.*, 206 F.R.D. 257, 265 (D.Minn.2001) (denying class certification where "each absent class member stands to recover a maximum of twenty-five dollars" finding such an award "shockingly low when compared to the statutory damages of up to $1,000 that each class member may be eligible to receive in an individual suit").

Although this Court certified a low net FDCPA class in *del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585, 597 n.11 (N.D. Cal. 2008), that case is distinguishable. The plaintiff's proposed class in that case "included recipients of approximately 900,000 letters

mailed by Defendants between 1997 and 2007." *Id.* at 596.  Here it is alleged to be less than

500.  In *del Campo*, in contrast to this case, the alleged harm was significant--falsely using

names of local attorneys to collect bad checks, demanding fees, and falsely threatening criminal

prosecution.  254 F.R.D. at 597.  Moreover, where there has been no showing that Stride Card is

a debt collector under the FDCPA, the high probability that putative class members may opt-out,

and the disproportionate recovery between Plaintiff's counsel and the class all argue against

certification against Stride Card.


### III.      Stride Card's Net Worth Data is not relevant.

Stride Card contends that its net worth is not a relevant inquiry for purposes of this class

certification motion.  This inquiry overlaps with the superiority requirement.  *See, e.g., In re*

*High-Tech*, 985 F. Supp. 2d at 1178.  The FDCPA makes class action damages dependent upon

the "net worth" of the "debt collector." 15 U.S.C. § 1692k(a)(2)(B).  Stride Card is not a debt

collector as defined under 15 U.S.C. § 1962a(6).  The FDCPA defines "debt collector" as "any

person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another" or "any

creditor who, in the process of collecting his own debts, uses any name other than his own which

would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. §

1692(a)(6).

In turn, a creditor is defined as "any person who offers or extends credit creating a debt or

to whom a debt is owed, but such term does not include any person to the extent that he receives

an assignment.  Plaintiff alleges that Stride Card is a debt buyer.  FAC, ¶ 9.  As a debt buyer,

Stride Card is not considered to collect debts "owed or due to another." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013). It has also been rejected that a lender who "regularly engages" with debt collection companies becomes a "debt collector" under the FDCPA or Rosenthal Act, simply by virtue of that engagement. *Miranda v. Field Asset Servs.*, 3:11-CV-1514-GPC-JMA, 2013 WL 124047 at *4 (S.D. Cal. Jan. 9, 2013). Therefore, Plaintiff's sole potential basis of liability is by establishing that Stride Card is somehow vicariously liable for Persolve's sending of a collection letter. Given that Stride Card's liability is remote at best, its net worth is not relevant to Plaintiff's certification motion.

## IV.  Plaintiff's request for declaratory relief class is improper

Plaintiff's request to certify a class under Rule 23(b)(2) also must fail. No class can be certified under Rule 23(b)(2) unless Plaintiff can prove that Defendants have "acted or refused to act on grounds that apply generally to the class" such that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a  whole." *See* Fed. R. Civ. P. 23(b)(2). "At base, the (b)(2) class is distinguished from the (b)(3) class by class cohesiveness.... Injuries remedied through (b)(2) actions are really group, as opposed to individual injuries. The members of a (b)(2) class are generally bound together through 'preexisting or continuing legal relationships' or by some significant common trait such as race or gender." *Arnold v. United Artists Theatre Circuit, Inc*., 158 F.R.D. 439, 452 (N.D. Cal. 1994).

In the Ninth Circuit, a class may not be certified under Rule 23(b)(2) unless the primary claim asserted by the plaintiff is for injunctive or declaratory relief. *See Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) ("in order to permit certification under this rule, the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief.");

*Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 729 (9th Cir. 2007) (affirming denial of certification under 23(b)(2) where plaintiff seeking primarily money damages).

Plaintiff's primary claim is for money, not for injunctive or declaratory relief, so she cannot satisfy Rule 23(b)(2). *See Wal-Mart*, 131 S. Ct. at 2557 (claims for monetary relief may not be certified under Rule 23(b)(2) where "the monetary relief is not incidental to the injunctive or declaratory relief."). Plaintiff lacks standing to pursue a claim for injunctive or declaratory relief under the FDCPA. Section 1692k of the FDCPA lists all the remedies available to private plaintiffs, and they do not include injunctive or declaratory relief. *See* 15 U.S.C. § 1692k.

Numerous courts, including this Court, have held that private parties may not seek injunctive or declaratory relief under the FDCPA. *See Gold v. Midland Credit Mgmt., Inc.*, No. 13-CV-02019-BLF, 2014 WL 5026270, at *10 (N.D. Cal. Oct. 7, 2014) (denying certification of FDCPA/Rosenthal Act 23(b)(2) class); *Varnado v. Midland Funding LLC,* No. C-13-05705 DMR, 2014 WL 1994622 at *5 (N.D. Cal. May 15, 2014) (dismissing requests for declaratory and injunctive relief filed under FDCPA and Rosenthal Act); *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("For these reasons, we hold injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA."); *Sibley v. Fulton Dekalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) ("equitable relief is not available to an individual under the civil liability section of the Act."); *Crawford v. Equifax Payment Servs.*, Inc., 201 F.3d 877, 882 (7th Cir. 2000) (reversing order certifying Rule 23(b)(2) settlement class in FDCPA action, and noting that "all private actions under the Fair Debt Collection Practices Act are for damages.").

Because injunctive and declaratory relief are not available under the FDCPA to private plaintiffs, the district courts that have actually examined the issue closely (including this Court, in a case handled by Plaintiff's counsel) have repeatedly denied class certification under Rule 23(b)(2). *See, Gold, supra. Drossin v. National Action Fin. Servs.*, 255 F.R.D. 608, 618 (S. D. Fla. 2009) ("the appropriate relief for an FDCPA action is monetary damages, and a Rule 23(b)(2) action and hybrid class action would be improper."); *Petrolito v. Arrow Fin. Servs., Inc.*, 221 F.R.D. 303, 312 (D. Conn. 2004) ("Because injunctive relief or corresponding declaratory relief certification under Rule 23(b)(2) is not available under the FDCPA, the court denies certification of the FDCPA class under Rule 23(b)(2).") (quotation marks omitted). Plaintiff's citation to *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986) and *Arnold v. United Artists Theatre Circuit,* 158 F.R.D. 439, 458 (N.D. Cal. 1994). are irrelevant as they did not involve the FDCPA or Rosenthal Act.

Plaintiff's references to *Gonzales v. Arrow Fin. Servs.*, LLC, 233 F.R.D. 577, 582 (S.D. Cal. 2006) and *Schwarm v. Craighead*, 233 F.R.D. 655, 663 (E.D. Cal. 2006) and *Irwin v. Mascott*, 96 F. Supp. 2d 968, 980 (N.D. Cal. 1999) are similarly misplaced as they were decided before the Supreme Court's decision in *Wal-Mart*.

In any event, a Rule 23(b)(2) class is improper here because injunctive or declaratory relief will not benefit Plaintiff or the purported members of the class. Where plaintiff and the members of the class cannot demonstrate a probability of future injury, a 23(b)(2) class is improper. *Algarin v. Maybelline, LL*C, 12CV3000 AJB DHB, 2014 WL 1883772 at *11 (S.D. Cal. May 12, 2014). This action challenges a letter that Persolve no longer uses. Finley Decl., ¶16. Plaintiff supplies no evidence that she or any purported class member will get another letter in this form Persolve on behalf of Stride Card so they will not benefit from any injunctive

or declaratory relief. *See Wal-Mart*, 131, S. Ct. at 2557 ("In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

Given this, a Rule 23(b)(2) class is not warranted. *See, e.g., Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 978 (5th Cir. 2000) (certification of Rule 23(b)(2) class "with respect to the FDCPA was an abuse of discretion" where "most of the class does not stand to benefit from any injunctive relief that may be available under that statute.").

**VI.     Conclusion**

Plaintiff fails to meet her burden to establish a class under Rule 23(b)(3) or 23(b)92). Her class lacks superiority under Rule 23(b)(3) and she fails to establish any potential future harm to justify injunctive relief under 23(b)(2).  For all of these reasons, this Court should deny Plaintiff's Motion for Class Certification.

DATED:  April 20, 2015                    CARLSON & MESSER

By:   /s.  David J. Kaminski
    David J. Kaminski
    Charles R. Messer
    Stephen A. Watkins
    Attorneys for Defendants,
    PERSOLVE, LLC and STRIDE CARD, LLC