UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PERSOLVE, LLC, et al.,<br>    Defendants. | Case No. 14-cv-00735-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 97 |

    Plaintiff Sandra Lee Jacobson ("Plaintiff") brings this putative class action against Defendants Persolve, LLC, d/b/a Account Resolution Associates ("Persolve") and Stride Card, LCC ("Stride Card") (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA"). Plaintiff contends that Persolve and Stride Card engaged in a routine practice of sending initial debt collection notices that did not disclose to the reader the name of the creditor to whom the debt was owed. ("FAC"), ECF No. 15 ¶ 23.

    Before the Court is Plaintiff's motion for leave to file a second amended class action complaint. ("Mot."), ECF No. 87. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

1

appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for June 18, 2015. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for leave to file a second amended class action complaint.

## I. BACKGROUND

### A. Factual Allegations

This putative class action arises out of Persolve's attempt to collect consumer debts from Plaintiff and others similarly situated. Plaintiff alleges that she incurred a consumer debt issued by Wells Fargo Bank, N.A. ("the debt") at an unknown time for personal, family, or household purposes. FAC ¶ 12. The debt was later sold, assigned, or otherwise transferred to Stride Card. *Id.* ¶ 13. Stride Card then allegedly consigned, placed, or otherwise assigned the debt to Persolve for collection. *Id.* ¶ 14.

Plaintiff alleges that on March 4, 2013, Persolve sent an initial collection notice to Plaintiff on behalf of Stride Card. *Id.* ¶ 15; ECF No. 1-1. The collection notice listed Wells Fargo as the "Original Creditor." ECF No. 1-1. The notice did not identify Stride Card, which was the current owner and creditor of Plaintiff's debt. FAC ¶ 21. Plaintiff alleges that Persolve sends similar collection notices to consumers that do not contain the name of the current creditor when Persolve collects defaulted debts. *Id.* ¶ 23. Furthermore, Plaintiff alleges that as the current creditor, Stride Card is vicariously liable for the acts of Persolve, and thus brings these causes of action against both Defendants. *Id.* ¶ 10.

### B. Procedural History

Plaintiff filed her Original Complaint on February 18, 2014. ECF No. 1. Persolve filed an answer to Plaintiff's Original Complaint on March 18, 2014. ECF No. 10. On March 26, 2014, Persolve served Plaintiff's counsel with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. ECF No. 21-3. Under the Offer of Judgment, Persolve proposed to pay Plaintiff $3,500.00 to resolve her individual claim. *Id.* at 1. The Offer of Judgment further provided that Plaintiff would receive reasonable attorneys' fees and costs incurred in the action, with the amount

to be determined by the Court if the parties were unable to agree. *Id.* at 2. Plaintiff filed the Motion to Strike Persolve's Offer of Judgment on April 4, 2014. ECF No. 21. Persolve filed an Opposition to Plaintiff's Motion to Strike on April 18, 2014. ECF No. 25. On the same day, Persolve filed a request for Judicial Notice in support of its opposition. ECF No. 26. Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Offer of Judgment on April 25, 2014. ECF No. 28. On August 19, 2014, the Court denied Plaintiff's motion to strike Persolve's offer of judgment. ECF No. 55.

Plaintiff filed the FAC on March 28, 2014, ECF No. 15, which Persolve answered on April 14, 2014, ("Persolve Answer") ECF No. 24. Persolve's Answer asserted twelve affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) bona fide error; (4) no material misrepresentation; (5) equitable defenses; (6) no intentional or reckless conduct; (7) mitigation of damages; (8) offset; (9) no declaratory relief; (10) no class action; (11) not a debt collector as defined in the FDCPA; and (12) reservation of rights. *Id.* at 8–10. In response, Plaintiff filed a Motion to Strike Persolve's Affirmative Defenses on May 5, 2014. ECF No. 29. Persolve opposed the motion on May 19, 2014, ECF No. 33, and also submitted a Request for Judicial Notice in support of its opposition, ECF No. 34. Persolve attached a Proposed Amended Answer to its opposition, in which Persolve waived all but four of its affirmative defenses. ECF No. 33-1. Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Affirmative Defenses on May 27, 2014, ECF No. 36. On August 19, 2014, the Court granted in part and denied in part Plaintiff's motion to strike affirmative defenses. ECF No. 55. Persolve filed an amended answer to the FAC on September 9, 2014. ECF No. 61.

Stride Card filed an Answer to the FAC on May 15, 2014. ("Stride Card Answer") ECF No. 32. Stride Card's Answer asserts four affirmative defenses: (1) failure to state a claim; (2) bona fide error; (3) good faith; and (4) offset. *Id.* at 9-10. On June 5, 2014, Plaintiff filed a Motion to Strike Stride Card's Affirmative Defenses. ECF No. 40. Stride Card opposed Plaintiff's Motion to Strike on June 19, 2014. ECF No. 43. Also on June 19, 2014, Stride Card filed a Request for Judicial Notice in support of its opposition. ECF No. 44. Plaintiff filed a Reply in Support of the

3

Motion to Strike Stride Card's Affirmative Defenses on June 25, 2014. ECF No. 47. On August 19, 2014, the Court granted in part and denied in part Plaintiff's motion to strike affirmative defenses. ECF No. 55.

On February 23, 2015, Plaintiff filed the instant motion requesting leave to file a second amended class action complaint. ECF No. 87. Plaintiff also filed an administrative motion to seal various exhibits attached in support of her motion.[1] ECF No. 88. Plaintiff filed a motion to shorten time on hearing Plaintiff's motion requesting leave to file a second amended class action complaint on February 25, 2015, which the Court denied on March 3, 2015. ECF Nos. 90, 91. Defendants filed an opposition to Plaintiff's motion for leave to file a second amended class action complaint on March 9, 2015. ("Opp."), ECF No. 92. Plaintiff replied on March 16, 2015. ("Reply"), ECF No. 93.

## II. DISCUSSION

Plaintiff seeks leave to file a second amended complaint. As a general matter, Federal Rule of Civil Procedure 15(a) states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). However, in cases where a party moves to amend or add a party after the Court's deadline for filing motions or amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the

---

[1] Plaintiff's motion seeks to file under seal several documents produced by Defendants Persolve and Stride Card under the protective order in this case. *See* ECF No. 88. Under Civil Local Rule 79-5(d)(1)(A), "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Rather, under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), a party seeking to file documents under seal in connection with a nondispositive motion must show "good cause" under Federal Rule of Civil Procedure 26(c). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). As Plaintiff has offered no justification for filing any documents under seal other than Defendants' designation of the documents as "confidential," the Court denies without prejudice Plaintiff's motion.

4
Case No.14-CV-00735-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the amendment. Carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

"A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). It is the moving party's burden to show that it acted diligently to comply with the Court's deadline but was unable to comply "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Clear-View Techs., Inc. v. Rasnick*, No. 13-2744, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

As an initial matter, the Court notes that the bulk of Plaintiff's briefing appears to assume that Federal Rule of Civil Procedure 15(a) provides the relevant legal standard for Plaintiff's motion. As the Ninth Circuit held in *Mammoth Recreations*, however, where a district court has entered a pretrial scheduling order pursuant to Rule 16(b) that provides a deadline by which to amend the pleadings, Rule 16 provides the relevant legal standard for whether amendment should be allowed. *Mammoth Recreations*, 975 F.2d at 607–08. As such, the pertinent inquiry is whether Plaintiff has shown "good cause" to modify the Court's case schedule, as required under Rule 16(b). *Id.* For the reasons discussed below, the Court concludes that Plaintiff has failed to show the requisite diligence required under Rule 16(b) and denies Plaintiff's motion for leave to file a second amended complaint.

In the instant case, the Court entered an initial case management order on June 24, 2014. ("June 24, 2014 CMO"), ECF No. 45. The June 24, 2014 order provided a deadline of October 9, 2014, to amend pleadings and add parties. *Id.* On October 1, 2014, the parties filed a joint case

management statement in which Plaintiff requested that the Court amend the Court's June 24, 2014 case schedule to extend the October 9, 2014 deadline to seek leave to amend the FAC by an additional 60 days. ("Oct. 1, 2014 JCMS"), ECF No. 67. Plaintiff cited the parties' discovery disputes, the "apparently overlapping ownership and [] elaborate, opaque corporate structure of Defendants and their subsidiaries" and the likely need to "add new parties," in her request for an extension of time. *Id.* at 7. Based on Plaintiff's representations, the Court extended the deadline within which to amend the pleadings to November 10, 2014, and cautioned the parties that the case schedule otherwise remained as set. ECF No. 68. The November 10, 2014 deadline passed, and Plaintiff did not seek leave to file a second amended complaint.

On January 26, 2015, the parties filed a joint case management statement in which Plaintiff again requested that the Court amend the case schedule to extend the November 10, 2014 deadline to amend her pleadings. ("Jan. 26, 2015 JCMS"), ECF No. 82. Plaintiff again cited discovery disputes as the basis for her extension request. *Id.* At the January 28, 2015 case management conference, the Court denied Plaintiff's request to extend the deadline to amend or add parties, concluding that Plaintiff had failed to demonstrate sufficient diligence in amending her complaint.

Now, months after the original October 9, 2014 deadline and the extended November 10, 2014 deadline for amending pleadings, Plaintiff requests leave to file a second amended complaint. Construing this motion as a request to amend the case schedule for the third time,[2] the Court concludes that Plaintiff has failed to show the requisite "good cause" to amend the case schedule.

The Court finds that Plaintiff was aware of her potential alter-ego and veil-piercing theories as early as September 16, 2014, approximately two months prior to the November 10,

---

[2] The Court notes that Plaintiff's motion for leave to file a second amended complaint does not actually specifically request that the Court modify the case schedule to allow Plaintiff's amendment. Filing a motion to amend after the deadline for amendment has passed without first filing a motion to modify the case schedule is an independent basis to deny a motion to amend. *See Mammoth Recreations*, 975 F.2d at 608 (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985)). In the interest of efficiency, however, the Court treats Plaintiff's motion as a request to modify the case schedule.

2014 deadline within which to amend her pleadings, and more than five months prior to the instant motion requesting leave to file a second amended complaint. In Plaintiff's September 16, 2014 motion to continue mandatory settlement conference, Plaintiff argued that:

> "[A]lter-ego" and other veil-piercing theories may be available to Plaintiff. For example, Persolve, LLC-Legal-Series 2 appears to only be insolvent because it "repaid" large alleged "debts" to Persolve, LLC-Legal-Series 1, Persolve, LLC-Legal-Series 3, or other related entities. The series LLCs also appear to have overlapping ownership and "investments" in each other (none of which are shown on the financial statements provided by PERSOLVE), based on documents received as a result of third-party subpoenas.

ECF No. 63.

Consequently, Plaintiff cannot contest that she was fully aware of the likely need that Plaintiff would have to allege alter-ego and veil-piercing theories as early as September 16, 2014, approximately two months *prior* to the extended deadline the Court provided. Plaintiff specifically represented to the Court on October 1, 2014, that Plaintiff expected it would be "necessary to move the Court for leave to amend her pleadings to add new parties," based on the "apparently overlapping ownership and . . . elaborate, opaque corporate structure of Defendants and their subsidiaries." Oct. 1, 2014 JCMS at 7. Despite having been aware of this "necessary" amendment since October 1, 2014, Plaintiff filed the instant motion nearly five months later on February 23, 2015. "The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting the amendment since the inception of the action." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *see also Hightower v.City & Cnty. of San Francisco*, No. C-12-5841 EMC, 2015 WL 926541, at *2 (N.D. Cal. Mar. 3, 2015) (plaintiffs failed to show good cause where plaintiffs knew of facts underlying proposed amendments prior to deadline). Here, Plaintiff has not shown why, despite having actual knowledge of the need to amend her complaint since September 2014, Plaintiff was "unable to meet the timetable set forth in the" Court's case schedule. *Matrix Motor*, 218 F.R.D. at 671. As such, the Court finds that Plaintiff has failed to show that she was unable to comply with the Court's deadline "because of the development of matters which could not have

been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Clear-View Techs.*, 2015 WL 1307112, at *3.

Plaintiff asserts that she "was not in possession of facts and documents relating to additional related parties to this matter" as of November 10, 2014. As discussed above, the Court finds this assertion unpersuasive in light of the record in this case. Plaintiff also points to Defendants' discovery delays as justification for Plaintiff's failure to seek leave to amend within the Court's extended November 10, 2014 deadline. However, Plaintiff does not explain why Defendants' alleged discovery delays were material to Plaintiff's ability to amend her complaint by the Court-set deadline. Defendants produced documents on August 13, 2014, and supplemental discovery responses on November 18, 2014. Defendants note that at least some of the documents that Plaintiff now relies on to assert her alter-ego and veil-piercing theories were produced on August 13, 2014, approximately three months prior to the Court's extended November 10, 2014 deadline for amending the pleadings. *See* Opp. at 3 (citing PER00072, a corporate balance sheet disclosing existence of related entities; STR000248, corporate formation document). That Defendants disclosed these documents in August 2014, in combination with the fact that Plaintiff asserted the likely need to amend her complaint to assert alter-ego and veil-piercing theories as early as September 2014, leads the Court to conclude that Plaintiff was not diligent in seeking leave to amend her complaint during the intervening five months. Additionally, that Plaintiff may have "gained additional evidence in support of [Plaintiff's] claim after the last date to add claims pursuant to the scheduling order does not excuse [Plaintiff's] lack of diligence in failing to timely move for leave to amend the complaint." *Consol. Credit Agency v. Equifax, Inc.*, No. 03-01229 CAS, 2004 WL 5644363, at *20 (C.D. Cal. Aug. 5, 2004).

Moreover, even if Plaintiff's proposed amendments relied on documents and facts disclosed on November 18, 2014, Plaintiff has offered no explanation for the three month delay between Defendants' supplemental discovery responses and Plaintiff's filing of the instant motion. The Court found that a plaintiff had failed to demonstrate good cause under similar circumstances in *Rooney v. Sierra Pacific Windows*, No. 10-CV-00905-LHK, 2011 WL 5034675, at *7 (N.D.

Cal. Oct. 11, 2011), *aff'd*, 556 F. App'x 573 (9th Cir. 2014). In *Rooney*, the plaintiff also waited "nearly three months" from the defendants' document production before filing a motion for leave to amend and blamed the defendants for discovery delays. *Id.* As in *Rooney*, Plaintiff has "failed to adequately explain why [s]he waited nearly three months" after Defendants' document production to file the instant motion. *Id.* That Plaintiff was not diligent in reviewing Defendants' responses and following up with Defendants' counsel is insufficient to show "good cause" for Plaintiff's failure to seek leave to amend within the Court's deadline.

In sum, the Court finds that Plaintiff has failed to show that she acted diligently in seeking leave to amend her complaint. Plaintiff asserted the probability, if not inevitability, of amending her pleadings to add parties and allege alter-ego and veil-piercing theories on September 16, 2014, five months prior to the February 23, 2015 filing of the instant motion, and two months prior to the November 10, 2014 deadline for amendment. "If [the moving] party was not diligent, the inquiry should end." *Mammoth Recreations*, 975 F.2d at 609. The Court therefore concludes that Plaintiff has not satisfied Rule 16's "good cause" requirement to modify the Court's case management schedule. As such, the Court denies Plaintiff's motion for leave to file a second amended complaint.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: May 1, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge