UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>   Plaintiff,<br><br>   v.<br><br>PERSOLVE, LLC, et al.,<br>   Defendants. | Case No.  14-cv-00735-LHK<br><br>**ORDER DENYING SEALING MOTIONS**<br><br>Re: Dkt. Nos. 98, 100 |

Before the Court are administrative motions to seal brought by Plaintiff Sandra Jacobson, ECF No. 98, and by Defendants Persolve, LLC and Stride Card, LLC. ("Defendants"), ECF No. 100. The parties seek to seal exhibits filed by the parties in connection with Plaintiff's motion for class certification, ECF No. 96.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of

1

Case No.14-cv-00735-LHK
ORDER DENYING SEALING MOTIONS

1  overcoming the presumption with "compelling reasons supported by specific factual findings" that
2  outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447
3  F.3d at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when
4  such 'court files might have become a vehicle for improper purposes,' such as the use of records to
5  gratify private spite, promote public scandal, circulate libelous statements, or release trade secret."
6  *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of
7  records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
8  not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions
9  for summary judgment." *Id.*

10  Records attached to nondispositive motions are not subject to the strong presumption of
11  access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive
12  motions "are often unrelated, or only tangentially related, to the underlying cause of action,"
13  parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal
14  Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause"
15  standard requires a "particularized showing" that "specific prejudice or harm will result" if the
16  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
17  1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad
18  allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not
19  suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

20  In general, motions for class certification are considered nondispositive. *See In re High-*
21  *Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30,
22  2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds
23  that the parties need only demonstrate 'good cause' in order to support their requests to seal.").
24  The Court therefore applies the "good cause" standard to the parties' requests.

25  Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court
26  documents for, inter alia, the protection of "a trade secret or other confidential research,
27  development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has
28

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

Here, the Court DENIES without prejudice both Plaintiff's motion to seal, ECF No. 98, and Defendants' motion to seal, ECF No. 100. Applying the "good cause" standard to these motions filed in connection with Plaintiff's motion for class consideration, the Court finds that the parties have not made the required "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210–11

(internal quotation marks omitted). In support of Plaintiff's motion to seal, Plaintiff states only that the documents were designated confidential by Defendants under the protective order. However, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Moreover, Defendants' bald statement that disclosure of their balance sheets will "potentially compromise their business advantage" is insufficient. *See Beckman*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.).

The Court therefore DENIES without prejudice the parties' sealing requests. Any renewed sealing motions shall be filed within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: June 8, 2015

_____
LUCY H. KOH
United States District Judge