UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PERSOLVE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-CV-00735-LHK<br><br>**ORDER GRANTING SECOND RENEWED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. Nos. 128, 135 |

　　　　Plaintiff, Sandra Lee Jacobson ("Plaintiff"), and Defendants, Persolve, LLC, and Stride Card, LLC ("Defendants") filed a Joint Motion for Preliminary Approval of Class Action Settlement on September 28, 2015. ECF No. 128. The Court held a hearing on the Joint Motion on January 28, 2016. ECF No. 133. The parties filed an Amended Joint Motion for Preliminary Approval of Class Action Settlement on February 11, 2016. ECF No. 135. On February 12, 2016, the Court held a hearing on the Amended Joint Motion and denied the Joint Motion and Amended Joint Motion without prejudice. ECF Nos. 139, 140. The parties filed a Renewed Joint Motion for Preliminary Approval of Class Action Settlement on March 9, 2016. ECF No. 142. On March 23, 2016, the Court denied the Renewed Joint Motion without prejudice. ECF No. 147.

The parties filed the instant Second Renewed Joint Motion for Preliminary Approval of Class Action Settlement on April 14, 2016. ECF No. 148. This is the parties' fourth request for preliminary approval of class action settlement. The Court has read and considered the joint motions, the settlement agreement and its amendments thereto ("Agreement"), the record in this case, and the parties' arguments. The Court hereby VACATES the hearing set for June 9, 2016 and GRANTS the Second Renewed Joint Motion for Preliminary Approval of Class Action Settlement.

IT IS ORDERED as follows:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit, and this Court has personal jurisdiction over Plaintiff, Defendants and all the Class Members.

2. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT: The Court preliminarily finds that the settlement of the Lawsuit ("Settlement"), on the terms and conditions set forth in the Fourth Amended Class Action Settlement Agreement ("Agreement") and the Exhibits thereto, ECF No. 148-3, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Class Members, taking into consideration the benefits to Class Members; the strength and weaknesses of Plaintiff's case and Defendants' defenses; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals. The Court additionally notes that Defendants contend that Persolve has a negative net worth and that Stride Card has a net worth of less than $35,000. These contentions, if true, would limit Plaintiff's potential recovery at trial. Thus, the Court finds that Notice of Settlement should be given to persons in the Class and a full hearing should be held on final approval of the Settlement.

3. CAFA NOTICE: As set forth in the Agreement, Defendants, through the settlement administrator will notify the appropriate state and federal officials in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 and prepare a certificate of compliance with same.

4. THE CLASS: On June 4, 2015, the Court certified the following class pursuant to

2

Case No. 14-CV-00735-LHK
ORDER GRANTING SECOND RENEWED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> (i) all persons with addresses in California (ii) to whom PERSOLVE sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of STRIDE CARD (iii) in an attempt to collect an alleged debt originally owed to Wells Fargo Bank, N.A. (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

Based on Defendants' records as of September 28, 2015, there are 469 persons in the Class.

5.      CLASS REPRESENTATIVE, CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR APPOINTMENT: On June 4, 2015, the Court held that Plaintiff, Sandra Lee Jacobson, adequately represents the interests of the Class and appointed her as the Class Representative. The Court also held that Fred W. Schwinn and Raeon Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz, & Associates, Ltd., were adequate to act as counsel for the Class and appointed them as Class Counsel. For purposes of preliminary approval, the Court approves ILYM Group Inc. ("ILYM"), to act as the Settlement Administrator and carry out the responsibilities assigned to it under the Agreement.

6.      NOTICE OF SETTLEMENT: Subject to the Court's revisions to the Class Notice and subject to the parties' inclusion of phone numbers for Raeon Roulston and ILYM, the Court approves the form and method of notice set forth in the Agreement and finds that the form and method of notice set forth in the Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances. The Court's revisions to the Class Notice and a redline showing the changes are attached to this Order. Defendants shall provide a class list, containing each Class Member's last known address as reflected in Defendants' records, to ILYM, and to Class Counsel. Before sending the notice, ILYM shall run the address of each person in the class list through the National Change of Address (NCOA) database/registry. Within forty-five (45) days following entry of this order, ILYM shall send via first class U.S. mail the Notice of Settlement to each person in the class list, at their most recent known address, and will forward any notice that is returned with a

forwarding address within fourteen (14) days of receiving the returned mail and will update the Class Member address list with all forwarding addresses. At least ten (10) days before the Final Approval Hearing, the ILYM shall file a declaration of compliance with the notice procedures set forth in the Agreement.

7.   FEE AND EXPENSE APPLICATION: Class Counsel shall file a Noticed Motion for Attorneys' Fees and Costs together with all supporting documentation, to be heard at the Final Approval Hearing. Said Motion shall be filed by no later than thirty (30) days from entry of this Order, sufficiently in advance of the expiration of the objection period that any Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

8.   SETTLEMENT AND CLAIMS PROCESS: The Court preliminarily approves the consideration of $10.66 to each member of the Class (provided there are no opt-outs; if there are opt-outs, this amount will be recalculated for a pro rata distribution) as fair, reasonable, and adequate.

9.   EXCLUSIONS: Any Class Member who desires to be excluded from the Class must send a written request for exclusion to ILYM, with a postmark date no later than one-hundred five (105) days after the entry of this Order. ILYM's address shall be provided in the Notice of Settlement mailed to the Class Members. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendants' counsel after the deadline for exclusions passes, but no later than one-hundred and twenty (120) days after the entry of this Order. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

To be valid, a request for exclusion must be personally signed by the member of the Class requesting exclusion and must include: (i) name, address and telephone number; and (ii) the following statement: "I request to be excluded from the class settlement in *Jacobson v. Persolve,*

1  *LLC*, United States District Court for the Northern District of California, Case No. 5:14-CV-
2  00735," or words to that effect.

3      10.    Any Class Member who submits a valid and timely request for exclusion shall not
4  be a member of the Class, and shall not be bound by the Settlement. All Class Members who do
5  not request exclusion from the Class will be bound by all determinations and judgments in this
6  case concerning the Settlement, including, but not limited to the validity, binding nature and
7  effectiveness of the release set forth in paragraph 19 of the Agreement.

8      11.    OBJECTIONS: Any Class Member who intends to object to the fairness of the
9  Settlement must file a written objection with the Clerk of the United States District Court, for the
10 Northern District of California, 280 South First Street, San Jose, California, 95113 no later than
11 one hundred five (105) days after the entry of this order. A Class Member who has timely filed an
12 objection may, but need not, appear at the Settlement Hearing.

13     12.    To be considered, the written objection must be signed by the Class Member and
14 state: (1) the name and number of this case (*Sandra Lee Jacobson v. Persolve, LLC, et al.*, Case
15 No. 5:14-cv-00735-LHK-HRL), (2) a notice of intention to appear at the Final Approval Hearing
16 (if the objector intends to appear); (3) the objector's name, address and telephone number, and
17 counsel's name, address and telephone number (if the objector intends to appear through counsel);
18 (4) a statement of the basis for each objection asserted; (5) any legal authority the objector wishes
19 the Court to consider; (6) the names and addresses of any witnesses the objector may call to testify
20 (if the objector intends to call any witnesses), and a summary of each such witness's expected
21 testimony, and a list of any documents and things the objector wishes the Court to consider.[1]

22     13.    Any Class Member who does not file a valid and timely objection to the Settlement
23 shall be barred from seeking review of the Settlement by appeal or otherwise.

---

[1] Ordinarily, the Court would not permit objectors to call witnesses to testify at a Final Approval Hearing. In general, only objectors themselves and their attorneys make statements at a Final Approval Hearing. However, because this is the parties' fourth motion for preliminary approval of class action settlement, the Court concludes that this is not sufficiently significant to reject the settlement.

5

Case No. 14-CV-00735-LHK
ORDER GRANTING SECOND RENEWED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

14. The costs of notice and settlement administration will be paid by Defendants.

15. FINAL APPROVAL HEARING: The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on Thursday, December 1, 2016, at 1:30 p.m. in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, 95113.

At the Final Approval Hearing, the Court will consider the following issues:

a. Whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

b. Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice;

c. Whether and the amount of attorneys' fees and costs that should be awarded to Class Counsel;

d. Whether and the amount of statutory damages and incentive award that should be awarded to the Class Representative;

e. Such other issues as the Court deems appropriate.

16. Attendance at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed Settlement. However, Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

17. If the Agreement is not finally approved for any reason, then this Order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

18. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Agreement.

6

Case No. 14-CV-00735-LHK
ORDER GRANTING SECOND RENEWED JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

19. All other proceedings in the Litigation are stayed except as may be necessary to implement this Order or comply with the terms of the Agreement.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge