UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>          Plaintiff,<br><br>     v.<br><br>PERSOLVE, LLC, et al.,<br><br>          Defendants. | Case No. 14-CV-00735-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 151 |

Plaintiff Sandra Lee Jacobson ("Plaintiff") brings this putative class action against Defendants Persolve, LLC, d/b/a Account Resolution Associates ("Persolve") and Stride Card, LLC ("Stride Card") (collectively, "Defendants") for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA").  Plaintiff contends that Persolve and Stride Card engaged in a routine practice of sending initial debt collection notices that did not disclose to the reader the name of the creditor to whom the debt was owed.  ECF No. 15 ("FAC") ¶ 23.  Before the Court is Plaintiff's Motion for Attorney's Fees and Costs.  ECF No. 151.  The Court held a hearing on December 1, 2016.

Having considered the submissions and oral arguments of the parties, the relevant law, and the record in this case, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees and Costs.  The Court awards $151,995 in attorney's fees and $2,519.22 in costs.

## I.   BACKGROUND

### A.  Factual Background

This class action lawsuit arises out of Persolve's attempt to collect consumer debts from Plaintiff and others similarly situated.  Plaintiff alleges that she incurred a consumer debt issued by Wells Fargo Bank, N.A. ("the debt") at an unknown time for personal, family, or household purposes.  FAC ¶ 12.  The debt was later sold, assigned, or otherwise transferred to Stride Card. *Id.* ¶ 13.  Stride Card then allegedly consigned, placed, or otherwise assigned the debt to Persolve for collection.  *Id.* ¶ 14.  Plaintiff alleges that on March 4, 2013, Persolve sent an initial collection notice to Plaintiff on behalf of Stride Card.  *Id.* ¶ 15; ECF No. 1-1.  The collection notice listed Wells Fargo as the "Original Creditor."  ECF No. 1-1.  The notice did not identify Stride Card, which was the current owner and creditor of Plaintiff's debt.  FAC ¶ 21.  Plaintiff alleges that Persolve sends similar collection notices to consumers that do not contain the name of the current creditor when Persolve collects defaulted debts.  *Id.* ¶ 23.  Furthermore, Plaintiff alleges Stride Card is vicariously liable for the acts of Persolve as the current creditor, and directly liable as a "debt collector."  *Id.* ¶ 10.

### B.  Procedural History

Plaintiff filed her Original Complaint on February 18, 2014.  ECF No. 1.  Plaintiff brought claims for alleged violations of the FDCPA and the RFDCPA for Persolve's and Stride Card's allegedly routine practice of sending initial debt collection notices that did not disclose to the reader the name of the creditor to whom the debt was owed.

Persolve filed an answer to Plaintiff's Original Complaint on March 18, 2014.  ECF No. 10.  On March 26, 2014, Persolve served Plaintiff's counsel with an Offer of Judgment pursuant to

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Federal Rule of Civil Procedure 68.  ECF No. 21-3.  Under the Offer of Judgment, Persolve proposed to pay Plaintiff $3,500.00 to resolve her individual claim.  *Id.* at 1.  The Offer of Judgment further provided that Plaintiff would receive reasonable attorney's fees and costs incurred in the action, with the amount to be determined by the Court if the parties were unable to agree.  *Id.* at 2.  Plaintiff filed the Motion to Strike Persolve's Offer of Judgment on April 4, 2014.  ECF No. 21.  Persolve filed an Opposition to Plaintiff's Motion to Strike on April 18, 2014.  ECF No. 25.  On the same day, Persolve filed a request for Judicial Notice in support of its opposition.  ECF No. 26.  Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Offer of Judgment on April 25, 2014.  ECF No. 28.  On August 19, 2014, the Court denied Plaintiff's motion to strike Persolve's offer of judgment.  ECF No. 55.

Plaintiff filed the FAC on March 28, 2014, ECF No. 15, which Persolve answered on April 14, 2014, ECF No. 24 ("Persolve Answer").  Persolve's Answer asserted twelve affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) bona fide error; (4) no material misrepresentation; (5) equitable defenses; (6) no intentional or reckless conduct; (7) mitigation of damages; (8) offset; (9) no declaratory relief; (10) no class action; (11) not a debt collector as defined in the FDCPA; and (12) reservation of rights.  *Id.* at 8–10.  In response, Plaintiff filed a Motion to Strike Persolve's Affirmative Defenses on May 5, 2014.  ECF No. 29.  Persolve opposed the motion on May 19, 2014, ECF No. 33, and also submitted a Request for Judicial Notice in support of its opposition, ECF No. 34.  Persolve attached a Proposed Amended Answer to its opposition, in which Persolve waived all but four of its affirmative defenses.  ECF No. 33-1.  Plaintiff filed a Reply in Support of the Motion to Strike Persolve's Affirmative Defenses on May 27, 2014, ECF No. 36.  On August 19, 2014, the Court granted in part and denied in part Plaintiff's motion to strike affirmative defenses and struck all but one of Persolve's affirmative defenses.  ECF No. 55 (not striking "offset" because "the Court cannot conclude that offset 'clearly could have no possible bearing on the subject of the litigation.'" (citation omitted)).  Persolve filed an amended answer to the FAC on September 9, 2014.  ECF No. 61.

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

Stride Card filed an Answer to the FAC on May 15, 2014.  ECF No. 32 ("Stride Card Answer").  Stride Card's Answer asserts four affirmative defenses: (1) failure to state a claim; (2) bona fide error; (3) good faith; and (4) offset.  *Id.* at 9–10.  On June 5, 2014, Plaintiff filed a Motion to Strike Stride Card's Affirmative Defenses.  ECF No. 40.  Stride Card opposed Plaintiff's Motion to Strike on June 19, 2014.  ECF No. 43.  Also on June 19, 2014, Stride Card filed a Request for Judicial Notice in support of its opposition.  ECF No. 44.  Plaintiff filed a Reply in Support of the Motion to Strike Stride Card's Affirmative Defenses on June 25, 2014.  ECF No. 47.  On August 19, 2014, the Court granted in part and denied in part Plaintiff's motion to strike affirmative defenses by striking "failure to state a claim," but not striking Stride Card's remaining three affirmative defenses.  ECF No. 55.

On September 16, 2014, Plaintiff moved to continue the mandatory settlement conference before Magistrate Judge Nathanael Cousins set for September 25, 2014.  ECF No. 63.  Plaintiff argued that settlement discussions would not be fruitful because Plaintiff had not yet received sufficient net worth discovery information.  *Id.*  Specifically, Plaintiff noted that more information was needed to amend the pleadings and add "veil-piercing" theories as to companies related to Defendants.  *Id.* at 3.  The Court denied the motion.  ECF No. 64.

On October 7, 2014, at the request of Plaintiff, the Court extended the deadline to amend pleadings and add parties from October 9, 2014 to November 10, 2014.  ECF No. 68.  Plaintiff did not move to amend the pleadings by November 10, 2014.  On January 28, 2015, the Court denied Plaintiff's request to extend the deadline to amend pleadings and add parties again due to Plaintiff's lack of diligence in seeking such relief.  ECF No. 83.

On February 11, 2015, the parties filed two discovery letter briefs to resolve discovery disputes regarding Persolve's and Stride Card's net worth, which included requests for discovery on entities related to Persolve and Stride Card.  ECF Nos. 85, 86.  On April 1, 2015, Magistrate Judge Howard Lloyd partly granted Plaintiff the discovery she requested on Persolve, but denied the request with respect to entities related to Persolve.  ECF No. 94.  On April 2, 2015, Magistrate

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Judge Lloyd denied discovery on entities related to Stride Card.  ECF No. 95.  On April 15, 2015, Plaintiff filed a motion for relief from these nondispositive pretrial orders of a Magistrate Judge, ECF No. 97, which this Court denied on April 23, 2015, ECF No. 103.

On February 23, 2015, Plaintiff filed a Motion for Leave to File a Second Amended Class Action Complaint ("Motion for Leave").  ECF No. 87.  On February 25, 2015, Plaintiff filed a motion to shorten time on hearing Plaintiff's Motion for Leave, which the Court denied on March 3, 2015.  ECF Nos. 90, 91.  Defendants filed an opposition to Plaintiff's Motion for Leave on March 9, 2015.  ECF No. 92.  Plaintiff replied on March 16, 2015.  ECF No. 93.  On May 1, 2015, the Court denied Plaintiff's Motion for Leave due to Plaintiff's lack of diligence in pursuing the amendment.  ECF No. 106.

On April 26, 2015, Plaintiff filed a Motion for Class Certification to certify the following class:

> (i) all persons with addresses in California (ii) to whom PERSOLVE sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of STRIDE CARD (iii) in an attempt to collect an alleged debt originally owed to Wells Fargo Bank, N.A. (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

ECF No. 96.  Plaintiff sought to certify a "hybrid" class for both damages pursuant to Federal Rule of Civil Procedure 23(b)(3) and for injunctive or declaratory relief pursuant to Federal Rule of Civil Procedure 23(b)(2).  *Id.*  Defendants filed an opposition on April 20, 2015, ECF No. 101, and Plaintiff filed a reply on April 27, 2015, ECF No. 104.

On June 4, 2015, the Court granted in part and denied in part Plaintiff's motion for class certification.  ECF No. 109.  The Court granted the motion with respect to the Rule 23(b)(3) damages class, but denied the motion with respect to the Rule 23(b)(2) injunctive or declaratory relief class.  *Id.*

On September 28, 2015, Plaintiff and Defendants filed a Joint Motion for Preliminary Approval of Class Action Settlement.  ECF No. 128.  The Court held a hearing on the Joint

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

Motion on January 28, 2016.  Following the hearing, the parties' filed an Amended Joint Motion for Preliminary Approval of Class Action Settlement ("Amended Joint Motion").  ECF No. 135. The Court held a hearing on the Amended Joint Motion on February 12, 2016.  Following the hearing, the Court denied the Joint Motion and the Amended Joint Motion without prejudice.  ECF No. 139.

On March 9, 2016, the parties filed a Renewed Joint Motion for Preliminary Approval of Class Action Settlement ("Renewed Joint Motion").  ECF No. 142.  The Court denied the Renewed Joint Motion on March 23, 2016.  ECF No. 147.

On April 14, 2016, the parties filed a Second Renewed Joint Motion for Preliminary Approval of Class Action Settlement ("Second Renewed Joint Motion").  ECF No. 148.  On June 7, 2016, the Court granted the Second Renewed Joint Motion.  ECF No. 150.  The Court also set a hearing for December 1, 2016 at 1:30 p.m. for consideration of whether final approval of the class action should be granted and the amount of attorney's fees and costs that should be awarded to class counsel.  *Id.*

On July 7, 2016, Plaintiff filed the instant Motion for Attorney's Fees and Costs.  ECF No. 151 ("Mot.").  On July 21, 2016, Defendants filed an opposition, ECF No. 153 ("Opp'n"), and on July 28, 2016, Plaintiff filed a reply, ECF No. 154 ("Reply").

Even though the Court's June 7, 2016 order set December 1, 2016 as the final approval hearing date, and Plaintiff filed the instant Motion for Attorney's Fees and Costs on July 7, 2016, Plaintiff failed to file a motion for final approval.  Therefore, on November 21, 2016, the Court ordered the parties to file a joint motion for final approval of class action settlement by November 23, 2016.  ECF No. 155.  On November 23, 2016, the parties filed the Joint Motion for Final Approval of Class Action Settlement.  ECF No. 156.  In a separate order issued concurrently with the instant order, the Court grants final approval of the class action settlement.

Throughout the course of the instant suit, the parties regularly failed to comply with deadlines.  As discussed above, Plaintiff failed to amend the pleadings in a timely manner and also

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

failed to file a motion for final approval of class action settlement.  Additionally, the Court notes that the parties did not file a joint case management statement until ordered by the Court for five of the seven case management conferences held in this case.  *See* ECF Nos. 51, 81, 111, 125, 131.

## II.     LEGAL STANDARD

The Fair Debt Collection Practices Act ("FDCPA") directs a court to award attorney's fees and costs to a prevailing consumer against the liable debt collector.  15 U.S.C. § 1692k(a)(3).  The Ninth Circuit has held that "the FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).  Courts in the Ninth Circuit calculate an award of attorney's fees under the FDCPA using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Id.*  "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it."  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

The RFDPCA also provides for an award of attorney's fees and costs to the prevailing party, which "shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor."  Cal. Civ. Code § 1788.30(c).  Courts awarding attorney's fees under the RFDPCA also employ the lodestar method.  *See Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 348 (2009) ("[T]he court "begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case'" (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–1132  (2001)).  As under federal case law, the lodestar "may be adjusted by the court based on [multiple] factors" in order to "fix a fee at the fair market value for the particular action."  *Ketchum*, 24 Cal. 4th at 1132.

A party seeking attorney's fees bears the burden of demonstrating that the rates requested

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted); *Ketchum*, 24 Cal. 4th at 1132 (approving "use of prevailing hourly rates as a basis for the lodestar"). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993); *Ketchum*, 24 Cal. 4th at 1138 ("[F]or the most part, the difficulty of a legal question and the quality of representation are already encompassed in the lodestar."). Thus, there is a strong presumption that the lodestar amount represents a reasonable fee and any adjustment of that figure is proper only in "rare and exceptional cases." *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citations omitted).

## III.   DISCUSSION

Plaintiff seeks a total of $176,680 in attorney's fees for 351.7 hours of attorney work and 19.1 hours of paralegal or law clerk work. Mot. at 10. The requested fees are broken down by billers and hourly rates as follows:

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Fred Schwinn | Attorney | 168.8 | $500 | $84,400 |
| Raeon Roulston | Attorney | 120.1 | $400 | $48,040 |
| O. Randolph Bragg | Attorney | 62.8 | $650 | $40,820 |

8

| Jonathan Tran | Law Clerk | 18.5 | $180 | $3,330 |
|---|---|---|---|---|
| Shannon Carter | Paralegal | 0.6 | $150 | $90 |
| Total | | | | $176,680 |

In addition, Plaintiff requests leave to file a motion for fees for hours spent on the instant Motion for Attorney's Fees and Costs without providing any billing records on those hours. In the reply to the instant motion, Plaintiff also seeks fees for the time spent on the reply to the instant Motion for Attorney's Fees and Costs and provides a declaration asserting that Roulston spent 7 hours in its preparation. ECF No. 154-1.

Defendant does not challenge that an award of reasonable attorney's fees is required under the FDCPA, RFDCPA, and the terms of the settlement agreement. However, Defendant argues that the lodestar should be decreased because Plaintiff "overlitigated" the case and had only limited success. The Court first addresses whether Plaintiff's hourly rates are reasonable, then addresses whether the requested hours in the lodestar are reasonable. Then, the Court discusses whether fees for the instant Motion for Attorney's Fees and Costs should be added to the lodestar, whether an adjustment to the lodestar is warranted, and finally discusses Plaintiff's requested costs.

### A.    Reasonableness of Hourly Rates

As discussed above, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers*, 896 F.2d at 407. The Court first discusses the requested hourly rates for Fred Schwinn ("Schwinn") and Raeon Roulston ("Roulston"), then discusses the hourly rate for O. Randolph Bragg ("Bragg"), and finally discusses the hourly rates for Jonathan Tran and Shannon Carter.

Schwinn seeks an hourly rate of $500. ECF No. 151-1. Roulston seeks an hourly rate of $400. ECF No. 151-3. Schwinn has approximately 19 years of experience, and Roulston has approximately 9 years of experience. Both attorneys specialize in consumer credit litigation. ECF No. 151-1 ¶¶ 4–5; ECF No. 151-3 ¶¶ 4–5, 8. Courts in this district have found Schwinn's and

9

United States District Court
Northern District of California

Roulston's requested rates reasonable in FDCPA cases that did not involve class action claims. *See Martell v. Baker*, 2015 WL 3920056, at *2 (N.D. Cal. June 25, 2015) (finding $500 per hour rate for Schwinn and $400 per hour rate for Roulston to be reasonable); *Bentkowsky v. Benchmark Recovery Inc.*, No. 5:13-CV-01252-VC, ECF No. 109 (filed Mar. 24, 2015) (same).  Additionally, Plaintiff has filed declarations of other attorneys in the Bay Area, Ronald Wilcox and Scott Maurer, who declare that the sought-after $500 and $400 rates are reasonable for consumer law attorneys with Schwinn's and Roulston's respective levels of experience.  ECF Nos. 151-4 ("Wilcox Decl.), 151-5 ("Maurer Decl.").

Defendants have not provided any evidence or attempted to rebut the "accuracy and reasonableness" of Schwinn's and Roulston's requested hourly rates.  *Camacho*, 523 F.3d at 980 (requiring the non-moving party to submit evidence challenging the "facts asserted by the prevailing party in its submitted affidavits" in order to challenge the hourly rates).  Thus, the Court finds that Plaintiff has sufficiently demonstrated that Schwinn's and Roulston's requested hourly rates are reasonable based on prevailing market rates for attorneys with similar experience and skill.

Bragg requests an hourly rate of $650.  ECF No. 152-1.  Bragg has over 40 years of experience and states that his practice focuses on the "representation of individuals on consumer issues in class action litigation in federal courts."  *Id.* ¶ 4–9.  The Court finds that a reduction in this requested hourly rate is warranted because Plaintiff provides insufficient evidence to substantiate a $650 rate for Bragg, and the instant case has not been litigated in a manner commensurate with a $650 rate.  The Court addresses each point in turn.

First, Bragg's declaration does not assert that Bragg charges an hourly rate of $650 for work done in the Northern District of California or cite to any case law where such a rate has been awarded to attorneys for FDCPA work in the Northern District of California.  As far as the Court is aware, the highest rate that has been awarded to a plaintiff-side attorney in this district in an FDCPA lawsuit is $600.  *See Price-Pauline v. Performant Recovery*, Inc., 2016 WL 310268, at *2

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

1   (N.D. Cal. Jan. 26, 2016) (awarding hourly rate of $600 in a class action FDCPA case to an

2   attorney with 28 years of experience).  Plaintiffs also cite two cases where a rate of $610 was

3   awarded to defense counsel for successfully litigating an anti-SLAPP motion in an FDCPA case.

4   *See Le v. Sunlan Corp.*, 2014 WL 296032, at *5 (N.D. Cal. Jan. 27, 2014); *Braden v. BH Fin.*

5   *Servs.*, 2014 U.S. Dist. LEXIS 28153 (N.D. Cal. Mar. 4, 2014).  Plaintiff has not cited to a case

6   where a rate of $650 has been awarded to either Plaintiff or defense counsel in an FDCPA case.

7       The Ronald Wilcox declaration states that attorneys in this district charge "from $300 to

8   $700+ per hour, depending on the skill, experience and reputation of the attorney" for federal

9   litigation involving consumer law issues.  Wilcox Decl. ¶ 5.  However, Wilcox cites to no case

10  where an award higher than $560 has been provided in a consumer law case.  *See Armstrong v.*

11  *Brown*, 805 F. Supp. 2d 918 (N.D. Cal. 2011) (awarding $560 per hour in attorney fees to a

12  partner with fourteen years of experience).[1]  Wilcox also states that an hourly rate of $796 would

13  be reasonable for an attorney with over 20 years of experience based on the so-called "Laffey

14  Matrix, "an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in

15  Washington, D.C."  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir.2010).

16  However, the Ninth Circuit has rejected the adoption of the Laffey Matrix to set rates in the

17  Northern District of California.  *See id.* (questioning whether Laffey matrix is reliable outside the

18  District of Columbia); *Am. Civ. Liberties Union of N. Cal. v. Drug Enforcement Admin.*, 2012 WL

19  5951312, at *5 (N.D. Cal. Nov. 8, 2012).

20      Notably, in 2013, Bragg requested an hourly rate of $495 and was awarded an hourly rate

21  of $475 in an FDCPA class action case.  *Santiago v. Equable Ascent Fin.*, 2013 WL 3498079, at

22  *3 (N.D. Cal. July 12, 2013).  In 2008, the Ninth Circuit affirmed an award to Bragg of $465 per

23  hour for his services in the Northern District of California.  *Camacho v. Bridgeport Fin., Inc.*, 523

24  F.3d 973, 976 (9th Cir. 2008).  Although "attorneys are not required to maintain their rates

25  indefinitely," *Martell*, 2015 WL 3920056, at *2, an increase from $475 to $650 is high, especially

26

27  _____
    [1] Ronald Wilcox's declaration cites to higher rates in civil rights cases, but not in FDCPA cases.

28  Case No. 14-CV-00735-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
    AND COSTS

*United States District Court*
*Northern District of California*

1   when the majority of the work in the instant suit was performed in 2014 and 2015.

2          Additionally, although Bragg was brought into the instant suit for his expertise in FDCPA

3   class actions, *see Bretana v. Int'l Collection Corp.*, 2010 WL 2510081, at *5 (N.D. Cal. June 17,

4   2010) ("Schwinn appears to have sought out Bragg for his expertise in FDCPA class actions."),

5   this case has not been litigated in a manner consistent with class action expertise.  Four motions

6   for preliminary approval of class action settlement were necessary before the Court would grant

7   final approval of the class action settlement.  The initial motions did not provide the class an

8   opportunity to object to attorney's fees in violation of Federal Rule of Civil Procedure 23(h)(2),

9   included burdensome requirements for class members to object to the settlement, such as actual

10  appearance at the Final Approval hearing to merely make an objection, and did not even propose a

11  timeline for objections or for the filing of a motion for final approval of class action settlement.

12  ECF No. 147; *see also In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir.

13  2010) ("We hold that the district court abused its discretion when it erred as a matter of law by

14  misapplying Rule 23(h) in setting the objection deadline for class members on a date before the

15  deadline for lead counsel to file their fee motion.  Moreover, the practice borders on a denial of

16  due process because it deprives objecting class members of a full and fair opportunity to contest

17  class counsel's fee motion.").

18         Even after the parties proposed a timeline for filing a motion for final approval of class

19  action settlement in the parties' fourth joint motion for preliminary approval of class action

20  settlement, ECF No. 148, Plaintiff failed to file a motion for final approval even though Plaintiff

21  diligently filed a Motion for Attorney's Fees and Costs on July 7, 2016.  Thus, on November 21,

22  2016, the Court was forced to order the parties to file the motion for final approval of class action

23  settlement by November 23, 2016, a week before the December 1, 2016 Final Approval hearing.

24  ECF No. 155.  Notably, even after filing the Motion for Final Approval of Class Action

25  Settlement, the parties' proposed order granting final approval cited the *preliminary* approval

26  standard, not the final approval standard.  ECF No. 156-5 ¶ 3 ("The Court further finds that the

United States District Court
Northern District of California

12

1    Settlement Agreement appears to be within the range of reasonableness of a settlement that could

2    ultimately be given final approval by this Court.").

3         In contrast, nearly five months earlier, Plaintiff timely filed the instant Motion for

4    Attorney's Fees and Costs and provided carefully-documented billing records.  ECF No. 151.  As

5    set further in Part III.B.3, below, Plaintiff's Motion for Attorney's Fees and Costs requests fees

6    beyond April 14, 2016, even though Plaintiffs' notice to the class stated that only fees, costs, and

7    expenses incurred through April 14, 2016 would be sought.  Moreover, Plaintiff's Motion requests

8    leave to file a second motion for fees after final approval of class action settlement despite the

9    above Ninth Circuit law.  Further, Plaintiff requests more fees for the first time in Plaintiff's reply

10   brief, again in violation of Plaintiff's notice to the class and Ninth Circuit law.

11        Finally, Plaintiff failed to file a case management statement in five of the seven case

12   management conferences in this case.  The Court recognizes that three lawyers are litigating this

13   case on behalf of the Plaintiffs, and each may take some responsibility for how this case has been

14   litigated.  Nonetheless, the instant suit has not been litigated in a manner consistent with extensive

15   class action litigation experience in federal court.

16        Given the lack of evidence presented to the Court concerning Bragg's requested rate and

17   the manner in which the instant suit has been litigated, the Court finds that a reduction in Bragg's

18   hourly rate is warranted.  The Court finds that an hourly rate of $600 is reasonable because of

19   Bragg's 40 years of litigation experience.  Moreover, this same hourly rate was approved for an

20   experienced attorney in another FDCPA suit in this district earlier this year.  *See Price-Pauline*,

21   2016 WL 310268 at *2.

22        Plaintiff seeks an hourly rate of $180 for Jonathan Tran, a law clerk that worked with

23   Schwinn and Roulston in the Consumer Law Center on the instant matter, and an hourly rate of

24   $150 for Shannon Carter, a paralegal working for Bragg.  Fees for law clerks and paralegals are

25   compensable as attorney's fees so long as the work is legal rather than clerical in nature.  *See*

26   *Missouri v. Jenkins*, 491 U.S. 274, 284–85 (1989) (holding it is "self-evident . . . that the

27

28   Case No. 14-CV-00735-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
     AND COSTS

United States District Court
Northern District of California

1   'reasonable attorney's fee' provided for by statute should compensate the work of paralegals [and

2   law clerks], as well as that of attorneys"); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)

3   ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to

4   account for the billing errors.").

5         Jonathan Tran was a law clerk at the Consumer Law Center while he attended Golden Gate

6   University School of Law.  ECF No. 151-1 ¶ 14.  In 2014, this Court held that an hourly rate of

7   $175 was a reasonable rate for a law clerk in an FDCPA case.  *Long v. Nationwide Legal File &*

8   *Serve, Inc.*, 2014 WL 3809401, at *12 (N.D. Cal. July 23, 2014) ("Other courts have found the

9   $175 rate reasonable, and this Court sees no reason to disagree.").  Although Plaintiff seeks a

10   billing rate of $180, a small increase over two years does not render the rate unreasonable.  *See*

11   *Parker v. Vulcan Materials Co. Long Term Disability Plan*, 2012 WL 843623, *7 (C.D. Cal. Feb.

12   16, 2012) ("It is common practice for attorneys to periodically increase their rates for various

13   reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of

14   maintaining a practice").  Indeed, in 2011, another court in this district awarded a rate of $180 to

15   law students working as law clerks in an American with Disabilities Act case.  *Armstrong v.*

16   *Brown*, 805 F. Supp. 2d 918, 921 (N.D. Cal. 2011) ("The hourly rate for the firm's law clerks,

17   including law students and other litigation assistants, is $180.").

18         Shannon Carter is a paralegal that works for Bragg for whom Plaintiff requests an hourly

19   rate of $150.  ECF No. 152-1 ¶ 19 ("The reasonable hourly rate for my paralegal, Shannon Carter,

20   is $150.00 per hour.").  Plaintiff does not provide any information on either Carter's level of

21   experience or the prevailing market rate for a parelegal of Carter's similar experience and skill.

22   Therefore, the Court excludes Carter's 0.6 hours of work.

23       **B.**    **Reasonableness of Hours**

24         A reasonable number of hours is equal to the number of hours that the attorney could

25   reasonably bill to a private client.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir.

26   2013).  "A district court should exclude from the lodestar amount hours that are not reasonably

27

28   Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

14

expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The party seeking fees bears the initial burden of establishing the hours expended litigating the case and must provide detailed time records documenting the tasks completed and the amount of time spent.  *Hensley*, 461 U.S. at 434; *Welch v. Met. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).  After the party seeking fees has come forward with its evidence supporting the time billed, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates*, 987 F.2d at 1397–98.

Here, Plaintiff's attorneys have filed with the Court itemized billing statements and declarations indicating that Schwinn expended 168.8 hours, Roulston expended 120.1 hours, and Bragg expended 62.8 hours on the instant litigation.  ECF Nos. 151-1 Ex. A, 152-1.  The records also indicate that Tran expended 18.5 hours, and Carter expended 0.6 hours on the instant litigation.  *Id.*  These sorts of declarations have been held by the Ninth Circuit to be "satisfactory evidence" of attorney's fees.  *Camacho*, 523 F.3d at 980.  Thus, Plaintiff's declarations satisfy her initial burden of producing evidence demonstrating the reasonableness of the requested fee.  The burden thus shifts to Defendant to submit "evidence . . . challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits."  *Id.*

In response, Defendants raise a number of objections to Plaintiff's requested attorney's fees.  Specifically, Defendants argue that many of Plaintiff's requested hours should be reduced because they are "duplicative" or reflect work performed on unsuccessful motions.  Defendants also argue more generally that the hours in the case should be reduced based on Plaintiff's "limited success" in the case overall.

In addition to the lodestar amount, Plaintiff requests to bring a supplemental motion for an award of attorney's fees for the hours Plaintiff's counsel expended on the instant motion.

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

1   Additionally, in Plaintiff's reply brief and in a supplemental declaration submitted by Roulston,

2   Plaintiff also requests fees for the 7 additional hours Roulston spent preparing the Reply to the

3   Opposition to the Motion for Attorney's Fees.  Reply at 13.  Although not challenged by

4   Defendants, the Court independently evaluates these requests.  ECF No. 147 (noting that the first

5   three preliminary approval orders were denied because Plaintiff's counsel failed, as here, to

6   provide the class an opportunity to object to attorney's fees).

7           The Court first addresses whether any hours in the case should be excluded because they

8   are duplicative or excessive, then discusses whether work performed on Plaintiff's unsuccessful

9   motions should be excluded, and then turns to whether fees can be awarded for the instant motion.

10  The Court then discusses whether a general decrease in the lodestar is warranted in the instant case

11  and finally discusses the award of costs.

12                      **1.       Excessive or Redundant Hours**

13          Courts can exclude attorney's fees that are "excessive, redundant, or otherwise

14  unnecessary."  *Hensley*, 461 U.S. at 434.  Defendant argues that hours spent sending emails

15  between Plaintiff's attorneys should be excluded as "duplicative."  Opp'n at 12.  Defendant cites

16  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007), where the Ninth Circuit did not

17  overturn a district court's finding that intra-office meetings between co-counsel were "unnecessary

18  and duplicative."  *Id.* at 949.  However, "it is obvious that co-counsel will have to communicate

19  with one another to provide adequate representation."  *Relente v. Viator, Inc.*, 2015 WL 3613713,

20  at *2 (N.D. Cal. June 9, 2015); *Elise Dragu v. Motion Picture Indus. Health Plan for Active*

21  *Participants*, 159 F. Supp. 3d 1121, 1128–29 (N.D. Cal. 2016) ("[C]ollaboration and

22  brainstorming are an important aspect of legal practice.  Even the most competent and experienced

23  attorney does not have all the answers.").  Therefore, the Court does not automatically exclude

24  emails exchanged between co-counsel, but looks to whether such emails are actually "redundant."

25          Here, Defendants do not satisfy their burden by identifying evidence of duplicative

26  communications.  The two emails Defendants assert are duplicative do not involve the same

27

28

16

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

subject matter.  The first email states that "[w]e will draft a Motion to Strike Defendants' Offer of Judgment and send it to him for his review and approval after we talk to Ms. Jacobson," and the second email requests co-counsel to "review and comment on the attached Reply Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment." Opp'n at 12.  An email regarding coordination on a motion is not duplicative of a request for review of the reply in support of that motion.  Thus, Defendants have not shown that the communication between Plaintiff's attorneys is duplicative, and no fees will be excluded under this rationale.

However, the billing records include multiple time entries of 0.1 hours that add up to 25.3 hours of work performed by Roulston and Schwinn and 5.2 hours of work performed by Bragg. Although "a one-tenth hour timekeeping practice is generally reasonable" and "careful review of filings should be encouraged," billing 0.1 hours for certain practices sometimes requires a reduction.  *Kalani v. Starbucks Corp.*, 2016 WL 379623, at *8 (N.D. Cal. Feb. 1, 2016) (reducing by half multiple 0.1 hour time entries for routine docket entries).  In the instant case, Schwinn and Bragg billed 0.1 hours for the receipt and review of multiple single sentence orders and docket entries.  The Court does not decrease any of the 0.1 hour entries for Roulston because he did not bill such time for simple review of items in the Court docket.  The Court finds the following entries of Schwinn and Bragg to be over-inflated:

| Date | Attorney | Description | Time |
|------|----------|-------------|------|
| 3/20/14 | Fred Schwinn | Receive & Review: Clerk's Notice of Impending Reassignment to a United States District Judge | 0.1 |
| 3/20/14 | Fred Schwinn | Receive & Review: Order Reassigning Case to Judge Lucy H. Koh | 0.1 |
| 4/1/14 | Fred Schwinn | Receive & Review: Summons Issued as to Stride Card, LLC | 0.1 |
| 5/10/14 | Fred Schwinn | Receive & Review: Clerk's Notice Extending Deadline for Plaintiff to File Motion to Compel Discovery Responses | 0.1 |
| 5/21/14 | Fred Schwinn | Receive & Review: Clerk's Notice Setting Case Management Conference for 6/24/2014 @ 2:00. | 0.1 |
| 6/2/14 | Fred Schwinn | Receive & Review: ADR Certification by Parties and Counsel filed by Persolve, LLC | 0.1 |
| 6/2/14 | Fred Schwinn | Receive & Review: ADR Certification by Parties and Counsel filed by Stride Card, LLC | 0.1 |

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

| 6/10/14 | Fred Schwinn | Receive & Review: ADR Clerks Notice Setting ADR Phone Conference | 0.1 |
|---|---|---|---|
| 6/25/14 | Fred Schwinn | Receive & Review: Civil Minutes - Case Management Conference (after already spending 0.1 hours review the Court's case management order for the case management conference) | 0.1 |
| 8/8/14 | Fred Schwinn | Receive & Review: Order Directing Parties to File a Joint Case Management Statement | 0.1 |
| 8/13/14 | Fred Schwinn | Receive & Review: Clerk's Notice Vacating Motion Hearing and Continuing Case Management Conference | 0.1 |
| 9/5/14 | Fred Schwinn | Receive & Review: Clerk's Notice Confirming Settlement Conference | 0.1 |
| 9/10/14 | Fred Schwinn | Receive & Review: Order on Defendants' Ex Parte Application for Telephonic Appearance at Mandatory Settlement Conference | 0.1 |
| 9/22/14 | Fred Schwinn | Receive & Review: Clerk's Notice Re: Settlement Conference - Re: The mandatory settlement conference will be held in Courtroom 1, 5th Floor, San Jose Courthouse, on September 25, 2014, at 9:30 a.m. | 0.1 |
| 4/28/15 | Fred Schwinn | Receive & Review: Clerk's Notice Continuing Case Management Conference | 0.1 |
| 6/2/15 | Fred Schwinn | Receive & Review: Clerk's Notice Vacating Motion Hearing and Case Management Conference | 0.1 |
| 6/11/15 | Fred Schwinn | Receive & Review: Order Directing Parties to File Joint Case Management Statement | 0.1 |
| 8/10/15 | Fred Schwinn | Receive & Review: Clerk's Notice Re Settlement Conference | 0.1 |
| 9/2/15 | Fred Schwinn | Receive & Review Clerk's Notice Vacating Settlement Conference | 0.1 |
| 9/17/15 | Fred Schwinn | Receive & Review: Order Directing Parties to File a Joint Case Management Statement | 0.1 |
| 9/21/15 | Fred Schwinn | Receive & Review: Order Continuing Case Management Conference | 0.1 |
| 1/25/16 | Fred Schwinn | Receive & Review: Order to File Case Management Conference Statement | 0.1 |
| 3/1/14 | O. Randolph Bragg | Review return of Summons for Persolve | 0.1 |
| 3/5/14 | O. Randolph Bragg | Review Order Granting My PHV [Pro Hac Vice] | 0.1 |
| 3/20/14 | O. Randolph Bragg | Review Clerk's Notice of Reassignment and Order Reassigning Case to Judge Koh | 0.1 |
| 4/1/14 | O. Randolph Bragg | Review ECF Notice Scheduling CMC in San Jose | 0.1 |
| 4/8/14 | O. Randolph Bragg | Review Return on Summons for Stride Card | 0.1 |

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

| 4/9/14 | O. Randolph Bragg | Review Appearance of Defense Counsel S.A. Watkins | 0.1 |
|--------|-------------------|---------------------------------------------------|-----|
| 5/20/14 | O. Randolph Bragg | Review Clerk's Notice Rescheduling CMC | 0.1 |
| 6/28/14 | O. Randolph Bragg | Review Minute Order Setting CMC Conference | 0.1 |
| 8/13/14 | O. Randolph Bragg | Review Clerk's Notice via ECF Rescheduling CMC | 0.1 |
| 9/5/14 | O. Randolph Bragg | Review Clerk's Notice re settlement conference | 0.1 |
| 10/8/14 | O. Randolph Bragg | Review ECF Notice Scheduling CMC for January 28 | 0.1 |
| 4/29/15 | O. Randolph Bragg | Review Clerk's Notice rescheduling CMC | 0.1 |
| 6/2/15 | O. Randolph Bragg | Review Clerk's Notice Cancelling Class Cert Hearing and Rescheduling CMC | 0.1 |
| 9/17/15 | O. Randolph Bragg | Review Order to file CMC Statement | 0.1 |

Overall, this list accounts for 2.2 hours of work performed by Schwinn and 1.4 hours performed by Bragg.  As this Court noted in *Kalani*, "[w]hile reviewing such notices takes some amount of time, experienced counsel must exercise billing judgment to avoid excessive accumulation of 0.1 hour entries in reviewing such routine documents and court communications." *Id.* at *8.  Courts in this district have noted, on multiple occasions that at least some of the attorneys in the instant case tend to excessively bill in 0.1 hour increments.  *See Bretana v. Int'l Collection Corp.*, 2010 WL 2510081, at *5 (N.D. Cal. June 17, 2010) (in a case involving Schwinn, Roulston, and Bragg, finding that "1.70 hours were billed in discrete six-minute increments, often through multiple .10 hour entries in a single day.  Consolidating some tasks would have been more reasonable.").  Thus, as in *Kalani*, the Court finds that these hours should be reduced by half, that is, 1.1 hour or $550 for Schwinn, and 0.7 hours or $455 for Bragg.

### 2.  Unsuccessful Motions

Defendants also argue that the Court should exclude attorney's fees related to Plaintiff's unsuccessful motions.  Opp'n at 15.  Specifically, Defendants seek the exclusion of hours related to (1) the parties' repeated unsuccessful joint motions for preliminary approval, (2) Plaintiff's failed motion to strike Defendant's Rule 68 Offer of Judgment, (3) Plaintiff's unsuccessful motion

19

for leave to file a second amended complaint and discovery related to entities that were not added to the complaint as a result, (4) Plaintiff's partially unsuccessful discovery dispute letters, (5) Plaintiff's unsuccessful motion to continue the initial settlement conference before Magistrate Judge Nathanael Cousins, and (6) the unsuccessful portions of Plaintiff's motions to strike Defendants' affirmative defenses.  Opp'n at 5–6.

Under federal and California law, attorney's fees may be excluded that relate solely to unsuccessful claims.  *Hensley*, 461 U.S. at 434; *see also ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1019 (2001) ("California courts . . . have adopted the approach set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).").  *Hensley* established a two-step process for determining whether fees should be excluded or reduced due to the moving party's "limited success" on some of the claims in a suit:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to plaintiff's successful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (citing and quoting *Hensley*, 461 U.S. at 434–35; internal quotation marks omitted).  In this section, the Court addresses the first step under *Thorne* and *Hensley*.  The Court considers the second step, "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended," below, in the section discussing potential downward and upward adjustments to the lodestar.

The analysis in the first step of *Thorne* differs when, as here, the plaintiff has succeeded on all *claims*, but not on all *motions*.  The Ninth Circuit has held that "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage."  *Cabrales v. Cty. of L.A.*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war.").  "Thus, time spent unsuccessfully opposing motions or requests on the way to prevailing in a case may be compensable."  *Pierce v. Cty. of Orange*, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012);

20

1    *see, e.g.*, *Cabrales*, 935 F.2d at 1053 (finding attorney's fees available for unsuccessful opposition

2    to petition for writ of certiorari); *O'Neal v. City of Seattle*, 66 F.3d 1064, 1069 (9th Cir. 1995)

3    (finding attorney's fees available for unsuccessful motion for class certification, which was not

4    considered a "claim," but a method of pursuing relief).

5    　　　To determine whether fees related to unsuccessful motions should be included as a

6    "necessary step to [the plaintiff's] ultimate victory," courts look to whether the hours spent on

7    such motions were "reasonably spent in pursuit of the litigation." *Jadwin v. Cty. of Kern*, 767 F.

8    Supp. 2d 1069, 1109–10 (E.D. Cal. 2011) (citing *Emery v. Hunt*, 272 F.3d 1042, 1047–48 (8th Cir.

9    2001)); *see also Nat'l Fed'n of the Blind v. Target Corp.*, 2009 WL 2390261, at *4 (N.D. Cal.

10   Aug. 3, 2009) ("[T]he proper test is whether it was reasonable at the time to work on an ultimately

11   unsuccessful motion rather than ask whether, in hindsight, the plaintiff could have prevailed

12   without it."); *Sundance v. Mun. Court*, 192 Cal. App. 3d 268, 274 (1987) (requiring trial court to

13   inquire "whether time spent on an unsuccessful legal theory was reasonably incurred").

14   　　　Courts have excluded or reduced hours on unsuccessful motions where those motions were

15   not factually or legally related to the claims in the lawsuit. *See, e.g.*, *Pierce*, 905 F. Supp. 2d at

16   1032 (excluding fees on the plaintiff's unsuccessful defense of a motion for sanctions, which was

17   based on discovery abuses).  Courts also have excluded or reduced time where the motions were

18   deficient or had no legal basis. *Jadwin*, 767 F. Supp. 2d at 1109–10 (excluding hours for a clearly

19   unmeritorious motion to reconsider an order on a motion to appear by telephone and reducing by

20   half the hours spent on other motions where the plaintiff "demonstrated manifest confusion of the

21   relevant legal standards").

22   　　　Here, the Court addresses each of the motions for which Defendants assert that Plaintiff

23   should not receive attorney's fees in turn.  First, the Court excludes the attorney's fees related to

24   the parties' second and third unsuccessful motions for preliminary approval because those hours

25   were not "reasonably spent in pursuit of the litigation." *Jadwin*, 767 F. Supp. 2d at 1109–10.  The

26   parties first moved for preliminary approval on September 28, 2015.  ECF No. 128.  After the

27

28   Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

21

United States District Court
Northern District of California

1    January 28, 2016 hearing on the motion, ECF No. 134, the parties filed an amended motion for

2    preliminary approval on February 11, 2016, ECF No. 135.  The following day, the Court denied

3    the amended motion.  ECF Nos. 137, 139.

4         On March 9, 2016, the parties filed a third joint motion for preliminary approval.  ECF No.

5    142.  The Court denied the motion because the parties' new proposal was still insufficient.  ECF

6    No. 147.  The Court specified in its order denying the third motion for preliminary approval that

7    "[t]he Court will not award any attorney's fees for these repeated, insufficient motions for

8    preliminary approval of class action settlement."  ECF No. 147.  Finally, after a fourth motion for

9    preliminary approval, ECF No. 148, the Court granted preliminary approval of the class action

10   settlement, ECF No. 150.

11        Although Plaintiff needed to bring a motion for preliminary approval, courts may refuse to

12   award fees that are accrued due to deficiencies in the parties' filings.  *See Nat'l Fed'n of the Blind*,

13   2009 WL 2390261, at *4 ("This briefing should not be fully compensated, since it was

14   necessitated by deficiencies in plaintiffs' first round of briefing."); *Tom Ver LLC v. Organic All.*,

15   Inc, 2015 WL 6957483, at *12 (N.D. Cal. Nov. 11, 2015) (refusing to award attorney's fees for

16   "the three previous, deficient motions for default judgment").  Indeed, these fees would not have

17   been incurred had the parties not filed multiple insufficient motions.

18        Thus, the Court excludes the fees related to the second and third deficient motions for

19   preliminary approval of class action settlement.  The Court does not exclude the fees associated

20   with the first motion for preliminary approval of class action settlement because it is not rare or

21   unreasonable for at least one round of modifications to be necessary at the preliminary approval

22   stage.  The Court also does not exclude the fees associated with the fourth motion for preliminary

23   approval of class action settlement because that motion was granted.

24        In response to Defendants' argument that the fees for the three unsuccessful preliminary

25   approval motions should be excluded, Plaintiff's sole argument is that it is "unfair" to "punish"

26   only Plaintiff for these unsuccessful joint motions.  Mot. at 23.  However, the Court is not

27

28   Case No. 14-CV-00735-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
     AND COSTS

"punishing" Plaintiff, but simply refusing to award unnecessary fees.  The Court has no ability to weigh in on whether Defendants Persolve and Stride Card will pay their counsel for the work done on these unsuccessful motions.  Thus, the Court excludes the following time entries as being related to the second and third insufficient motions for preliminary approval[2]:

| Date | Attorney | Description | Time |
|------|----------|-------------|------|
| 2/2/16 | Raeon Roulston | Receive and Review: Email from Stephen Watkins [Defendants' Attorney] – Re: Amended Class Action Settlement Agreement, Class notice and amended Proposed Preliminary Order | 0.1 |
| 2/3/16 | Raeon Roulston | Telephone Call to Bragg – Re: Amended Class Action Settlement Agreement, Amended Class Notice, and Amended Proposed Preliminary Order | 0.2 |
| 7/7/16 | Raeon Roulston | Receive and Review Email from Stephen Watkins - Re: Signed Amended Settlement Agreement | 0.1 |
| 2/10/16 | Raeon Roulston | Drafting Documents: Revise and Edit Amended Joint Motion for Preliminary Approval of Class Action Settlement | 2.5 |
| 2/10/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Draft Amended Joint Motion | 0.1 |
| 2/11/16 | Raeon Roulston | Receive and Review Email from Judge Koh CRD regarding deadline | 0.1 |
| 2/11/16 | Raeon Roulston | Receive and Review Email from Stephen Watkins – Re: Amended Joint Motion approved for Filing | 0.1 |
| 2/11/16 | Raeon Roulston | Receive and Review Email from Stephen Watkins – Re: Will not be able to get signatures in time for Court deadline | 0.1 |
| 2/11/16 | Raeon Roulston | Receive and Review: Order Re Preliminary Approval | 0.1 |
| 2/12/16 | Raeon Roulston | Attend Continued Court Hearing on Motion for Preliminary Approval | 0.9 |
| 2/12/16 | Raeon Roulston | Receive and Review: Order Granting Defendant's Motion to Appear by telephone | 0.1 |
| 2/12/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Strategy for Amending and Obtaining Signatures on Amended Settlement Agreement | 0.1 |
| 2/15/16 | Raeon Roulston | Draft Email to David Kaminski [Defendants' Counsel] – Re: Turning Around Amendment to Settlement Agreement | 0.1 |
| 2/15/16 | Raeon Roulston | Receive and Review: Email from David Kaminski – Re: He Knows What the Court Requires [regarding Preliminary Approval] | 0.1 |

---

[2] In her Reply to Defendants' opposition, Plaintiff does not argue that any of these hours were improperly linked to the insufficient motions for preliminary approval.

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

| 2/24/16 | Raeon Roulston | Receive and Review: Email from Stephen Watkins – Re: Defendants' Redlines to Settlement Agreement and Proposed Order | 0.1 |
|---|---|---|---|
| 3/2/16 | Raeon Roulston | Receive and Review: Email from Stephen Watkins – Re: Any update on the Renewed Motion? | 0.1 |
| 3/4/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Will Handle Jacobson Motion on Monday | 0.1 |
| 3/8/16 | Raeon Roulston | Drafting Documents: Revise and Edit Third Amended Class Action Settlement Agreement | 0.5 |
| 3/8/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Revised Third Amended Class Action Settlement Agreemnt | 0.1 |
| 3/9/16 | Raeon Roulston | Revise and Edit Notice of Hearing on renewed Joint Motion for Preliminary Approval of Class Action Settlement . . . . | 4 |
| 3/9/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Renewed Joint Motion for Preliminary Approval | 0.5 |
| 3/9/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Please approve the Third Amended Class Action Settlement Agreement | 0.1 |
| 3/10/16 | Raeon Roulston | Receive and Review: Email from Judge Koh – Re: Roulston Declaration has not been filed | 0.1 |
| 3/10/16 | Raeon Roulston | Receive and Review: Email from Stephen Watkins – Signed Amended Settlement Agreement | 0.1 |
| 3/10/16 | Raeon Roulston | Meeting with Client to Obtain Signature | 0.5 |
| 3/14/16 | Raeon Roulston | Receive and Review Email from Stephen Watkins – Re: Stride Card's Signature | 0.1 |
| 3/14/16 | Raeon Roulston | Draft Email to Stephen Watkins – Re: Stride Card's Signature | 0.1 |
| 2/12/16 | Fred Schwinn | Receive and Review: Civil Minutes – Re: Hearing on Joint Motion to Approve Settlement | 0.1 |
| 2/12/16 | Fred Schwinn | Receive and Review: Order Denying Preliminary Approval Without Prejudice | 0.1 |
| 2/16/16 | Fred Schwinn | Receive and Review: Clerk's Notice Reserving Hearing for Renewed Motion for Preliminary Approval | 0.1 |
| 3/21/16 | Fred Schwinn | Receive and Review: Defendants' Request for Telephonic Appearance | 0.1 |
| 3/23/16 | Fred Schwinn | Receive and Review: Order Denying Renewed Joint Motion for Preliminary Approval | 0.1 |
| 2/2/16 | O. Randolph Bragg | Review Defendants' Revisions to the Settlement Documents | 0.2 |
| 2/3/16 | O. Randolph Bragg | Confer With Co-Counsel Re the Preliminary Approval hearing | 0.2 |
| 2/3/16 | O. Randolph Bragg | Review and Revise Defendants' Re Draft of the Amendment to the Settlement Agreement and the Preliminary Approval Order | 0.5 |
| 2/4/16 | O. Randolph | Email With co-counsel Re Revised Settlement Documents | 0.1 |

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

| | Bragg | | |
|---|---|---|---|
| 2/11/16 | O. Randolph Bragg | Review Amended Motion for Preliminary Approval of Class Settlement and Supplemental Declaration | 0.2 |
| 2/12/16 | O. Randolph Bragg | Review Order Re Approval hearing and Fees, Research, and Respond to Co-Counsel | 0.7 |
| 2/15/16 | O. Randolph Bragg | Review Order Denying Preliminary Approval and Scheduling Hearing | 0.1 |
| 2/26/16 | O. Randolph Bragg | Review Clerk's Notice Continuing Preliminary Approval Hearing | 0.1 |
| 3/7/16 | O. Randolph Bragg | Review Draft of Preliminary Approval Order and Respond to Co-Counsel | 0.2 |
| 3/8/16 | O. Randolph Bragg | Email and Discuss with Co-Counsel Re Attorney's Fees Motion and Class Notice, Review and Revise Class Notice Language, Calculate fees to date and inform Co-counsel | 0.4 |

Therefore, the Court excludes from the lodestar the time spent on the second and third inadequate motions for preliminary approval of class action settlement, which total 11.1 hours of time for Roulston, 0.5 hours of time for Schwinn, and 2.7 hours of time for Bragg. The Court, however, does not exclude the time spent on the first or fourth motions for preliminary approval of class action settlement.

Second, the Court considers whether the fees related to the motion to strike the Rule 68 offer of judgment should be excluded. Federal Rule of Civil Procedure 68(a) provides that a defendant may "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Defendants made a Rule 68 offer of judgment to the lead Plaintiff in the instant case, but did not provide a similar offer on a classwide basis. Plaintiff sought to strike the offer because the offer allegedly constituted an attempt to "pick off" the lead plaintiff. ECF No. 55 at 6. Indeed, in some jurisdictions, a Rule 68 offer that provides a lead plaintiff complete relief moots classwide claims if the class is not yet certified. ECF No. 55 at 6. However, the Court noted that "it is unclear why [striking the Rule 68 offer of judgment] would be necessary in this case" because Defendants had not sought to render the classwide claims moot and, under binding Ninth Circuit precedent, a Rule 68 offer of judgment does not moot classwide claims. ECF No. 55 at 7 ("[A] plaintiff may still certify a class and avoid mootness of the class claims even after a defendant has offered complete individual relief via a Rule 68 offer of judgment." (citing *Pitts v.*

25

*Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)).  Moreover, the Court held that a

motion to strike was procedurally improper: the Rule 68 offer of judgment was never filed with

the Court and therefore there was nothing for the Court to "strike."  *Id.*  Finally, the motion was

only tangentially related to Plaintiff's claims.  *See Pierce*, 905 F. Supp. 2d at 1032 (excluding fees

on the plaintiff's unsuccessful defense of a motion for sanctions, which did not involve the same

course of conduct or legal theories as the ultimately successful claim).  Thus, the Court finds that

the time spent on the motion to strike the Rule 68 offer was not "reasonably spent in pursuit of the

litigation."  *Jadwin*, 767 F. Supp. 2d at 1109–10.  The Court excludes the following entries:

| Date | Attorney | Description | Time |
|------|----------|-------------|------|
| 4/3/14 | Raeon Roulston | Draft Email to Rand Bragg – Re: Please Approve the Motion for Order Striking Defendant's Offer of Judgment for filing with the Court | 0.1 |
| 4/3/14 | Fred Schwinn | Drafting Documents: Motion for Order Striking Defendant's Offer of Judgment | 4.3 |
| 4/4/14 | Fred Schwinn | Drafting Documents Revise and Edit – Re: Motion for Order Striking Defendant's Offer of Judgment to Incorporate Rand Bragg's Suggestions | 0.3 |
| 4/18/14 | Fred Schwinn | Receive & Review: Opposition to Motion for Order Striking Defendant's Offer of Judgment | 1 |
| 4/24/14 | Fred Schwinn | Research and Writing: Re: Reply Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment | 4.3 |
| 4/25/14 | Fred Schwinn | Draft Email to Rand Bragg – Re: Please Review and Comment on the Attached Reply Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment | 0.1 |
| 4/25/14 | Fred Schwinn | Drafting Documents Reply Memorandum of Points and Authorities in Support of Motion for Order Striking Defendant's Offer of Judgment | 3.1 |
| 3/27/14 | O. Randolph Bragg | Discuss Motion to Strike Defendant's Offer of Judgment with Co-Counsel | 0.1 |
| 4/4/14 | O. Randolph Bragg | Review and Revise Motion to Strike OJ and Memorandum in Support | 0.8 |
| 4/18/14 | O. Randolph Bragg | Review and Research Defendants' Opposition to our Motion to Strike Offer of Judgment and Request for Judicial Notice | 0.6 |
| 4/25/14 | O. Randolph Bragg | Review, Research, and Comment to Co-Counsel Re Draft of Reply in Support of Motion to Strike Offer of Judgment | 0.7 |

Overall, with respect to the motion to strike Defendants' Rule 68 Offer of Judgment, the

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

1    Court excludes 0.1 of Roulston's hours, 13.1 of Schwinn's hours, and 2.2 of Bragg's hours.

2         Third, Plaintiff brought an unsuccessful Motion for Leave to File a Second Amended Class

3    Action Complaint ("Motion for Leave") to add additional defendants that are allegedly related to

4    Persolve and Stride Card.  ECF No. 87.  Generally, fees that accrue in relation to an unsuccessful

5    motion to amend the complaint are compensable.  *See L.H. v. Schwarzenegger*, 645 F. Supp. 2d

6    888, 897 (E.D. Cal. 2009) (finding two unsuccessful motions to amend the pleadings to be

7    "reasonably related to [the plaintiffs'] successful claims"); *cf. Pierce*, 905 F. Supp. 2d at 1032

8    (finding compensable motion practice regarding "issues over the proper defendants").  Here, as in

9    *Schwarzenegger*, Plaintiff's attempt to add additional defendants was related to her FDCPA and

10   RFDCPA claims.  Plaintiff sought to add parties alongside a "piercing the corporate veil" theory

11   to show that Persolve's and Stride Card's net worth was higher than they claimed.  *See* ECF No.

12   87-3; *see also* 15 U.S.C. § 1692k(b) (capping award to class at the lower of $500,000 or 1% of the

13   defendant's net worth).

14        However, the Court decreases fees related to Plaintiff's Motion for Leave because the

15   motion was denied based on Plaintiff's lack of diligence.  As outlined in the procedural

16   background section above, Plaintiff first indicated to the Court that it potentially would seek to

17   amend the pleadings and add parties based on a "piercing the corporate veil" theory on September

18   16, 2014.  ECF No. 63.  On October 7, 2014, the Court granted an extension of the October 9,

19   2014 deadline to move to amend pleadings and add parties to November 10, 2014.  ECF No. 68.

20   Plaintiff did not seek to amend the pleadings or add parties by the November 10, 2014 deadline,

21   and did not request an additional extension before the deadline.  On January 26, 2015, Plaintiff

22   belatedly requested to extend the deadline to amend pleadings and add parties.  ECF No. 82.  The

23   Court denied the request on January 26, 2015 because of Plaintiff's lack of diligence in seeking

24   such relief.  ECF No. 83.

25        On February 23, 2015, months after the original October 9, 2014 deadline and the extended

26   November 10, 2014 deadline, Plaintiff filed the Motion for Leave in order to add additional

27

28   Case No. 14-CV-00735-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
     AND COSTS

United States District Court
Northern District of California

27

1    defendants allegedly related to Persolve and Stride Card.  ECF No. 87.  On May 1, 2015, the Court

2    denied Plaintiff's motion because Plaintiff had not been diligent in seeking amendment and had

3    not shown good cause why Plaintiff had not been diligent.  ECF No. 106 ("[I]n cases where a

4    party moves to amend or add a party after the Court's deadline for filing motions or amending the

5    pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and

6    obtain the judge's consent to modify the deadlines set by the Court.").

7         Plaintiff's lack of success on the motion, therefore, stems largely from Plaintiff's own lack

8    of diligence and inability to comply with deadlines.  However, the Court cannot conclude that

9    bringing the motion was entirely unreasonable because, had Plaintiff been successful, Plaintiff

10   may have been able to increase the award to class members by showing that Persolve and Stride

11   Card had a higher net worth.  *See* 15 U.S.C. § 1692k(a)(3) (capping awards to class members in

12   FDCPA suits to the lower of $500,000 or 1% of the defendant's net worth).  Balancing these two

13   considerations, the Court finds that a 50% reduction of fees related to the motion for leave to file a

14   second amended complaint is warranted.  *See Jadwin*, 767 F. Supp. 2d at 1110 (decreasing fee

15   award by 50% for deficient motions for reconsideration).

16        On December 1, 2016, at the Final Approval hearing, the Court ordered Defendants to file

17   with the Court a table of the attorney's fees related to Plaintiff's motion for leave to file a second

18   amended complaint.  On December 5, 2016, Defendants complied with the Court's order.  ECF

19   No. 159.  The Court reduces by half the hours related to the following entries[3]:

| Date | Attorney | Description | Time |
|------|----------|-------------|------|
| 2/20/15 | Raeon Roulston | Drafting Documents: Revise and Edit Second Amended Class Action Complaint | 4 |
| 2/23/15 | Raeon | Drafting Documents: Motion for Leave to File Second | 6 |

_____

[3] The Court does not reduce the hours spent on 2/23/15 for preparing an Administrative Motion for Sealing brought in support of the Motion for Leave to File a Motion for Leave to File a Second Amended Complaint.  ECF No. 88.  Although the Administrative Motion for Sealing referred to a number of documents that solely involved entities that were to be added by the Motion for Leave to File a Second Amended Complaint, it also involved documents on various financial transactions of Stride Card.  ECF No. 88-14 ("Bank Reconciliations").  That information would be relevant to later Motions, such as Plaintiff's Motion for Class Certification, as corroboration of Stride Card's net worth.

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

| | Roulston | Amended Class Action complaint, and Related Documents | |
|---|---|---|---|
| 3/16/15 | Raeon Roulston | Drafting Documents Reply Memorandum in Support of plaintiff's Motion for Leave to File Second Amended Class Action Complaint | 6 |
| 5/1/15 | Raeon Roulston | Receive & Review Order Denying Motion for Leave to File Second Amended Complaint | 0.2 |
| 2/18/15 | Fred Schwinn | Drafting Documents: Second Amended Complaint | 6 |
| 2/23/15 | Fred Schwinn | Drafting Documents: Declaration of Fred W. Schwinn in Support of Motion for Leave to File Second Amended Class Action Complaint | 3 |
| 3/3/15 | Fred Schwinn | Receive & Review Order Denying Administrative Motion to Shorten Time | 0.1 |
| 1/29/15 | O. Randolph Bragg | Research Adding Affiliates of current Defendants as Additional Defendants and Respond to Co-counsel | 0.5 |
| 2/24/15 | O. Randolph Bragg | Review Motion to File Second Amended Complaint, Memorandum and Supporting Documents | 0.6 |
| 3/3/15 | O. Randolph Bragg | Review Order Denying Motion to Shorten Briefing | 0.1 |
| 3/10/15 | O. Randolph Bragg | Review Defendants' Opposition and Supporting Documents to Motion to File Second Amended Complaint | 0.4 |
| 5/4/15 | O. Randolph Bragg | Review Order Denying Plaintiff's Motion to File Second Amended Complaint | 0.3 |

Therefore, the Court reduces the following hours by half: 16.2 hours for Roulston, 9.1 hours for Schwinn, and 1.9 hours for Bragg. Therefore, in the lodestar calculation, the Court decreases Roulston's hours by 8.1 hours, Schwinn's hours by 4.55 hours, and Bragg's hours by 0.95 hours.

Fourth, the Court discusses Plaintiff's partially unsuccessful discovery dispute letters that concerned the net worth of Persolve, Stride Card, and their related entities. ECF Nos. 94, 95. On February 11, 2015, Plaintiff submitted two joint discovery letters to Magistrate Judge Howard Lloyd. ECF Nos. 85, 86. The first letter sought to resolve disputes concerning discovery on Persolve's net worth and the second sought to resolve disputes concerning discovery on Stride Card's net worth. ECF Nos. 85, 86. Although the Court denied the second discovery letter in full and the first discovery letter in part, the Court finds that the time spent on the letters was "reasonably spent in pursuit of the litigation." *Jadwin*, 767 F. Supp. 2d at 1109–10. The purpose of the discovery letters was to obtain information that would (1) confirm or deny the un-audited

29

United States District Court
Northern District of California

1   financial information already acquired with respect to Persolve and Stride Card, and (2) provide

2   additional information on entities related to Persolve and Stride Card that might be added to the

3   suit through a second amended complaint.  *See* ECF No. 85 ("The first problem is that Persolve

4   claims that it does not have audited financial statements.  Thus, [Plaintiff] must in effect conduct a

5   review of the documents that Persolve provides, comparing Persolve's documents to the

6   documents obtained by third-party subpoena."); ECF No. 86 ("Stride Card cannot claim low net

7   worth based on payments for no consideration to related entities.  As such, the validity and

8   amounts of these significant outflows must be substantiated.").  For both of these purposes,

9   Plaintiff sought to obtain additional data to prove that Persolve and Stride Card had higher net

10  worth than they claimed, which, if successful, would have led to a higher award for the class.

11  Thus, the Court does not exclude any of the hours related to the discovery dispute letters.

12      Fifth, the Court addresses Plaintiff's unsuccessful motion to continue the initial settlement

13  conference before Magistrate Judge Nathanael Cousins.  This motion, brought on September 16,

14  2014, sought to avoid a waste of attorney time through settlement talks when Plaintiff had not yet

15  received what it considered to be the necessary discovery on Defendants' net worth.  ECF No. 63.

16  Although unsuccessful, the motion was brought in order to more efficiently bring about the

17  resolution of the case.  Therefore, the Court finds that the motion was reasonably brought "in

18  pursuit of the litigation."  *Jadwin*, 767 F. Supp. 2d at 1109–10.

19      Finally, the Court considers the unsuccessful portions of Plaintiff's motions to strike

20  Defendants' affirmative defenses.  Opp'n at 5–6.  On May 5, 2014, Plaintiff brought a motion to

21  strike the 12 affirmative defenses in Persolve's Answer.  ECF No. 29.  On June 5, 2014, Plaintiff

22  brought a similar motion to strike the 4 affirmative defenses in Stride Card's Answer.  ECF No.

23  40.  On August 19, 2014, the Court struck all but one of Persolve's 12 affirmative defenses:

24  Defendants admitted that 8 of the 12 affirmative defenses were improper, the Court held that

25  "failure to state a cause of action" was not an affirmative defense, and two of the remaining

26  defenses—bona fide error and good faith—were struck because Persolve had failed to allege

27                                                  30

28  Case No. 14-CV-00735-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
    AND COSTS

sufficient facts to plausibly raise such a defense.  ECF No. 55 at 11–15.  Persolve's only

remaining affirmative defense was "offset."  *Id.* at 15–16.  Of Stride Card's four affirmative

defenses, the Court struck "failure to state a cause of action," but did not strike Stride Card's bona

fide error, good faith, and offset defenses.  *Id.*  Therefore, Plaintiff's motions to strike were partly,

but not entirely, successful.  Regardless, these motions to strike sought to eliminate defenses to the

FDCPA and RFDCPA claims on which Plaintiff was eventually successful.  The Court finds that

it was reasonable to bring these motions.

Defendant argues that these motions to strike were unnecessary because Defendants

stipulated to amend the Persolve answer to match the Stride Card answer, which contained only 4

affirmative defenses.  Opp'n at 15.  However, Plaintiff also sought, on June 5, 2016, to strike the

four affirmative defenses in Stride Card's answer and was partially successful.  ECF No. 55.

Plaintiff's refusal to stipulate to an amended answer that was at least partly deficient did not render

the motions to strike unreasonable.  Thus, the Court does not exclude attorney's fees related to

these motions to strike.

### 3. Fees on the Instant Motion for Attorney's Fees and Other Fees for Which the Class Did Not Have an Opportunity to Object

Pursuant to Federal Rule of Civil Procedure 23(h), "[n]otice of the motion [for attorney's

fees and costs] must be . . . directed to class members in a reasonable manner," such that a class

member "may object to the motion."  In the instant case, the class received the following notice

with respect to attorney's fees and costs: "Class Counsel will seek Court approval, through a

noticed motion to be heard at the Final Settlement Approval Hearing, for an award of reasonable

attorneys' fees, costs and expenses incurred through April 14, 2016, in an amount not to exceed

$185,000.00."  ECF No. 150-1.  Accordingly, attorney's fees and costs incurred after April 14,

2016 cannot be awarded to Plaintiff, as Plaintiff has provided no evidence that she has "directed to

class members in a reasonable manner" notice that fees or costs incurred after April 14, 2016

would be sought.  Thus, the Court excludes Bragg's time entry on 6/8/2016 of 0.3 hours for

"review [of the Fourth] Preliminary Approval Order and Exhibits."  ECF No. 152-1 at 27.

United States District Court
Northern District of California

United States District Court
Northern District of California

1     Moreover, fees related to the instant Motion for Attorney's Fees and Costs cannot be

2     awarded.  Plaintiff's Motion for Attorney's Fees and Costs states that "[i]f the Court requests,

3     Plaintiff will file a supplemental motion after final approval in this matter is entered, detailing the

4     additional costs and time incurred on fee related work."  Mot. at 10.  As in the multiple denied

5     motions for preliminary approval, discussed above, Plaintiff asks the Court to violate Federal Rule

6     of Civil Procedure 23(h) by allowing a motion on attorney's fees *after* the date for objection by the

7     class.  Such a procedure would "border[] on a denial of due process because it deprives objecting

8     class members of a full and fair opportunity to contest class counsel's fee motion."  *In re Mercury*

9     *Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010).  Additionally, any of these fees

10    would be incurred after April 14, 2016, the cutoff date for attorney's fees in the notice Plaintiff

11    sent to the class.  Finally, Plaintiff's Motion does not actually seek fees for the filing of her

12    Motion, but for permission to file a second motion for attorney's fees after final approval of the

13    class action settlement, which the Ninth Circuit has held borders on a denial of due process.  Even

14    if Plaintiff were requesting these fees in the instant Motion, the Motion does not include any

15    declaration or billing records that would justify such an award.

16    Plaintiff's reply brief in the instant Motion also seeks an award for the hours spent

17    preparing the reply brief.  ECF No. 154-1 (declaration stating that Roulston spent seven hours

18    reviewing Defendants' opposition and drafting the reply brief).  These hours are not compensable

19    because (1) awarding fees for these hours would be inconsistent with Ninth Circuit law, and (2)

20    the fees were incurred after the April 14, 2016 cutoff in the notice to the class.

21    Additionally, as noted above, Plaintiff's Motion itself only requests leave to file a second

22    motion.  Thus, this request for an award of fees related to the reply brief was raised for the first

23    time in the reply brief itself, and thus need not be considered.  *See United States v. Anderson*, 472

24    F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are

25    generally deemed waived."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district

26    court need not consider arguments raised for the first time in a reply brief.").

27

28    Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

Thus, the Court finds the final lodestar to be the following:

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Fred Schwinn | Attorney | 149.55 | $500 | $74,775 |
| Raeon Roulston | Attorney | 100.8 | $400 | $40,320 |
| O. Randolph Bragg | Attorney | 55.95 | $600 | $33,570 |
| Jonathan Tran | Law Clerk | 18.5 | $180 | $3,330 |
| Total | | | | $151,995 |

### C.   Adjustment of Lodestar

Defendants argue that an analysis of the factors in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), justifies a downward adjustment to the lodestar.  Opp'n at 6–7 (the twelve factors are "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of the other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.").

However, the Ninth Circuit has held that "[t]he lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation."  *Intel Corp.*, 6 F.3d at 622; *Ketchum*, 24 Cal. 4th at 1138 ("[F]or the most part, the difficulty of a legal question and the quality of representation are already encompassed in the lodestar.").  Thus, there is a strong presumption that the lodestar amount represents a reasonable fee and any adjustment of that figure is proper only in "rare and exceptional cases."  *Van Gerwen*, 214 F.3d at 1045.  Defendants have not shown why the case here is "rare and exceptional."

Additionally, with respect to the eighth *Kerr* factor, Defendants argue that, even if all the unsuccessful motions are not excluded from the lodestar, the Court should decrease the amount of

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS

United States District Court
Northern District of California

attorney's fees awarded because Plaintiffs only recovered a small amount of money for their claims—$5,000 for the class plus $3,000 for named Plaintiff.  Opp'n at 18; *see also Thorne*, 802 F.2d at 1131 (noting that in the second *Thorne* step "the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.").  However, this Court has held that, "district courts have been reluctant to reduce damages on the basis of a low monetary recovery in FDCPA cases, recognizing that statutory damages are capped." *Long v. Nationwide Legal File & Serve, Inc.*, 2014 WL 3809401, at *11 (N.D. Cal. July 23, 2014) (citing *Kottle v. Unifund CCR, LLC*, 2014 WL 243140, at *2 (C.D. Cal. Jan. 13, 2014) (awarding $10,782 in attorney's fees based on $2001.00 recovery and recognizing that because "there rarely will be extensive damages, a rule of proportionality would discourage vigorous enforcement of the FDCPA.")).  Therefore, the Court does not further reduce attorney's fees here based on Plaintiff's allegedly "limited success."

### D.     Costs

Plaintiff also seeks to be awarded the costs incurred in the course of the litigation.  Mot. at 9.  Like with attorney's fees, the FDCPA and the RFDCPA require that a prevailing plaintiff be awarded reasonable costs.  15 U.S.C. § 1692k(a)(3) (requiring an award of "the costs of the action"); Cal. Civ. Code § 1788.30 (same).  Plaintiff seeks $2,519.22 in costs, which are outlined and itemized in declarations submitted by Schwinn and Bragg.  ECF Nos. 151-1 ("Schwinn Decl.") ¶ 15; 151-2 (itemized list of costs incurred by the Consumer Law Center (Schwinn, Roulston, and Tran) totaling $2,501.22); 152-1 Ex. B ($18 fee for obtaining certificate of good standing for pro hac vice motion).  Defendants do not challenge these costs or argue that they are unreasonable.  Thus, the Court finds the amount of costs to be reasonable and awards $2,519.22 in costs to Plaintiff's attorneys.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorney's Fees and Costs.  The Court awards $151,995 in attorney's fees

34

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

1    and $2,519.22 in costs.

2    **IT IS SO ORDERED.**

3

4    Dated: December 14, 2016

5                            _Lucy H. Koh_

6                           LUCY H. KOH
                             United States District Judge

Case No. 14-CV-00735-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
AND COSTS