UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LEE JACOBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PERSOLVE, LLC, et al.,<br><br>    Defendants. | Case No. 14-CV-00735-LHK<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 156 |

WHEREAS Plaintiff Sandra Lee Jacobson ("Plaintiff"), on behalf of herself and the members of the certified damages class (individually referred to as "Class Members"; collectively referred to as the "Class"), and Defendants Persolve, LLC and Stride Card, LLC ("Defendants") have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the instant suit upon the terms set forth in the Fourth Amended Settlement Agreement ("Agreement"), ECF No. 148-3;

WHEREAS, this Court has reviewed and considered the Agreement entered into among the parties, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel;

WHEREAS, plaintiffs have applied for an order entering final judgment and granting final

approval of class action settlement, ECF No. 156;

IT IS ORDERED as follows:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the instant suit, and this Court has personal jurisdiction over Plaintiff, Defendants, and all of the Class Members.

2. SETTLEMENT AGREEMENT APPROVAL: The Court finds that the Agreement, ECF No. 148-3, is the product of arm's length negotiations between the parties. Moreover, the Agreement was reached after extensive discovery and motions practice such that the parties are aware of the strengths and weaknesses of their respective cases. The Court notes that Defendants contend that Persolve has a negative net worth and that Stride Card has a net worth of less than $35,000. These contentions, if true, would limit Plaintiff's potential recovery at trial. The Court additionally notes that the parties dispute whether Stride Card is the type of entity that can be held liable for Plaintiff's statutory claims, an issue that would require the parties to incur additional costs through motions for summary judgment or through trial. Thus, multiple uncertainties remain in Plaintiff's case and, without settlement, there is a high potential for additional costly litigation. Under these circumstances, the Court finds the terms of the Agreement to be "fair, reasonable, and adequate." *Officers for Justice v. Civil Serv. Comm'n of the City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (setting forth factors for final approval). Accordingly, the Court finally approves the Agreement, and incorporates its terms herein.

3. THE CLASS: On June 4, 2015, the Court certified the following class pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> (i) all persons with addresses in California (ii) to whom PERSOLVE sent, or caused to be sent, a notice in the form of Exhibit "1" on behalf of STRIDE CARD (iii) in an attempt to collect an alleged debt originally owed to Wells Fargo Bank, N.A. (iv) which was incurred primarily for personal, family, or household purposes, (v) which were not returned as undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

Based on Defendants' records as of September 28, 2015, there are 469 persons in the Class.

2
Case No. 14-CV-00735-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

4. NOTICE TO CLASS: The Class Notice was distributed to Class Members in conformance with the approved Notice Plan. The Class Notice included notice of Class Counsel's motion for attorney's fees and costs in time for objections to the motion to be filed, in accordance with Rule 23(h)(2).

5. OBJECTIONS: Class Members were provided with a full and fair opportunity to object to the Agreement and Plaintiff's Motion for Attorney's Fees and Costs. No Class Members communicated an objection to the Agreement to Class Counsel, and no objecting Class Members appeared at the Final Approval hearing held on December 1, 2016.

6. EXCLUSIONS: Class Members were provided the opportunity to request exclusion from the Class. Two Class Members, Sandra Vanduyne and Wilson Invencion, have opted out of the Class and are not bound by the terms of the Agreement or this order.

7. CLASS COMPENSATION:

   a. Pursuant to the Agreement, the Court orders Defendants to pay $5,000 to the Class, distributed *pro rata* to each participating Class Member.

   b. Any funds which remain unclaimed 90 days after the *pro rata* settlement payments are disbursed to the Class shall be paid to the Pro Bono Project Silicon Valley as a *cy pres* fund for consumer education and representation.

8. CLASS REPRESENTATIVE: On June 4, 2015, the Court held that Plaintiff, Sandra Lee Jacobson, adequately represented the interests of the Class and appointed her as the Class Representative.

9. STATUTORY AWARD TO CLASS REPRESENTATIVE: The Court orders Defendants to pay $1,500 as a statutory award to the Class Representative as provided in the Agreement.

10. INCENTIVE AWARD TO CLASS REPRESENTATIVE: The request for an incentive award of $1,500 for the Class Representative is reasonable given the time she spent in conjunction with prosecuting this case and the presumptively reasonable incentive award in this district of $5,000. *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390 (N.D. Cal. Nov. 21,

1  2012) ("[I]n this district, a $5,000 incentive award is presumptively reasonable."). Accordingly, the Court orders Defendants to pay the Class Representative a $1,500 incentive award as provided in the Agreement.

11. **CLASS COUNSEL:** On June 4, 2015, the Court held that Fred W. Schwinn and Raeon Roulston of Consumer Law Center, Inc., and O. Randolph Bragg of Horwitz, Horwitz, & Associates, Ltd., were adequate to act as counsel for the Class and appointed them as Class Counsel.

12. **SETTLEMENT ADMINISTRATOR:** In the order granting preliminary approval, the Court approved ILYM Group Inc. ("ILYM"), to act as the Settlement Administrator and carry out the responsibilities assigned to it under the Agreement. The Court orders Defendants, pursuant to the Agreement, to pay ILYM $11,000 in fees and costs for its service as Settlement Administrator.

13. **RETAINED JURISDICTION:** Without affecting the finality of this Order or final judgment in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Agreement pursuant to further orders of the Court until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Agreement; (2) any other action necessary to conclude this settlement and to implement the Agreement; and (3) the enforcement, construction, and interpretation of the Agreement.

14. **NO ADMISSION OF LIABILITY:** As specified in the Agreement, Defendants dispute Plaintiff's claims and make no admission of liability.

**IT IS SO ORDERED.**

Dated: December 14, 2016

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No. 14-CV-00735-LHK
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT